IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (A.K.A CHRISTIAN NOEL IGLESIAS),  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>IAN CONNORS AND DIRECTOR OF THE  )<br>FEDERAL BUREAU OF PRISONS,  )<br>  )<br>  Defendants.  ) | Civil No. 19-cv-00415-JPG |

**MOTION OF DEFENDANT DR. KATHLEEN HAWK SAWYER
IN HER OFFICIAL CAPACITY TO DISMISS, AND
ALTERNATIVELY, TO ENTER SUMMARY JUDGMENT**

The defendant, Dr. Kathleen Hawk Sawyer, in her official capacity as the Director of the Federal Bureau of Prisons, by her attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Laura J. Jones, Assistant United States Attorney, moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Count 5 of the complaint, and alternatively, to enter a summary judgment in her favor and against plaintiff pursuant to Rule 56 and states as follows:

**I.      INTRODUCTION**

Plaintiff is an inmate currently incarcerated at the United States Penitentiary in Marion, Illinois (USP-Marion). On July 28, 2005, plaintiff was sentenced in the U.S. District Court for the Southern District of Florida, case no. 04-20872-CR, to a term of 240 months for violation of 18 U.S.C. § 2332A(b) (threatened use of a weapon of mass destruction). Currently, her projected release date is April 26, 2023, via good time release. *See* Inmate Public Information (Exhibit A). Dr. Kathleen Hawk Sawyer was added as a defendant in her official capacity as the current Director of the Federal Bureau of Prisons (BOP). (Doc. 14, p. 9).

On July 25, 2019, the Court reorganized the allegations of the complaint and conducted its threshold review pursuant to 28 U.S.C. § 1915A. (Doc. 14). The Court allowed plaintiff to proceed on the following two counts (*id*. at 3):

- **Count 1:** Eighth Amendment claim for deliberate indifference to a serious medical condition against defendant Ian Connors; and

- **Count 5:** Rehabilitation Act claim for failure to accommodate a serious disability against the Director of the BOP in her official capacity.

This motion is filed on behalf of the Director in her official capacity with regard to the allegations in Count 5.

## II.     PLAINTIFF'S REHABILITATION ACT CLAIM (COUNT 5)

Plaintiff claims she has been deprived of a necessary accommodation for her disability in violation of the Rehabilitation Act, 29 U.S.C. § 794 *et seq*. She alleges that she is a transgender inmate, anatomically male but identifying as female. (Doc. 1. at 2, 7). She has been diagnosed with gender dysphoria and has been receiving hormone replacement therapy since 2015. (*Id*. at 7, 48). She is being held at USP-Marion, a male-only facility, and claims she is required to "liv[e] outwardly as a male." (*Id*. at 8-9).

## III.    SUMMARY OF ANALYSIS

In her complaint, plaintiff alleges she completed the BOP administrative remedy process and attaches part of her BOP administrative remedy requests and responses. (*See* Doc. 1, p. 27 Exs. 5-9, 12-13; *see also* Doc. 19, p. 2). Assuming, *arguendo*, that plaintiff completed the BOP administrative remedy process and that the Rehabilitation Act applies, plaintiff did not exhaust her required administrative remedies because she did not complete the Department of Justice ("DOJ") administrative process for Rehabilitation Act claims.

DOJ has specifically established an administrative process for the assertion and investigation of complaints regarding alleged violations of the Rehabilitation Act in correctional facilities, in addition to the BOP administrative remedy process. *See* 28 C.F.R. § 39.170. Plaintiff cannot prevail on her Rehabilitation Act claim because she failed to file a timely complaint with the DOJ and pursue the administrative remedies applicable to the Rehabilitation Act.

## IV.    BOP'S ADMINISTRATIVE REMEDY PROCESS

The BOP has an administrative remedy process. *See* 28 C.F.R. § 542.10 *et seq*. This administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of her imprisonment. 28 C.F.R. § 542.10. Initially, an inmate must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the inmate must submit a Request for Administrative Remedy to the warden. 28 C.F.R. § 542.14(a). Ordinarily, the written complaint must be filed within twenty calendar days following the date the incident occurred. *Id*. However, the BOP may allow an extension of time if the inmate demonstrates a valid reason for the delay, such as an extended period spent in transit, if the inmate was physically incapable of preparing the complaint, or if members of the prison staff caused delays. *Id.* at § 542.14(b).

