IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>        Plaintiff,<br><br>vs.<br><br>WARDEN TRUE,<br>IAN CONNORS,<br>DEBORAH SCHULT<br>ALIX McLEAREN,<br>DONALD TRUMP and<br>JOHN DOES #1-10,<br><br>        Defendants. | Case No. 19-cv-00415-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Cristina Iglesias, an inmate with the Federal Bureau of Prisons ("BOP") who is currently housed at the Lexington Federal Medical Center ("Lexington"), has filed an "Emergency Temporary Restraining Order Motion" asking to be transferred back to her parent institution at USP-Marion. The Motion is **DENIED.**

Plaintiff's surviving claims after screening under 28 U.S.C. § 1915A were that Defendant Ian Connors was deliberately indifferent to Plaintiff's medical needs in failing to adequately address her gender dysphoria issues, and similar claim under the Americans with Disabilities Act against the Director of the Federal Bureau of Prisons. (Doc. 14). Plaintiff was subsequently transferred from USP-Marion to Lexington.

Plaintiff's Motion contains several generalized allegations that the staff at Lexington "placed her in harms way" and "has total disregard for her programming or privacy," and that she has "been put into PREA [Prison Rape Elimination Act] situations[.]" (Doc. 38, pp. 3, 4).

1

Injunctions are extraordinary equitable remedies that are to be granted in civil cases only when specific criteria are clearly met by the movant. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The plaintiff must show four elements for an injunction: (1) plaintiff is likely to succeed on the merits; (2) without an injunction irreparable harm against the plaintiff is likely; (3) the harm likely to be suffered by the plaintiff would be greater than the harm the injunction would inflict on defendants; and (4) the injunction is in the public interest. *Id.* According to the Prison Litigation Reform Act (PLRA) injunctions in the prison context must be "narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C.A. § 3626.

Preliminary injunctive relief sought in a case must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. Here, Plaintiff essentially alleges deliberate indifference to her care and safety by unidentified staff members at Lexington, none of whom are defendants in this case. These claims are separate from those underlying the present case and therefore must be pursued in a separate suit.

Further, Plaintiff has failed to adequately plead what irreparable harm she would suffer in the absence of a preliminary injunction or TRO. The bare allegations that she has been placed "in harms' way" and has been "put into PREA situations" are not sufficient to support the drastic remedy she is requesting. Additional factual allegations detailing what threatened or actual harms she is facing would be required were she to file a similar motion in a new suit.

3

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Temporary Restraining Order Motion (Doc. 38) is **DENIED.**

**IT IS SO ORDERED**.

**DATED: 1/7/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**