IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTIAN NOEL IGLESIAS, *also known as* CRISTINA NICHOLE IGLESIAS, #17248-018, <br><br> Plaintiff, <br><br> vs. <br><br> IAN CONNORS and DIRECTOR OF FEDERAL BUREAU OF PRISONS, <br><br> Defendants. | Case No. 19-cv-00415-JPG |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the following pending motions: (1) Plaintiff's Motions for Preliminary Injunction (Docs. 19 and 34); (2) Defendant BOP Director's Motion for Extension of Time to File a Response (Doc. 21); (3) Defendant BOP Director's Motion to Dismiss or, Alternatively, Enter Summary Judgment (Doc. 22); (4) Defendant Connors' Motion to Dismiss (Doc. 27); (5) Plaintiff's Motion for Judicial Notice (Doc. 28); (6) Plaintiff's Motion to Appoint Counsel (Doc. 32); and (7) Plaintiff's Motion to Amend Complaint and Preliminary Injunction (Doc. 34).

## Background

Plaintiff Cristian Noel Iglesias[1] is a transgender inmate in the custody of the Federal Bureau of Prisons ("BOP") who is currently housed at the Lexington Federal Medical Center ("Lexington-

---

[1] Plaintiff's legal name is Cristian Noel Iglesias. However, Plaintiff describes herself as transgender and/or transsexual in the Complaint. Although born anatomically male, Plaintiff identifies as female and prefers to be called Cristina Nichole Iglesias. (Doc. 1, p. 7; Doc. 19, p. 2). Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff in this Order.

1

FMC") located in Lexington, Kentucky.  She filed this action to address deprivations of her constitutional rights resulting from her placement and treatment for gender dysphoria in the United States Penitentiary located in Marion, Illinois ("USP-Marion").  The Court screened the Complaint on July 25, 2019, and allowed Plaintiff to proceed with the following two claims:

> **Count 1:** Eighth Amendment claim brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against Ian Connors (BOP National Inmate Appeals Administrator) for deliberate indifference to Plaintiff's serious medical condition (*i.e.*, gender dysphoria); and
>
> **Count 5:** Rehabilitation Act[2] claim against the BOP Director (official capacity only) for failure to accommodate Plaintiff's serious disability (*i.e.*, gender dysphoria).

(Doc. 14, pp. 7-10).  Count 2 was dismissed with prejudice as being foreclosed by *Ziglar v. Abbasi*, – U.S. –, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017).  Counts 3, 4, and 5 were dismissed without prejudice for failure to state a claim for relief.  (*Id.*).

### Plaintiff's Motions for Preliminary Injunction

Before either Defendant responded to the Complaint, Plaintiff filed a Motion for Preliminary Injunction (Doc. 19) seeking access to medical care for gender dysphoria that includes sex reassignment surgery ("SRS").  She amended the motion to also request a transfer to an all-female facility and was subsequently sent to Lexington-FMC.  (Doc. 34).

Plaintiff's request for medical care focuses on a vaginoplasty, which she claims is medically necessary for proper treatment of her gender dysphoria.  (Doc. 19).  The benefits of this procedure are allegedly two-fold.  First, it removes the primary source of testosterone production from her body, and, second, it establishes congruence between her gender identity and anatomy.  According to Plaintiff, the delay in or denial of gender-affirming surgery, *i.e.*, SRS, amounts to

---

[2] Although the Court referred to this claim as one brought pursuant to the Americans with Disabilities Act in Document 39, it was allowed to proceed under the Rehabilitation Act.  (Doc. 14, pp. 7-9).

torture and leaves auto-castration and self-harm ("Plan B") as her only alternatives.[3] (*Id*. at pp. 1-33). Defendant BOP Director filed a Response (Doc. 29) to Plaintiff's Motion for Preliminary Injunction, but Defendant Connors did not.

To obtain a preliminary injunction, a plaintiff must show that (1) her underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) she will suffer irreparable harm without the preliminary injunction. *See Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014) (citing *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007)). If those three factors are shown, the Court must undertake an equitable balancing of harm to the parties and the public interest if the injunction is granted or denied. *Merritte*, 561 F. App'x at 547 (citing *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999)). The greater the likelihood of success on the merits, the less significant the likelihood the harm must be to the plaintiff. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Plaintiff has not satisfied any of these requirements.

With regard to the first requirement, the Court cannot find that Plaintiff has any likelihood of success on the merits. The current parameters of her claims are unclear. Defendants both filed motions seeking dismissal of the only two claims that survived screening, *i.e.* Counts 1 and 5, and Plaintiff responded by seeking voluntary dismissal of Count 5 and requesting leave to amend the Complaint. Given these developments, the Court cannot clearly define the scope of Plaintiff's claims or evaluate the likelihood of success on the merits.

