IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRISTIAN NOEL IGLESIUS,** ) <br> **#17248-018,** *also known as* ) <br> **CRISTINA NICHOLE IGLESIUS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **IAN CONNORS and** ) <br> **DIRECTOR OF THE FEDERAL** ) <br> **BUREAU OF PRISONS,** ) <br> ) <br> **Defendants.** ) | No. 19-cv-00415-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Now before the Court are two Motions to Quash Subpoena (Docs. 48 and 49) filed by Defendants, who recently learned about two subpoenas Plaintiff's counsel sent to the Federal Medical Center in Lexington, Kentucky (Doc. 48) and the Federal Medical Center in Ashland, Kentucky (Doc. 49). Both require production of voluminous documents at the office of Plaintiff's counsel on July 23, 2020. (Docs. 48-1, 48-2, 49-1, and 49-2). The documents include virtually all of Plaintiff's hospital, medical, mental health, and prison records from the initial date of her confinement through the present. (Docs. 48-2, p. 3 and 49-2, p. 3). Defendants seek an Order quashing the subpoenas, and both Motions (Docs. 48 and 49) shall be **GRANTED**.

Although it was filed on April 12, 2019, this case is still in its infancy. On February 10, 2020, Plaintiff was assigned counsel and granted leave to amend her complaint. (Doc. 40, p. 8). The Amended Complaint was originally due April 6, 2020, but this deadline was extended at Plaintiff's request to September 8, 2020. (Doc. 47). There is currently no operative complaint on file, and voluminous records are not generally required to prepare a complaint.

1

Moreover, Rule 45(a)(4) of the Federal Rules of Civil Procedure provides that "[i]f [a] subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." *Id*. Defendants certify that they did not receive a copy of either subpoena, the accompanying letter, or the notice required by Federal Rule of Civil Procedure 45(a)(4). (Docs. 48 and 49). Plaintiff did not respond to--or dispute the contents of--either motion. Review of the subpoenas and letters confirm that Defendants were not copied on them. (Docs. 48-1, 48-2, 49-1, and 49-2). Given all of this, the Court finds that both subpoenas violate Rule 45(a)(4). Accordingly, Defendants' Motions to Quash Subpoena (Docs. 48 and 49) are **GRANTED**.

    **IT IS SO ORDERED.**
    **DATED: 7/17/2020**

    s/J. Phil Gilbert
    **J. PHIL GILBERT**
    **United States District Judge**