IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (also known as CHRISTIAN NOEL IGLESIAS), ) ) ) ) | |
| Plaintiff, ) ) ) | |
| vs. ) ) ) | Case No. 19-cv-415-NJR |
| FEDERAL BUREAU OF PRISONS, MICHAEL CARVAJAL, CHRIS BINA, IAN CONNORS, L.J.W. HOLLINGSWORTH, J. DOE, ALIX MCLEAREN, THOMAS SCARANTINO, and DONALD LEWIS, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

Plaintiff Cristina Nichole Iglesias, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at Lexington Federal Medical Center, brings this action for deprivations of her constitutional rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiff originally filed her Complaint (Doc. 1) *pro se* and was allowed to proceed on an Eighth Amendment claim for deliberate indifference (Count 1) and Rehabilitation Act claim for failure to accommodate a serious disability (Count 5) (Doc. 14). The Court later appointed Plaintiff counsel with instructions to file a First Amended Complaint on behalf of Plaintiff (Doc. 40). On September 8, 2020, Plaintiff filed her First Amended Complaint (Doc. 52).

The First Amended Complaint alleges the following claims:

1

> Count 1: Eighth Amendment claim for failure to provide necessary medical treatment against BOP, Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis.
>
> Count 2: Fifth Amendment right to equal protection claim against BOP, Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis for denial of placement in a female facility.
>
> Count 3: Eighth Amendment failure to protect claim against BOP, Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis.

This case is now before the Court for preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

Having reviewed the allegations in the First Amendment Complaint, Plaintiff adequately sets forth claims against Defendants Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis in Counts 1, 2, and 3. As to the BOP, however, it is not a person and is also not a proper defendant under *Bivens*. *See Ziglar v. Abbasi*, ––– U.S. ––––, 137 S. Ct. 1843, 1860, 198 L.Ed.2d 290 (2017) (*Bivens* claim is brought against the individual official for his or her own acts and not the acts of others); *Sterling v. United States*, 85 F.3d 1225, 1228-29 (7th Cir. 1996) ("[T]he point of *Bivens* was to establish an action against the employee to avoid the sovereign immunity that would block an action against the United States.").

Accordingly, Counts 1, 2, and 3 shall proceed against Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis. BOP is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Carvajal, Bina, Connors, Hollingsworth, McLearen, Scarantino, and Lewis: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. The unknown John Doe will not be served until Plaintiff has properly identified him. After the Defendants have answered, the Court will enter a scheduling order setting forth the specific deadlines for identifying the John Doe.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether her application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  10/29/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**