IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS<br>(a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>     Plaintiff,<br><br>v.<br><br>IAN CONNORS, *et al.*,<br><br>     Defendant. | )<br>)<br>)<br>)  Case No. 19-cv-00415-RJN<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER
DISMISSING DEFENDANT BUREAU OF PRISONS**

Plaintiff Cristina Nichole Iglesias, through her attorneys, respectfully moves the Court to reconsider its October 29, 2020 Order dismissing Defendant Bureau of Prisons ("BOP") without prejudice, because it is based on a clear error of law. Rule 59(e) governs motions to reconsider filed within 28 days of a judgment. *See Carter v. City of Alton*, 922 F.3d 824, 825 n.1 (7th Cir. 2019). Rule 54(b) provides that nonfinal orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standard as motions to alter or amend a judgment under Rule 59(e)." *Green v. United States*, 2016 U.S. Dist. LEXIS 148278, at *4 (S.D. Ill. Oct. 26, 2016) (internal quotation marks omitted).[1]

The Court's Order construed Plaintiff's claim against BOP as a claim brought only under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which authorizes suits against individual federal employees for constitutional violations. However, Plaintiff does not assert a *Bivens* claim against BOP. Plaintiff's claim against BOP is a direct cause

---

[1] The Seventh Circuit has approved of district courts construing motions to reconsider pursuant to the standards set forth in Federal Rule of Civil Procedure 59(e) or 60(b). *See Boyd v. Baldwin*, 2020 U.S. Dist. LEXIS 74221, at *2 (S.D. Ill. Apr. 28, 2020). "Rule 60(b) permits a court to relieve a party from an order or judgment based on … mistake … or any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). We think reconsideration of clear legal error is warranted under either rule.

1

of action arising under the Constitution for violations of her Fifth and Eighth Amendment rights. That type of claim against BOP is permissible, as has been recognized by many courts. Plaintiff thus respectfully requests that the Court reconsider its October 29, 2020 Order and reinstate BOP as a defendant.

**FACTUAL BACKGROUND**

Plaintiff Cristina Nichole Iglesias is a transgender woman in BOP custody. BOP is the federal agency that is responsible for incarcerating adult prisoners sentenced by federal courts, operates the prisons where Ms. Iglesias has been housed, and is responsible for her medical treatment and decisions about her housing. First Amended Compl., Dkt. 52, ¶ 6. Ms. Iglesias's First Amended Complaint ("Amended Complaint") alleges that BOP is denying her medically necessary treatment for her gender dysphoria, including gender confirmation surgery, permanent hair removal, and social transition treatment. *Id.* at ¶¶ 27–61. She further alleges that by refusing her both the medical treatments she requires and her requests to be transferred to a women's prison, BOP has disrupted Ms. Iglesias's medically necessary social transition treatment, discriminated against her because of her sex and transgender status, and denied her protection from the harm and grave risk of ongoing physical and sexual assault that she faces as a woman being housed in a men's prison. *Id.* at ¶¶ 39–93. BOP's Transgender Executive Council is directly responsible for Ms. Iglesias's inadequate medical treatment, including her denial of gender confirmation surgery and of transfer to a female facility. *Id.* at ¶¶ 12, 43, 57, 62–70. BOP's responsibility stems in part from its changes to the Transgender Offender Manual. *Id.* at ¶¶ 62–70.

Based on these allegations, Ms. Iglesias brought claims against BOP,[2] along with several named officials, for "violations of her Eighth Amendment right to treatment for her serious medical needs, her Eighth Amendment right to be protected from assault, and her Fifth Amendment right to equal protection" of the laws. *Id.* at ¶ 3. Plaintiff brings her claims against BOP directly under the Constitution, "pursuant to 28 U.S.C. § 1331." *Id*. The Amended Complaint seeks only "declaratory and injunctive relief" to require BOP to remedy the constitutional violations it has committed and continues to commit. *Id.*

In addition to similar direct claims against individual named defendants in their official capacities, Ms. Iglesias separately brings *Bivens* claims against the individual defendants in their individual capacities. These *Bivens* claims do not apply to BOP. The only mention of *Bivens* in the Amended Complaint is in a footnote to a paragraph identifying these individual defendants, and this was intended to clarify that "Ms. Iglesias has named individual defendants in their individual capacities pursuant to *Bivens*, as well as their official capacities pursuant to the Constitution." *Id*. at ¶ 7 n.1. This footnote was included because controlling case law indicates that injunctive relief is *also* available in cases brought pursuant to *Bivens*. In short, the Amended Complaint brings claims against BOP pursuant to and directly under the Constitution.

