UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS<br>(a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>Plaintiff,<br><br>v.<br><br>IAN CONNORS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 19-cv-00415-RJN<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

1. Plaintiff, a transgender federal inmate, sues National Inmate Appeals Administrator Ian Connors and a handful of others[1] under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Dkt. No. 52 (First Amended Complaint), ¶¶ 7–12.[2] This Court recently issued a screening order allowing those claims to move forward and dismissing the Bureau of Prisons. Dkt. No. 70.

2. Plaintiff has moved for reconsideration of that order and reinstatement of the agency as a defendant. Dkt. No. 74. In that motion, she explained that she seeks no money damages, "only 'declaratory and injunctive relief'" from BOP. *Id.* at 3 (quoting 28 U.S.C. § 1331).

---

[1] Undersigned counsel represents none of these individuals at this juncture, as no requests have been approved under 28 C.F.R. § 50.15.

[2] Of course, a *Bivens* claim is an implied cause of action for monetary damages premised on the unavailability of alternatives such as injunctive relief. *See* 403 U.S. at 403 (Harlan, J., concurring) (For Mr. Bivens, it was "damages or nothing."); *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (*Bivens* "enforce[d] a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures.").

3. Connors takes no position on whether the government can be sued here for injunctive relief but notes the importance of Plaintiff's concession: Under longstanding Supreme Court precedent, the only relief available under *Bivens* is money damages. *See, supra*, n.1.[3] In a case seeking only a change in official agency action, there are no true individual-capacity defendants. *See Abbasi*, 137 S. Ct. at 1860 ("[I]t must be noted that a *Bivens* action is not 'a proper vehicle for altering an entity's policy.'") (quoting *Malesko*, 534 U.S. at 74 (2001)).[4]

4. Thus, insofar as this Court deems it appropriate to revisit its screening order as Plaintiff proposes, Connors respectfully seeks clarification that only official-capacity claims remain. This would significantly streamline the case by sparing the parties and the Court the burdens associated with briefing threshold defenses to *Bivens* claims.

    Respectfully submitted,

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General
    Civil Division

    C. SALVATORE D'ALESSIO, JR.
    Acting Director

---

[3] *See also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001) (*Bivens*, *Davis*, and *Carlson* "recognize[ed] in limited circumstances a claim for money damages against federal officers who abuse their constitutional authority."); *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) ("So-called '*Bivens* actions'" are "for money damages against federal officers[.]").

[4] *See also Dugan v. Rank*, 372 U.S. 609, 621 (1963) (explaining that "a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947) and *Larson v. Domestic & Foreign Corp.*, 337 U.S. at 704)); *Levi v. Clarke*, 137 S. Ct. 1285, 1291 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and is against the official's office and thus the state itself."); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (claim seeking injunctive relief is "only another way of pleading an action against an entity of which an officer is an agent."); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) ("[T]he equitable relief Feit requests—a declaration that the policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future—can be obtained only from the defendants in their official capacities, not as private individuals.").

Torts Branch, Civil Division

ANDREA W. McCARTHY
Senior Trial Counsel, Torts Branch

*/s/ Laura Katherine Smith*
LAURA KATHERINE SMITH
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0419
Laura.Smith2@usdoj.gov