IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS
(a.k.a. CRISTIAN NOEL IGLESIAS),

        Plaintiff,

v.

IAN CONNORS, *et al.*,

        Defendant.

Case No. 19-cv-00415-RJN

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION
OF ORDER DISMISSING DEFENDANT BUREAU OF PRISONS**

Plaintiff Cristina Nichole Iglesias respectfully submits this brief reply in support of her motion for reconsideration of the Court's October 29, 2020 Order dismissing Defendant Bureau of Prisons ("BOP").  Plaintiff files this reply because of the exceptional circumstance that BOP and Defendant Ian Connors have no objection to the requested relief—namely, reinstatement of BOP as a Defendant—yet improperly suggest in their responses the dismissal of *other* Defendants for reasons that were not part of the Court's screening order and were not raised in Ms. Iglesias's motion for reconsideration.  (*See* Dkt. No. 76, 77.)  That is improper.

Resolving the only matter raised in Ms. Iglesias's motion for reconsideration should be straightforward.  Plaintiff requested the reinstatement of official-capacity claims of constitutional violations against BOP.  BOP responded that it "agrees with the Plaintiff that the amended complaint raised allegations against BOP in its official capacity under the Eighth Amendment. To the extent the Court's screening order dismissed BOP on that basis, Defendants do not object to Plaintiff's motion."[1]  (Dkt. 76, at 1.)  Defendant Connors, the only other Defendant to respond,

---

[1] Plaintiff's First Amended Complaint also raises allegations against BOP under the Fifth Amendment.  BOP does not comment on that claim.

took no position on the requested relief. (Dkt. 77, ¶ 3.) That should end the matter, and Ms. Iglesias's motion for reconsideration should be granted.

Nevertheless, BOP and Connors suggest that the Court consider other issues besides the claim against BOP raised in Plaintiff's motion. Connors suggests that Plaintiff's individual-capacity claims against various individual defendants are improper because they seek only injunctive relief. (Dkt. 77, ¶¶ 3-4.)[2] BOP argues that the remaining official-capacity claims against those individuals are redundant of claims against BOP. (Dkt. 76, at 1).[3] Plaintiff believes that briefing in connection with a motion for reconsideration of a § 1915A screening order, in which only BOP was dismissed, is not the appropriate means to resolve newly raised disputes about whether claims can proceed against other Defendants that were not addressed by the screening order. Even BOP noted that it reserved its right to raise questions about the propriety of Ms. Iglesias's official-capacity claims "at the appropriate time," presumably a fully litigated motion to dismiss in which Ms. Iglesias will have the opportunity to address these arguments. (Dkt. 76, at 2.)

## CONCLUSION

Ms. Iglesias therefore respectfully requests that the Court grant her motion for reconsideration without consideration of the new issues raised by Defendants. If the Court is

---

[2] That is incorrect. Individual-capacity claims that seek only equitable relief against federal officials are permissible. *See, e.g.*, *Glaus v. Anderson,* 408 F.3d 381, 389 (7th Cir. 2005) (noting that "injunctive relief … is a proper remedy for a *Bivens* claim").

[3] BOP also says "Plaintiff does not seek the reinstatement of the official capacity claims against the individual federal officials." (Dkt. 76, at 1.) But official-capacity claims against the individual federal officials were not affected by the Court's screening order. (Dkt. 70, at 2 ("Accordingly, Counts 1, 2, and 3 shall proceed against Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis. BOP is **DISMISSED without prejudice**." (emphasis in original).) There is thus no need to seek reinstatement of those claims.

nevertheless inclined to re-screen claims against the individual defendants, Ms. Iglesias respectfully seeks leave to file additional briefing in opposition to Defendants' arguments.

Dated: November 17, 2020

Respectfully submitted,

/s/ Kevin Warner
**Kevin Warner**
**Katherine D. Hundt**
**Courtney Block**
**Frank A. Battaglia**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
KWarner@winston.com
khundt@winston.com
cblock@winston.com
fbattaglia@winston.com

**John A. Knight**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

**Taylor Brown**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org
*Attorneys for Plaintiff Cristina Nichole Iglesias*

## **CERTIFICATE OF SERVICE**

I, Frank A. Battaglia, certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the above-captioned case.

Dated: November 17, 2020                                            /s/ *Frank A. Battaglia*
                                                                                          Frank A. Battaglia