UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),  Plaintiff,  v.  IAN CONNORS, *et al.*,  Defendant. | Case No. 19-cv-00415-RJN  Judge Nancy J. Rosenstengel |

**PLAINTIFF'S MOTION FOR LEAVE TO
FILE SECOND AMENDED COMPLAINT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff Cristina Nichole Iglesias, through her attorneys, respectfully moves the Court for leave to file the proposed Second Amended Complaint, attached hereto as Exhibit 1 (and a redline version of which is attached as Exhibit 2). Plaintiff files this Second Amended Complaint to (i) clarify Plaintiff's claims against the Federal Bureau of Prisons ("BOP") in response to the Court's screening order issued pursuant to 28 U.S.C. § 1915A (ECF No. 70); (ii) replace the initially named Warden of United States Penitentiary-Marion ("USP-Marion") with the current Warden; (iii) provide the proper name for initially named Defendant J. Doe; and (iv) reflect Plaintiff's current incarceration at Federal Correctional Institution-Fort Dix ("FCI-Fort Dix").[1]

## BACKGROUND

On April 12, 2019, Plaintiff filed her first Complaint pro se (ECF No. 1). The Court later appointed counsel for Ms. Iglesias, with instructions to file a First Amended Complaint on her behalf (ECF No. 40). On September 8, 2020, Plaintiff filed her First Amended Complaint (ECF No. 52). On October 29, 2020, this Court entered an order allowing the case to proceed against then-named Defendants Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and

---

[1] Plaintiff's proposed Second Amended Complaint also includes some minor non-substantive formatting edits.

1

Lewis (ECF No. 70).[2] That Order stated that BOP "is not a person and is also not a proper defendant under *Bivens*." (ECF No. 70 at 2). Accordingly, the Court dismissed BOP without prejudice. (*Id.*)

Plaintiff now seeks leave of Court to address what the Court found to be an improper claim against BOP, by clarifying that her claims against BOP are only brought directly under the Constitution and are not *Bivens* claims. The proposed Second Amended Complaint makes that clear. (Ex. 1, ¶6.) In addition, several factual developments warrant further amendment of the Complaint. First, Plaintiff has since learned that Defendant Hollingsworth is no longer the Warden of USP-Marion. Instead, the current USP-Marion Warden is Dan Sproul, who is named as a defendant in the proposed amended complaint. (Ex. 1, ¶10.) Second, Plaintiff learned that the proper name of the previously unidentified Defendant J. Doe is Dr. Jeffery Allen and proposes to substitute Dr. Allen as a Defendant. (Ex. 1, ¶12.) Finally, Plaintiff has been transferred to FCI-Fort Dix and the proposed amended complaint notes that custody change. (Ex. 1, ¶5.)

## ARGUMENT

Under the Federal Rules of Civil Procedure, courts "should freely give leave" to amend complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). The interests of justice strongly weigh in favor of permitting the proposed amendment.

Plaintiff's amendment concerning BOP simply addresses a deficiency the Court found when it dismissed the First Amended Complaint without prejudice in the October 29, 2020 screening order. That Order construed Plaintiff's claim against BOP as a claim brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which

---

[2] Plaintiff's Motion for Reconsideration of this Court's Order Dismissing Defendant Federal Bureau of Prisons is currently pending before this Court. (ECF No. 74). If the Court grants Plaintiff's instant Motion for Leave to File, Plaintiff will withdraw her pending Motion for Reconsideration.

authorizes suits against individual federal employees for constitutional violations (ECF No. 70 at 2). That finding was the sole basis for the partial dismissal. However, Plaintiff did not assert (and did not intend to assert) a *Bivens* claim against BOP. Instead, Plaintiff's claims against BOP are direct causes of action arising under the Constitution for violations of her Fifth and Eighth Amendment rights, as authorized under 28 U.S.C. § 1331. (ECF No. 52, ¶ 3.) Plaintiff here makes clear that such direct claims are her only basis for suit against BOP. Indeed, in connection with Plaintiff's previous motion to reconsider the Court's dismissal order, BOP noted that it had no objection to allowing Plaintiff to name BOP as an official capacity defendant. (ECF 76, at 1.)

As for the other proposed amendments, the proper way to substitute a party in a case where an incorrect party is named as defendant is to seek leave to file an amended complaint naming the correct party or parties. *Mellenthin v. Casey's Gen. Stores, Inc.*, No. 17-CV-68-NJR-SCW, 2018 WL 999131, at *1 n. 1 (S.D. Ill. Feb. 21, 2018). Accordingly, Plaintiff seeks to replace Defendant L.J.W. Hollingsworth with the current USP-Marion Warden, Dan Sproul. Further, when Plaintiff filed her Amended Complaint, Plaintiff did not have knowledge sufficient to identify the Medical Director of the Bureau of Prisons. After further investigation, Plaintiff has determined that Dr. Jeffery Allen is BOP's current Medical Director. Accordingly, Plaintiff seeks to replace J. Doe with the correct defendant, Dr. Allen.

A district court may deny leave to amend a complaint for reasons such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). Here, Defendants have raised no such arguments. Defendants did not consent to this amended complaint for three main reasons. First, BOP demanded Plaintiff's agreement that the Second Amended Complaint be subject to a third

screening under 28 U.S.C. § 1915A as a condition of consent.[3] Plaintiff defers to the Court on whether to screen the Second Amended Complaint if it is filed, but only notes that this Second Amended Complaint merely addresses the sole deficiency raised by the Court's previous Order regarding the claims brought against BOP. In any case, BOP has no basis to demand agreement to further screening in exchange for its consent to filing an amended complaint.

Second, BOP requested that Plaintiff withdraw her pending Motion for Reconsideration that seeks to have BOP reinstated as a defendant. (ECF No. 74). If the Court grants Plaintiff's instant Motion, Plaintiff will withdraw her Motion for Reconsideration. But Plaintiff believes it is premature to withdraw that motion before the Court rules on this Motion for Leave. And, again, that is no basis for BOP to object to leave to amend.

Third, the individual defendants disagree that they should be named in the complaint, in either their official or personal capacities. That is no reason not to permit the filing of the Second Amended Complaint. This Court's screening order did not dismiss those individuals from the Amended Complaint, and the proposed amendments serve to correctly specify who are the proper individual defendants. If individual defendants believe they are improperly named, they will have the opportunity to make those arguments in a motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order granting Plaintiff leave to file the proposed Second Amended Complaint attached hereto as Exhibit 1, and granting such other and further relief as the Court deems just and proper.

---

[3] Ms. Iglesias's complaint was screened already prior to the appointment of counsel for her. (ECF No. 14).

Dated: February 4, 2021

                                        Respectfully submitted,

                                        */s/ Kevin Warner*

**Kevin Warner**
**Frank Battaglia**
**Katherine D. Hundt**
**Courtney Block**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
kwarner@winston.com
fbattaglia@winston.com
khundt@winston.com
cblock@winston.com

**John A. Knight**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

**Taylor Brown**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org

*Attorneys for Plaintiff Cristina Noel Iglesias*

## **CERTIFICATE OF SERVICE**

I certify that on February 4, 2021, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ Frank A. Battaglia
Frank A. Battaglia