UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS<br>(a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>        Plaintiff,<br><br>        v.<br><br>IAN CONNORS, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)  Case No. 19-cv-00415-RJN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND
BY INDIVIDUAL-CAPACITY DEFENDANT CONNORS**

1. Plaintiff, a transgender federal inmate, originally sued under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) in April 2019, alleging that Federal Bureau of Prisons (BOP) officials violated the Constitution by incarcerating her at a facility for male offenders and denying her gender confirmation surgery. *See* Dkt. No. 1. That October, individual federal defendant Connors moved to dismiss on qualified immunity, special-factors, and personal-jurisdiction grounds. *See* Dkt. No. 27. The following February, this Court denied the motion without prejudice, appointed Plaintiff counsel, and granted her leave to amend. *See* Dkt. No. 40.

2. The operative, First Amended Complaint was filed seven months later. *See* Dkt. No. 52. It identified Connors and a handful of others[1] as *Bivens* defendants. *Id.* ¶¶ 7–12.[2] In October

---

[1] Undersigned counsel represents none of these additional individuals at this juncture, as no requests have been approved under 28 C.F.R. § 50.15.

[2] Of course, a *Bivens* claim is an implied cause of action *for monetary damages* premised on the unavailability of alternatives such as injunctive relief. *See* 403 U.S. at 403 (Harlan, J., concurring) (For Mr. Bivens, it was "damages or nothing."); *Ziglar v. Abbasi*, 137 S. Ct. 1843,

2020, a screening order issued, allowing the *Bivens* claims to move forward and dismissing BOP. Dkt. No. 70. Plaintiff sought reconsideration of that order, in part, and that motion remains pending. *See* Dkt. No. 74.

3. Despite her pending motion for reconsideration, Plaintiff now seeks leave to file a second amended complaint that includes "*Bivens*" claims against Connors and others but seeks no money damages. *See* Dkt. No. 85-1 at 25(e). In support of her motion for leave to amend, Plaintiff mistakenly states that "the individual defendants" in their personal capacities collectively oppose amendment because they "disagree that they should be named in the complaint, in their official or personal capacities." *Id.* at ¶ 4. This misses important points, most notably the critical distinction between individual- and official-capacity claims.

4. First, as has been repeatedly explained to Plaintiff's attorneys, undersigned counsel has only ever represented one personal-capacity defendant, Connors, and has explicitly disclaimed taking any position on behalf of any other individual, "the USA, BOP, or any official-capacity federal employee." Ex. A. Second, Connors in his *individual* capacity does not now and has never taken any position on whether any *official*-capacity federal employee (*i.e.*, the government) can be sued.

5. Connors, in his personal capacity, *does* oppose the futile inclusion of *individual*-capacity claims in any future iteration of this case.[3] The non-monetary relief Plaintiff seeks is simply

---

1854 (2017) (*Bivens* "enforce[d] a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable search and seizures.").

[3] *See Bethany Phamacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860–61 (7th Cir. 2001) (though leave to amend should "be freely given when justice so requires, Fed. R. Civ. P. 15(a), "the district need not allow an amendment . . . when the amendment would be futile." ; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007) (standard same for PLRA cases); *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001) (amendment futile if proposed complaint could not withstand a motion to dismiss).

unavailable under *Bivens*[4] or from any individual.[5] No Seventh Circuit case arguably endorsing *Bivens* as a means of changing the course of official agency action can square with longstanding Supreme Court precedent to the contrary. *See Abbasi*, 137 S. Ct. at 1860 ("[I]t must be noted that a *Bivens* action is not 'a proper vehicle for altering an entity's policy.'") (quoting *Malesko*, 534 U.S. at 74 (2001)). Nor could any pre-*Abbasi* "pronouncement[]" from the Seventh Circuit effectively expand the universe of available "lawsuits against federal agents" beyond the claims for money damages recognized in *Bivens*, *Davis*, and *Carlson*. *White v. Sloop*, 772 F. App'x 334, 335 (7th Cir.), *cert. dismissed,* 140 S. Ct. 623 (2019) (quoting *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017)).

6. Moreover, in a case where Connors is incapable of providing the only relief sought, it would be both futile and unduly prejudicial to force him to continue to bear the burdens of defending individual-capacity claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (*Bivens* litigation "exacts heavy costs in terms of efficiency and expenditure of valuable time and

---

[4] *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67 (2001) (*Bivens*, *Davis*, and *Carlson* "recognize[ed] in limited circumstances a claim *for money damages* against federal officers who abuse their constitutional authority.") (emphasis added); *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988) ("So-called '*Bivens* actions'" are *for money damages* against federal officers[.]") (emphasis added); *Chappell v. Wallace*, 462 U.S. 296, 299 (1983) (*Bivens* recognized a "nonstatutory damage remedy").

[5] *See Dugan v. Rank*, 372 U.S. 609, 621 (1963) (explaining that "a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947) and *Larson v. Domestic & Foreign Corp.*, 337 U.S. at 704)); *Levi v. Clarke*, 137 S. Ct. 1285, 1291 (2017) ("In an official-capacity claim, the relief sought is only nominally against the official and is against the official's office and thus the state itself."); *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (claim seeking injunctive relief is "only another way of pleading an action against an entity of which an officer is an agent."); *Feit v. Ward*, 886 F.2d 848, 858 (7th Cir. 1989) ("[T]he equitable relief Feit requests—a declaration that the policy is unconstitutional and an injunction barring the defendants from implementing the policy in the future—can be obtained only from the defendants in their official capacities, not as private individuals.").

resources that might otherwise be directed to the proper execution of the work of the Government."). Nor is there any justification for burdening the parties or the Court with briefing on the full complement of Rule 12 defenses available to each of the individual-capacity defendants when complete relief would be available from BOP if Plaintiff were to succeed on the merits.

7. For the foregoing reasons, individual federal defendant Connors opposes any amendment that includes personal-capacity claims, as futile and unduly prejudicial.

                                    Respectfully submitted,

                                    BRIAN M. BOYNTON
                                    Acting Assistant Attorney General
                                    Civil Division

                                    C. SALVATORE D'ALESSIO, JR.
                                    Acting Director
                                    Torts Branch, Civil Division

                                    ANDREA W. McCARTHY
                                    Senior Trial Counsel, Torts Branch

                                    ***/s/ Laura Katherine Smith***
                                    LAURA KATHERINE SMITH
                                    Trial Attorney, Civil Division
                                    United States Department of Justice
                                    P.O. Box 7146, Ben Franklin Station
                                    Washington, DC 20044
                                    Tel: (202) 616-0419
                                    Laura.Smith2@usdoj.gov