UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS <br> (a.k.a. CRISTIAN NOEL IGLESIAS, <br><br> Plaintiff, <br><br> v. <br><br> IAN CONNORS, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 19-cv-00415-NJR <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT BY FORMER DEFENDANTS
FEDERAL BUREAU OF PRISONS AND FEDERAL OFFICIALS**

Former Defendants Michael Carvajal, Chris Bina, Ian Connors, Dan Sproul, Jeffrey Allen, Alix McLearen, Thomas Scarantino, and Donald Lewis, in their official capacities only (collectively, the "Federal Officials"), and the Federal Bureau of Prisons ("BOP") oppose in part Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 85 ("Motion").[1] Although BOP does not oppose an amended pleading that includes a constitutional claim against the agency, Plaintiff's proposed complaint includes futile claims against federal employees in their official capacities that would not survive screening under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915A.[2]

---

[1] This opposition is made without prejudice to BOP and the Federal Officials' right to assert any appropriate argument in a motion to dismiss under Federal Rule of Civil Procedure 12 or other motion or pleading in this matter should the Court grant Plaintiff's motion to amend.

[2] In the Motion, Plaintiff suggests that the Court may not need to screen an amended pleading under 28 U.S.C. § 1915A. Mot. at 3-4. A plaintiff may not avoid PLRA screening merely by amending a pleading. *See Mason v. Berres*, No. 19-CV-1103-PP, 2021 WL 50882, at *1 (E.D. Wis. Jan. 6, 2021), *reconsideration denied sub nom. Mason v. Clover*, No. 19-CV-1103-PP, 2021 WL 424159 (E.D. Wis. Feb. 8, 2021); *Taylor v. Sutterer*, No. 19-CV-00044-NJR, 2019 WL 6701917, at *1 (S.D. Ill. Dec. 9, 2019); *Fowler v. Kroll*, No. 14-CV-28-WMC, 2014 WL 3756304, at *4 (W.D. Wis. July 30, 2014).

**PROCEDURAL BACKGROUND**

On September 8, 2020, Plaintiff filed a First Amended Complaint that sought injunctive and declaratory relief based on three claims related to Plaintiff's status as a transgender woman incarcerated in a male facility. ECF No. 52, ¶¶ 94-114 (counts) & p. 25 (prayer for relief). That pleading seeks only injunctive relief and names as defendants BOP as well as numerous BOP officials in both their individual and official capacities. *Id.* at 1. Pursuant to the PLRA, the Court screened the pleading for merit. *See* 28 U.S.C. § 1915A. The Court's screening order allowed Plaintiff's claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against the Federal Officials in their individual capacities to move forward and dismissed without prejudice Plaintiff's claims against BOP on the ground that BOP is not a person subject to suit under *Bivens*. ECF No. 70 at 2-3. The Court's order also implicitly dismissed the official capacity claims against the Federal Officials, because such claims are properly brought only against the agency, precluding a cause of action under *Bivens*. *See Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005) ("[F]ederal prisoners suing under *Bivens* may sue relevant officials in their individual capacity only."); *see also Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

Plaintiff then moved for reconsideration in part, contending that the First Amended Complaint asserted claims against BOP directly under the Constitution, not pursuant to *Bivens*. ECF No. 74. In response to the motion for reconsideration, BOP agreed that the agency is subject to suit under the Constitution and did not object to reconsideration of the Court's screening order on that issue. ECF No. 76 at 1. BOP also noted that Plaintiff appropriately did not move for reconsideration of the Court's dismissal of the official capacity claims against the

Federal Officials, as such claims would be redundant of claims against BOP. *Id.* (citing *Graham*, 473 U.S. at 165-167; *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987); *Kielbasa v. Ill. E.P.A.*, No. 02-C-4223, 2003 WL 880995, at *3 (N.D. Ill. Mar. 2, 2003)). Rather than await the Court's decision on the motion for reconsideration, Plaintiff filed the instant Motion, seeking leave to file a proposed Second Amended Complaint.

## STANDARD OF REVIEW

Although leave to amend should "be freely given when justice so requires, Fed. R. Civ. P. 15(a), "the district need not allow an amendment . . . when the amendment would be futile." *Bethany Phamacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 214 (2007) (standard same for PLRA cases). An amendment is futile if it would not withstand a motion to dismiss. *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

## ARGUMENT

Granting Plaintiff leave to file the proposed Second Amended Complaint that includes official capacity claims against the Federal Officials for injunctive relief would be futile because they are redundant of the claims against BOP. As the Seventh Circuit has held, an official capacity claim "is a claim against [the individual's] office, for which his employer . . . would be liable, [and] it is no different than [the plaintiff's] claim against the [employer] itself." *Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 772 n.7 (7th Cir. 2006); *see also Jungels*, 825 F.2d at 1129 ("[N]othing was added by adding the [government official] in his official capacity."). Here, as already stated in Defendants' response to Plaintiff's motion for reconsideration, although BOP reserves the right to file a dispositive motion, BOP does not object to the complaint including Eighth Amendment claims for injunctive relief against the agency. *See* ECF

3

No. 76.  Given that Plaintiff can obtain any appropriate relief directly against BOP, the inclusion of official capacity claims against federal officials seeking the identical injunctive relief is inappropriate.  Indeed, Plaintiff fails to explain why such official capacity claims seeking injunctive relief against federal officials are either appropriate or necessary.  Under these circumstances, such claims are "properly dismissed by the district court."  *Thanongsinh*, 462 F.3d at 772 n.7; *see also King v. City of Crestwood, Mo.*, 899 F.3d 643, 650 (8th Cir. 2018) ("[A] suit against a government official in only his official capacity should be dismissed as redundant if the employing entity is also named."); *Baar v. Jefferson Cty. Bd. of Educ.*, 476 F. App'x 621, 634 (6th Cir. 2012); *Kielbasa*, 2003 WL 880995, at *3 (dismissing with prejudice official capacity claims when the federal agency was the proper defendant).  Allowing Plaintiff to file an amended pleading asserting such claims would therefore be futile.  The Court should deny Plaintiff's Motion in part and reject Plaintiff's request to include official capacity claims for injunctive relief against individual federal officials.

Dated: February 19, 2021

Respectfully submitted,

Brian M. Boynton
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSHUA E. GARDNER
Special Counsel

<u>/s/ Gary D. Feldon</u>
GARY D. FELDON, DC Bar No. 987142
Trial Attorney
United States Department of Justice
Federal Programs Branch
1100 L Street NW, Room 11104
Washington, DC 20530
Tel.: (202) 598-0905
Email: gary.d.feldon@usdoj.gov

*Counsel for Federal Bureau of Prisons*