UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IAN CONNORS, *et al.*,<br><br>　　　　　　Defendant. | Case No. 19-cv-00415-RJN<br><br>Judge Nancy J. Rosenstengel |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Cristina Nichole Iglesias respectfully submits this reply in support of her Motion for Leave to File Second Amended Complaint ("Motion"). (*See* Dkt. No. 85.) Plaintiff files this reply because of the of the exceptional circumstance that the Bureau of Prisons ("BOP") and Defendant Ian Connors have no objection to the requested relief, *per se*, yet respond to arguments not raised in Plaintiff's Motion and mischaracterize Plaintiff's requested relief.

Plaintiff's requests are simple: she seeks to file a Second Amended Complaint to (i) clarify Plaintiff's claims against BOP in response to the Court's screening order issued under 28 U.S.C. § 1915A (Dkt. No. 70); (ii) reflect Plaintiff's current incarceration at Federal Correctional Institution-Fort Dix. (Dkt. No. 85); (iii) replace the initially named Warden of United States Penitentiary-Marion with the current Warden of that facility; and (iv) provide the proper name for the initially named Defendant J. Doe. With respect to point (i), BOP itself clearly stated that it "does not oppose an amended pleading that includes a constitutional claim against the agency." (Dkt. No. 89, at 1.) That constitutional claim is the only one Plaintiff intends to pursue against BOP. And neither BOP nor Defendant Connors mentions point (ii) related to updating Plaintiff's current location. The Motion is thus unopposed and should be granted at least as to those points.

As for points (iii) and (iv) related to the individual Defendants, neither BOP nor Connors objects to the proposed amendments per se, because there is no dispute that Plaintiff is trying to correctly identify the current warden at USP-Marion and a previously unknown Doe defendant. The Motion should thus be granted as to those requests in the absence of any objection to the substance of these amendments themselves. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

The only argument BOP and Connors make with respect to Plaintiff's proposed amendments is that keeping individual defendants in the complaint *at all* is "futile." (Dkt. No. 89, at 2.) BOP says official-capacity claims against them are "redundant" of claims against BOP (Dkt. No 76, at 1) and Connors says the claim is inappropriate because he cannot grant the injunctive relief Plaintiff seeks (Dkt. No. 89, at 4). Both contentions should be rejected for several reasons. First, they are improper in the context of this motion to amend. The proposed amendments do not seek to add new defendants. Instead, they merely update and correct the identities of Defendants who were named in the First Amended Complaint that survived the Court's 28 U.S.C. § 1915A screening. Defendants and BOP should raise these contentions in a Rule 12 motion, not in a motion directed toward administrative corrections to the identities of current individual defendants.[1]

This argument is also incorrect on the merits. *Bivens* claims seeking only injunctive relief against individual defendants are permitted under controlling precedent. *See, e.g.*, *Glaus v. Anderson,* 408 F.3d 382, 389 (7th Cir. 2005) (noting that "injunctive relief . . . is a proper remedy

---

[1] BOP seems to suggest that the proposed official-capacity claims against the individuals are new because "[t]he Court's [screening] order also *implicitly* dismissed the official capacity claims against" the individuals. Dkt. No. 89, at 2 (emphasis added). That is incorrect. This Court allowed those claims to proceed and explicitly *only* dismissed claims against BOP (which BOP agrees can be reinstated). Dkt. 70, at 2. ("Accordingly, Counts 1, 2, and 3 shall proceed against Carvajal, Bina, Connors, Hollingsworth, Doe, McLearen, Scarantino, and Lewis. BOP is DISMISSED without prejudice.").

for a *Bivens* claim"). And pending claims against individuals are not improper as "redundant" when pursued alongside co-pending claims against an institution like BOP. *See, e.g.*, *Bolden v. Fed. Bureau of Prisons*, No. 2:14-CV-103-WTL-MJD, 2015 WL 74080, at *1 (S.D. Ind. Jan. 6, 2015) (concluding that the court has subject-matter jurisdiction over a federal inmate plaintiff's Eighth Amendment claims against defendant BOP and individual defendants).

Nevertheless, Plaintiff is amenable to the dismissal of the *Bivens* claims against individuals in their individual capacity if BOP or the current defendants confirm that they are capable of providing all the relief Plaintiff seeks in her Second Amended Complaint and confirm that they will not argue that maintaining *Bivens* claims against any of the individual defendants is a prerequisite to obtaining that requested relief.

## CONCLUSION

Plaintiff therefore respectfully requests that the Court grant her motion for leave to file her Second Amended Complaint without consideration of the new issues raised by Defendants and BOP.

Dated: February 25, 2021

Respectfully submitted,

/s/ Kevin Warner
**Kevin Warner**
**Frank Battaglia**
**Katherine D. Hundt**
**Courtney Block**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
kwarner@winston.com
fbattaglia@winston.com
khundt@winston.com
cblock@winston.com

**John A. Knight**

Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org

**Angela M. Povolish**
Feirich Mager Green Ryan
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

**Taylor Brown**
American Civil Liberties Union
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org

*Attorneys for Plaintiff Cristina Noel Iglesias*