If dissatisfied with the warden's response, the inmate may then file an appeal on the appropriate form (BP-10) to the Regional Director within 20 calendar days from the date of the warden's response unless an extension is granted. *Id*. § 542.15(a).  If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel within 30 days, although the time limit may be extended if the inmate demonstrates a valid reason for the delay. *Id.* If an inmate reasonably believes the issue is sensitive and the inmate's well-being would be in danger if the request was filed at the institution level, the inmate may file a sensitive request with the Regional

Director. 28 C.F.R. § 542.14(d)(1). The Regional Director must determine if the complaint qualifies as sensitive. *Id*. If the request is not sensitive, the inmate will be advised and may submit a request at the institution level for the warden to review. *Id*. The appeal to the General Counsel is the final administrative appeal provided by the BOP. *Id*. § 542.15(a).

## V.     REHABILITATION ACT ADMINISTRATIVE REMEDY PROCESS

Section 504(a) of the Rehabilitation Act provides that no disabled individual "shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency. . . ." 29 U.S.C. § 794(a). Section 504(a) further states that each federal agency "shall promulgate such regulations as may be necessary to carry out the amendments to this section." *Id*.

The DOJ has specifically established an administrative process for the assertion and investigation of complaints regarding alleged violations of the Rehabilitation Act in correctional facilities that are in addition to the BOP administrative remedy process. *See* 28 C.F.R. § 39.170. The DOJ, which includes the BOP, promulgated extensive compliance procedures for any allegations of disability or accessibility discrimination under Section 504, which include complaint investigation, conciliation, and appeal, with a hearing before an administrative law judge. 28 C.F.R. § 39.170. The complaints are processed by the Director of the Equal Employment Opportunity Office at the DOJ. 28 C.F.R. § 39.170(d)(4).

Before filing a complaint with the DOJ pursuant to § 39.170, a federal inmate must first exhaust the BOP administrative remedy process as set forth in 28 C.F.R. § 542.10 *et seq*. *See* 28 C.F.R. § 39.170(d)(1)(ii).

As explained in BOP policy:

> Inmates may use the procedures of the Program Statement Administrative Remedy Program concerning any issues relating to this policy. After receiving a response to a BP-11, inmates alleging violations of the Rehabilitation Act must also use additional procedures required by the Department of Justice (DOJ) in order to exhaust available administrative remedies on these issues. The DOJ procedures are found at 28 C.F.R. § 39.170.

Program Statement 5200.05, Management of Inmates with Disabilities (Oct. 27, 2017), at p. 10;[1] 28 C.F.R. § 39.170(d)(1)(ii) ("Before filing a complaint under this section, an inmate of a Federal penal institution must exhaust the Bureau of Prisons Administrative Remedy Procedure as set forth in 28 CFR part 542.").

"Complaints shall be filed within 180 days of the alleged act of discrimination, except that complaints by inmates of Federal penal institutions shall be filed within 180 days of the final administrative decision of the Bureau of Prisons under 28 CFR part 542." 28 C.F.R. § 39.170(d)(3). "Within 180 days of the receipt of a complete complaint, the Responsible Official shall complete the investigation of the complaint, attempt informal resolution, and, if no informal resolution is achieved, issue a letter of findings." 28 C.F.R. § 39.170(g)(1). If a finding identifies a violation, the DOJ must set forth the remedial action required, a description of each violation, a notice of the right to appeal, and a notice of the right to request a hearing. 28 C.F.R. § 39.170(h). Notice of appeal to the Complaint Adjudication Officer, with or without a request for hearing, shall be filed with the Responsible Official within 30 days. 28 C.F.R. § 39.170(i)(1).