---

[3] After filing her Motion for Preliminary Injunction, Plaintiff filed a "Response" in which she threatened self-harm, stated that she actually "cut herself," and warned that she still has "Plan B (auto-cast[]ration) . . . as an option." (*See* Doc. 24, p. 2). Three days later, Plaintiff filed a Motion for Judicial Notice indicating that she has *not* attempted "Plan B" and "has not engaged in any self[-]harm since 2009"[3] when she apparently attempted "auto-castration." (Doc. 28, p. 1). The Court takes Plaintiff's threats of self-harm very seriously. Plaintiff is **WARNED** to refrain from presenting false claims of any kind—particularly related to self-harm—to the Court, or she may face sanctions that include dismissal of this suit.

3

With regard to the second requirement, Plaintiff admits that she already has alternative, effective remedies in the form of ready access to medical care and mental health treatment. (Doc. 19). Plaintiff points out that she has been provided with numerous forms of treatment for her gender dysphoria since 2015. (*Id*. at pp. 9-10). This treatment includes weekly psychotherapy sessions. Plaintiff has also received continuous hormone therapy with frequent adjustments. Plaintiff explains that she has already experienced significant breast growth. (*Id*. at p. 10). In addition, she has received permission to live as a woman, and this includes permission to access/acquire and wear female undergarments (*e.g.*, bras and panties), long hair, and make-up (*e.g.*, eye shadow, lip gloss, blush, foundation). (*Id*.).

Plaintiff will not suffer irreparable harm, if her request for a preliminary injunction is denied at this time. By her own admission, Plaintiff is already receiving comprehensive, current, and continuous medical care and mental health treatment for her gender dysphoria. (Doc. 19). Plaintiff makes no claim that treatment has been withheld, interrupted, or stopped. Her motion instead focuses on the one form of treatment she has not yet received—sex reassignment surgery. The Eighth Amendment requires constitutionally adequate care and does not mandate particular types of treatment. *See, e.g., Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006) (prisoner's disagreement with treatment insufficient to show Eighth Amendment violation); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) (prisoner's mere disagreement with course of treatment does not constitute deliberate indifference). At this stage, Plaintiff has identified no deficiency in her treatment that will cause her to suffer irreparable harm or that warrants a preliminary injunction.

Plaintiff's Motions for Preliminary Injunction (Docs. 19 and 34) shall therefore be **DENIED without prejudice**. Defendant BOP Directors' Motion for Extension of Time to Respond (Doc. 21) shall be **DISMISSED** as **MOOT**. Plaintiff's related Motion for Judicial Notice

(Doc. 28) shall be **GRANTED in part**, but only to the extent Plaintiff seeks the Court's acknowledgement that she did not actually engage in any form of self-harm after making statements to the contrary, and otherwise **DENIED in part**.  (*See* Doc. 24, p. 2).  **Plaintiff is WARNED to refrain from making false claims to the Court in any form, or she will face sanctions that include dismissal of this case.**

### Defendants' Motions to Dismiss

Defendants each filed a Motion to Dismiss.  (*See* Docs. 22 and 27).  Defendant Connors seeks dismissal of the *Bivens* claim in Count 1 against him.  (Doc. 27).  Defendant BOP Director Kathleen Hawk Sawyer seeks dismissal of the official capacity claim in Count 5 against her or, alternatively, summary judgment in her favor.  (Doc. 22).  These are the only two claims that survived screening.

With regard to Count 1, Defendant Connors argues that the allegations in the Complaint fail to establish jurisdiction over him personally, justify recognition of a novel *Bivens* claim, or overcome his presumptive entitlement to qualified immunity.  (Doc. 27, pp. 1-30).  Plaintiff responded by stating that she exhausted her administrative remedies for Count 1 against this defendant and wishes to proceed with this claim.  (Doc. 25).  She nevertheless seeks leave to amend her Complaint to re-plead her claim(s) against this individual and reinstate claims against several other defendants.  (Doc. 34).

Defendant Connors' Motion to Dismiss (Doc. 27) shall be **DISMISSED** without prejudice and with leave to re-file it, if Defendant wishes to do so later in the case.   Plaintiff's Motion for Leave to Amend (Doc. 34) shall be **DENIED without prejudice** because she offers no proposed amended complaint to replace the prior version.  *See* FED. R. CIV. P. 15; SDIL Local Rule 15.1.

However, she will have an opportunity to prepare and file a First Amended Complaint with the assistance of counsel, according to the deadline and instructions for doing so below.

With regard to Count 5, Defendant BOP Director points out that Plaintiff did not start, let alone complete, the process of exhausting her BOP administrative remedies or pursue remedies under the Rehabilitation Act before filing suit. (Doc. 22). Defendant BOP Director requests dismissal of Count 5 under Federal Rule of Civil Procedure 12(b)(6) or 56. (*See* Doc. 22, pp. 1-11; Doc. 22-1, pp. 1-3; Doc. 22-3, pp. 1-2). (*See also* Doc. 22-2, Exhibit B).