## ARGUMENT

"A motion for reconsideration serves … to correct manifest errors of law." *Adams v. United States*, 2016 U.S. Dist. LEXIS 104035, at *3 (S.D. Ill. Aug. 8, 2016); *see Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). That is the case here.

---

[2] At this stage of litigation, Plaintiff need only "plead facts that suggest a right to relief beyond the speculative level." *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012). Plaintiff has certainly done so with respect to BOP. *See* First Amended Compl., Dkt. 52, ¶¶ 6, 27–93. As the Seventh Circuit has noted in earlier prison cases, "[c]ivil rights complaints are not held to a higher standard than complaints in other civil litigation." *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998).

## I.  AN INDIVIDUAL MAY BRING A DIRECT CONSTITUTIONAL CLAIM FOR EQUITABLE RELIEF AGAINST BOP

The Court's October 29, 2020 Order states that BOP "is not a person and is also not a proper defendant under *Bivens*." Dkt. 70 at 2. Accordingly, the Court dismissed BOP without prejudice. *Id.* Plaintiff respectfully contends that that was a manifest error of law because the Amended Complaint does not assert a *Bivens* claim against BOP. Instead, the Amended Complaint alleges jurisdiction directly under the Constitution pursuant to 28 U.S.C. § 1331 ("Section 1331"), which provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and it seeks only equitable relief under the Fifth and Eighth Amendments.[3]

Direct claims arising under the Constitution are appropriate in cases where individuals challenge constitutional violations by federal actors. A plaintiff may invoke this Court's equitable powers to enjoin a defendant from violating constitutional provisions, even when such provisions do not expressly grant legal rights to private plaintiffs. *See*, *e.g.*, *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 324, 327 (2015) (recognizing that a plaintiff has a cause of action "in equity" to enforce the Constitution's Supremacy Clause, even though that Clause "is not the source of any federal rights" (internal quotation marks omitted)); *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (recognizing that plaintiffs may pursue "Appointments Clause [and] separation-of-powers claim[s]" against a federal regulatory agency, even if they have no "implied private right of action directly under the Constitution"); *Hubbard v. U.S. Env't Prot. Agency, Adm'r*, 809 F.2d 1, 11 n.15 (D.C. Cir. 1986) ("The court's power to enjoin unconstitutional acts by the government … is inherent in the Constitution itself."); *Rourke v.*

---

[3] The Seventh Circuit recognizes that federal courts have jurisdiction under Section 1331 to adjudicate a claim arising under the Constitution itself. *See Restoration Risk Retention Grp., Inc. v. Gutierrez*, 880 F.3d 339, 346 (7th Cir. 2018).

*Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (recognizing federal inmates' right to sue directly under the Constitution to enjoin federal officials from violating their constitutional rights, by construing a federal inmate's complaint as "requesting injunctive relief from violation of … federal constitutional rights"). Because federal courts may issue injunctive and declaratory relief to remedy constitutional violations under their inherent equitable authority, this Court should reconsider its dismissal of BOP and reinstate BOP as a defendant in this action.