Upon a timely request for a hearing, the Responsible Official shall appoint an administrative law judge to conduct the hearing, who shall issue a notice to all parties specifying the date, time, and place of the scheduled hearing. 28 C.F.R. § 39.170(k)(1). The hearing, decision,

---

[1] Available at https://www.bop.gov/policy/progstat/5200_005.pdf

and any administrative review thereof shall be conducted in conformity with 5 U.S.C. § 554-557 (§§ 5-8 of the Administrative Procedure Act). 28 C.F.R. § 39.170(k)(3). The administrative law judge has the authority to take all actions necessary to adjudicate the hearing, including taking any action permitted under the Administrative Procedure Act, holding settlement conferences, or requiring the respondent to pay certain fees related to the hearing. 28 C.F.R. § 39.170(k)(3)-(7).

## VI.  EXHAUSTION OF DOJ'S PROCEDURES IS REQUIRED

The Supreme Court "has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 104, 144-45 (1992), *superseded by statute as recognized by, Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006). In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Court ruled that "failure to exhaust is an affirmative defense under the PLRA [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."

In passing the PLRA, Congress enacted a variety of reforms designed to filter out non-meritorious claims. "Key among these was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit." *Jones*, 549 U.S. at 204. The PLRA's exhaustion provision states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Moreover, exhaustion "is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford*, 548 U.S. at 85. "[P]risoners must exhaust [available] grievance procedures before filing suit in federal court even [where] the . . . remedy sought is not an available remedy in the administrative process." *See Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Ross v. Blake*, 136 S. Ct. 1850, 1856-57, 1862 (2016).

The policy justifications underlying the exhaustion doctrine apply with particular force here. *See, e.g. McCarthy*, 503 U.S. at 145; *Elgin v. Dep't of the Treasury*, 567 U.S. 1, 22-23 (2012). Requiring administrative proceedings to take their course before judicial review "recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of Government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer." *McCarthy*, 503 U.S. at 145. The administrative process mandated by the PLRA allows BOP to "apply its special expertise" to make case-by-case determinations about inmate complaints and, in so doing, to adequately assess the myriad factual intricacies upon which those allegations turn. *Id*. Decisions related to inmate designation require an especially delicate balance of safety and management concerns, which is the quintessential "exercise of the [BOP's] discretionary power." *Id*.

Exhaustion of a federal agency's administrative process is required prior to filing a civil action. *McGuinness v. U.S. Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir. 1984) (dismissing Rehabilitation Act claim for failure to exhaust administrative remedies); 28 C.F.R. § 39.170(d)(1)(ii). Exhaustion of both the BOP and DOJ processes is required here. *See Cardenas-Uriarte v. United States*, No. 14-cv-747-JPG-PMF, 2015 WL 5161316, at *4 (S.D. Ill. Sept. 1, 2015) (adopting Rep. & Rec.) ([p]laintiff's failure to exhaust the DOJ disability discrimination complaint process . . . demonstrate[s] that [the] Rehabilitation Act claim must be dismissed); *see also Cooke v. U.S. Bureau of Prisons*, 926 F. Supp. 2d 720, 734 (E.D.N.C. 2013) (dismissing plaintiff's Rehabilitation Act claim for failure to exhaust the DOJ's administrative process); *Crowder v. True*, No. 91 C 7427, 1993 WL 532455, at *5-6 (N.D. Ill. Dec. 21, 1993) (plaintiff must exhaust administrative remedies for Rehabilitation Act claim), *reconsideration granted in part on other grounds*, 845 F. Supp. 1250 (1994), *aff'd on appeal on other grounds*, 74 F.3d 812

(7th Cir. 1996); *Gambino v. Hershberger*, No. TDC-17-1701, 2019 WL 1300856, at * 10 (D. Md. Mar. 20, 2019) (all circuits ruling on the issue have held that the exhaustion requirement of the PLRA applies to claims brought under the Rehabilitation Act); *see also Elliot v. Wilson*, No. 15 CV 1908, 2017 WL 1185213, at *14 (D. Minn. Jan. 17, 2017) (collecting cases). In summary, a plaintiff who fails to exhaust her DOJ administrative remedies must suffer the consequences of dismissal if she wants to pursue her claims under the Rehabilitation Act.