In response, Plaintiff admitted that she failed to exhaust her administrative remedies before pursuing her Rehabilitation Act claim in Count 5 against Defendant BOP Director. (Doc. 25, pp. 1-2, 4). Plaintiff was admittedly unaware she needed to complete this process before filing suit. (*Id.*). Plaintiff has moved to voluntarily dismiss Count 5 without prejudice. (Doc. 25, p. 4). Defendant BOP Director has no objection to this request. (Doc. 30, ¶ 3). Accordingly, Count 5 shall be dismissed without prejudice against Defendant BOP Director.

Plaintiff's related request to pursue relief against Defendant BOP Director in her individual capacity is denied. (Doc. 25). No such claim survived screening. (*See* Doc. 14). Plaintiff would need to file an amended complaint to bring an individual capacity claim *or* separately pursue her claim against this defendant in a new action—again, after first exhausting all available administrative remedies.

Defendant BOP Director's Motion to Dismiss or, Alternatively, Enter Summary Judgment (Doc. 22) shall be **DISMISSED without prejudice** and with leave to re-file it, if Defendant wishes to do so, later in this case. Based on Plaintiff's request for dismissal of Count 5 and Defendant's lack of objection to the request, **COUNT 5** shall be **DISMISSED without prejudice** against Defendant BOP Director. Plaintiff may reassert her claims against Defendant BOP Director in her

6

First Amended Complaint, if Plaintiff concludes that she properly exhausted her available remedies before filing this suit, or she may pursue this claim in a separate suit, if she concludes otherwise.

## Motion to Appoint Counsel

Plaintiff's Motion to Appoint Counsel (Doc. 32) is **GRANTED**. There is no constitutional or statutory right to counsel in federal civil cases. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013); *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). However, the district court has discretion to recruit counsel for an indigent litigant. 28 U.S.C. § 1915(e)(1). When considering a request for counsel, the district court must consider, first, whether the plaintiff has made reasonable attempts to secure counsel and, if so, "whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). Having considered each of these factors, the Court finds that they weigh in favor of recruiting counsel to represent Plaintiff at this time. Plaintiff's attempts to locate counsel on her own have been unsuccessful. (Doc. 32, pp. 1-12). The guiding hand of counsel is necessary to determine which claims and defendants to pursue in this complex case. Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff. Counsel shall be responsible for preparing and filing a First Amended Complaint on behalf of Plaintiff and representing her going forward *in this case only*.

## Disposition

**IT IS HEREBY ORDERED** that the following motions are disposed of, as follows, and any other requests not addressed herein are **DENIED without prejudice**:

- Plaintiff's Motions for Preliminary Injunction (Docs. 19 and 34) are **DENIED without prejudice**;

- Defendant BOP Director's Motion for Extension of Time to File Response (Doc. 21) is **DISMISSED** as **MOOT**;

- Defendant BOP Director's Motion to Dismiss or, Alternatively, Enter Summary Judgment (Doc. 22) is **DISMISSED without prejudice**;

- Defendant Ian Connors' Motion to Dismiss (Doc. 27) is **DISMISSED without prejudice**;

- Plaintiff's Motion for Judicial Notice (Doc. 28) is **GRANTED in part** and **DENIED in part**, as set forth above;

- Plaintiff's Motion to Appoint Counsel (Doc. 32) is **GRANTED**;

- Plaintiff's Motion to Amend Complaint and Preliminary Injunction is **DENIED without prejudice**.

**Plaintiff is WARNED to refrain from making false claims to the Court in any form, or she will face sanctions that include dismissal of this case.**

**IT IS HEREBY ORDERED** that **COUNT 5** is **DISMISSED** without prejudice against Defendant BOP Director. *See* FED. R. CIV. P. 41(a)(2). Plaintiff is **GRANTED** leave to file a First Amended Complaint according to the instructions set forth below on or before **April 6, 2020**. The First Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A.

<u>Assignment of Counsel</u>

**IT IS ORDERED** that, for the reasons stated, the Court deems it necessary to **ASSIGN** counsel to represent Plaintiff *in this case only*. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Angela M. Povolish** of **Feirich/Mager/Green/Ryan** located in Carbondale, Illinois, is **ASSIGNED** to represent Plaintiff Jenkins in this civil rights case. On or before **February 20, 2020**, assigned counsel shall enter his/her appearance in this case. Plaintiff's First Amended Complaint is due on or before **April 6, 2020**.

Attorney Povolish is free to share responsibilities with an associate who is also admitted to practice in this district court.  Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case.  Plaintiff should wait for her attorney to contact her in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 1 and 14, along with this Memorandum and Order, to attorney Povolish.  The electronic case file is available in CM-ECF.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that she be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and her counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.   Any motion for

reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived.  *See* SDIL-LR 83.13.  The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed.  Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.  Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com.  His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Plaintiff's contact information is:

**CRISTIAN NOEL IGLESIUS, #17248-018**
*also known as Cristina Nichole Iglesius*
**Lexington Federal Medical Center**
**P.O. Box 14500**
**Lexington, KY 40512**

**IT IS SO ORDERED**.

**DATED: 2/10/2020**

                                                          s/J. Phil Gilbert
                                                          **J. PHIL GILBERT**
                                                          **United States District Judge**