## II.   COURTS HAVE CONSISTENTLY CONSIDERED CONSTITUTIONAL CLAIMS BROUGHT BY FEDERAL PRISONERS AGAINST BOP

Many other courts have similarly held that the BOP can be sued in civil cases based on claims similar to those that Plaintiff asserts here. For instance, a court in this Circuit recently ruled that subject matter jurisdiction existed over a prisoner's claim against BOP where the claim was a direct constitutional claim seeking an injunction directing BOP to transfer him to a medical facility and provide adequate medical care. *See Bolden v. Fed. Bureau of Prisons*, 2015 U.S. Dist. LEXIS 748, at *1–6 (S.D. Ind. Jan. 6, 2015). That case relied on *Simmat v. U.S. Bureau of Prisons* for authority. *See* 413 F.3d 1225, 1227 (10th Cir. 2005). In *Simmat*, the Tenth Circuit held that a federal district court had subject matter jurisdiction over a suit filed by a prisoner against BOP for denial of adequate dental care in violation of the Eighth Amendment. As here, the plaintiff in *Simmat* alleged that BOP deprived him of adequate medical care through deliberate indifference to his serious medical needs. *See id.* at 1231. Because the Eighth Amendment guarantees incarcerated persons adequate medical treatment while in government custody, the claim arises directly under the Constitution. *See id.* at 1231, 1240.[4]

---

[4] *Simmat* also held that sovereign immunity does not bar inmates from suing BOP for injunctive relief under Section 1331 for Eighth Amendment violations, because BOP is an agency within the meaning of the Administrative Procedure Act ("APA"). See *id.* at 1238-39. This waiver of immunity found in Section 702 of the APA is "generally applicable" and not limited to claims reviewable through the APA. *See Blagojevich v. Gates*, 519 F.3d 370, 371 (7th Cir. 2008); *see also Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 775 (7th Cir. 2011) ("[T]he waiver in § 702 is not limited to claims brought pursuant to the review provisions contained in the APA itself.").

In addition to *Bolden* and *Simmat*, several other federal circuit and district courts have held that plaintiffs may sue BOP under the inherent authority of the Constitution. *See*, *e.g.*, *Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 133–34 (2d Cir. 2020) (holding that a prisoner's attorneys may sue BOP for Sixth Amendment violations by invoking the court's "equitable powers" to enjoin a defendant from violating the Constitution); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 812 (8th Cir. 2008) ("[C]laims for injunctive relief … still apply to the BOP."); *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209 (4th Cir. 2017) (noting that BOP's failure to provide ASL interpreters can support a prisoner's claims under the Eighth Amendment); *Chapman v. Fed. Bureau of Prisons*, 285 F. Supp. 3d 1204, 1206 (D. Colo. 2016) (denying Defendants' motion to dismiss Plaintiff's Eighth Amendment injunctive-relief claims against BOP); *Washington v. Fed. Bureau of Prisons*, 2018 U.S. Dist. LEXIS 198695, at *9 (D.S.C. Aug. 6, 2018), *adopted by* 2018 U.S. Dist. LEXIS 197698 (D.S.C. Nov. 20, 2018) ("[C]ourts have jurisdiction to consider whether the BOP's activities … violated his Eighth Amendment rights …. [T]his court has subject matter jurisdiction to award injunctive relief against the BOP if required.").

## CONCLUSION

In view of the above authorities, Plaintiff respectfully contends that this Court's conclusion that BOP should be dismissed because it is not a proper *Bivens* defendant is a manifest error of law. Plaintiff does not seek to pursue a *Bivens* claim against BOP, but rather sues BOP pursuant to Section 1331. Accordingly, Plaintiff requests that this Court reconsider its October 29, 2020 Order and reinstate BOP as a defendant.

Respectfully submitted,

*/s/ Kevin Warner*
**Kevin Warner**
**Katherine D. Hundt**
**Courtney Block**

**Frank A. Battaglia**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
KWarner@winston.com
khundt@winston.com
cblock@winston.com
fbattaglia@winston.com

**John A. Knight**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

**Taylor Brown**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org


Dated: November 9, 2020

*Attorneys for Plaintiff
Cristina Nichole Iglesias*

7

## **CERTIFICATE OF SERVICE**

      I, Frank A. Battaglia, certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record in the above-captioned case.


Dated: November 9, 2020　　　　　　　　　　　　　　　/s/ *Frank A. Battaglia*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Frank A. Battaglia