## VII.    STANDARDS FOR MOTION TO DISMISS AND SUMMARY JUDGMENT

In considering a motion to dismiss under Rule 12(b)(6), a Court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). A complaint should not be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (citations omitted). A plaintiff basically needs only to plead claims for relief. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). "[F]actual details and legal arguments come later." *Id.* In considering a motion to dismiss for failure to state a claim, a district court may consider any facts provided in the complaint including exhibits attached to the complaint. Fed. R. Civ. P. 10(c); *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Where a motion relies on information outside the complaint, Rule 12(d) requires courts to treat the motion as one for summary judgment pursuant to Rule 56.  Under Rule 56, the Court should grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the motion, the Court views the facts in the light

most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## VIII. PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES UNDER THE REHABILITATION ACT

Plaintiff attached a number of administrative remedy requests to her complaint, but did not include any documentation regarding the DOJ Rehabilitation Act administrative remedy process. Although plaintiff indicates in her complaint that she has exhausted her administrative remedies, plaintiff's complaint and exhibits fail to indicate that she has exhausted her claims under the Rehabilitation Act, and the Court should dismiss her complaint on that basis pursuant to Rule 12(b)(6). *See* Doc. 1, p. 27 and Ex. 5-9, 12-13; *see also* Doc. 19, p. 2 ("Plaintiff has exhausted 2 different times her Administrative Remedies, which go on with no change.")

The declaration of Carolyn Vines Sapla, Acting EEO Officer/Supervisory Attorney for the Program Review Division of the BOP, is attached as Exhibit B. Ms. Sapla confirms that plaintiff has not started the DOJ administrative process and has thus failed to exhaust the DOJ administrative process. Therefore, assuming the Rehabilitation Act encompasses gender dysphoria claims, plaintiff failed to file a timely administrative complaint with the DOJ. *See Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993) (the Court may look beyond the jurisdictional allegations of the complaint when evaluating whether a complaint is properly before it). Her failure to do so is fatal to her claim. *See Cardenas-Uriarte v. United States*, No. 14 CV 747, 2015 WL 5161316, at *4 (S.D. Ill. Sept. 1, 2015) (granting defendants summary judgment on plaintiff prisoner's Rehabilitation Act claim because the plaintiff failed to exhaust the DOJ's administrative process). Because plaintiff failed to exhaust her administrative remedies as reflected in the declaration of Ms. Sapla, the Court should enter a summary judgment in favor of defendant and against plaintiff on Count 5, which alleges purported violations of the Rehabilitation Act.

## IX. <u>CONCLUSION</u>

For these reasons, defendant, Dr. Kathleen Hawk Sawyer, in her official capacity as the Director of the Federal Bureau of Prisons, requests that this Court dismiss Count 5 of the complaint without prejudice, and alternatively, enter a summary judgment in her favor and against plaintiff.

> DR. KATHLEEN HAWK SAWYER
> DIRECTOR OF THE FEDERAL BUREAU
> OF PRISONS
>
> STEVEN D. WEINHOEFT
> United States Attorney
>
> *s/ Laura J. Jones*
> LAURA J. JONES
> Assistant United States Attorney
> United States Attorney's Office
> Nine Executive Drive
> Fairview Heights, IL 62208-1344
> Phone:  (618) 628-3700
> Fax:     (618) 622-3810
> E-mail:  Laura.Jones@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (A.K.A CHRISTIAN NOEL IGLESIAS), )<br><br>Plaintiff,<br><br>vs.<br><br>IAN CONNORS AND DIRECTOR OF THE FEDERAL BUREAU OF PRISONS,<br><br>Defendants. | Civil No. 19-cv-00415-JPG |

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I hereby certify that I mailed by United States Postal Service, the document to the following non-registered participant:

ADDRESS:

Cristian Noel Iglesias
#17248-018
Marion – US Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Marion, IL 62959

                                              *s/ Laura J. Jones*
                                              LAURA J. JONES
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              Nine Executive Drive
                                              Fairview Heights, IL 62208-1344
                                              Phone:  (618) 628-3700
                                              Fax:     (618) 622-3810
                                              E-mail:  Laura.Jones@usdoj.gov