UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. Cristian Noel Iglesias),<br><br>      Plaintiff,<br><br>    v.<br><br>IAN CONNORS, *et al.*,<br><br>      Defendants. | Case No. 19-cv-00415-RJN |

## DEFENDANTS' MOTION TO EXCLUDE UNTIMELY AND UNDISCLOSED EXPERT TESTIMONY AND REQUEST FOR EXPEDITED CONSIDERATION

Defendants the Federal Bureau of Prisons ("BOP"), Michael Carvajal, Chris Bina, Ian Connors, Alix McLearen, Thomas Scarantino, Dan Sproul, Dr. Jeffery Allen, and Donald Lewis, each in their official capacities (collectively, "Defendants"), hereby respectfully move for an order barring the introduction of untimely, undisclosed testimony from Dr. Randi Ettner at the July 28, 2021 preliminary injunction hearing. In addition, because the parties must identify any witnesses they intend to use at the hearing by July 26, 2021, Defendants respectfully request expedited consideration of this motion.

### BACKGROUND

Plaintiff Cristina Iglesias, a transgender inmate, retained Dr. Randi Ettner as a potential expert witness on March 17, 2021. ECF No. 93-1 at App'x C. Three weeks later, on April 6, 2021, Plaintiff moved for a preliminary injunction. *See* Pl.'s Mot. & Mem. in Supp. of Prelim. Inj. ("Motion"), ECF No. 93. In support of her motion, Plaintiff included the declaration from Dr. Ettner. ECF No. 93-1. Despite acknowledging that it was "impossible" for her "to reach any definitive conclusions based on the small amount of information" she had received, *id.* ¶ 83, Dr. Ettner nevertheless opined that "Ms. Iglesias requires transfer to a female facility where she will be free from violent sexual assault and able

to live consistent with her affirmed gender"; and that "Ms. Iglesias should be provided gender confirmation surgery." *Id.* ¶¶ 85-86. Defendants filed their opposition to Plaintiff's preliminary injunction motion on April 20, 2021, ECF No. 99, and Plaintiff filed her reply on May 3, 2021. ECF No. 107. Dr. Ettner submitted a second declaration with Plaintiff's reply brief, in which she purports to address certain of the statements made by the Defendants' declarants. ECF No. 107-1.

On June 24, 2021, the Court scheduled a hearing on the Motion for July 28, 2021. ECF No. 121. On July 2, 2021, the parties filed a joint motion for clarification of the Court's June 24, 2021 order. ECF No. 126. In particular, the parties requested the Court's guidance concerning whether the Court set the hearing for the purpose of legal argument by counsel only, or for introduction of evidence, such as witness testimony. *Id.* Plaintiff represented in that joint motion that she wished to introduce witness testimony "to show Plaintiffs' [sic] ongoing need for preliminary injunctive relief." *Id.* ¶ 5. On July 7, 2021, the Court issued a minute order granting the parties' joint motion for clarification and noted that "the purpose is to hear both legal argument and for introduction of evidence," and further explained that "Plaintiff may call herself as a witness and/or Dr. Randi Ettner." ECF No. 128. The Court instructed the parties to notify its courtroom deputy with the names of witnesses who will appear at the hearing by video conference by July 26, 2021. *Id.*

On July 9, 2021, counsel for the government reached out to counsel for Plaintiff to determine who Plaintiff intended to call and the scope of the proposed testimony. Ex. 1. Defendants explained that "[t]o the extent Plaintiff intends to limit the testimony of Dr. Ettner or Plaintiff to alleged ongoing irreparable harm, the government does not see a need to depose either witness or present its witnesses." *Id.* Defendants further explained that if Plaintiff "intends to present evidence beyond that, however, we would need to know the nature of that additional testimony to determine whether we would need depositions or to call our own witnesses." *Id.*

Despite an additional email from Defendants following up on the earlier email, counsel for Plaintiffs did not substantively respond until a week later, on July 16, 2021. *Id.* Counsel for the Plaintiff explained that, although they "expect that Ms. Iglesias's testimony would go to irreparable harm[,] . . . Dr. Ettner['s testimony ] would address her findings from her psychological evaluation of Cristina and her review of the medical records and address any questions the Court may have." *Id.* At the time the Motion was fully briefed, Dr. Ettner had not conducted a psychological evaluation of the Plaintiff or reviewed a complete set of Plaintiff's medical records. ECF No. 93-1 at ¶ 76 ("In order to properly analyze the treatment that Plaintiff is receiving, I would need to be able to see a more complete set of her medical and mental health records and an opportunity to conduct a longer interview of her. It would also be helpful if I could conduct psychological testing of her."). Defendants understanding is that Dr. Ettner is scheduled to conduct psychological testing of Plaintiff on Monday, July 20, 2021.

## ARGUMENT

Despite having months to develop and disclose all of Dr. Ettner's opinions in support of Plaintiff's preliminary injunction motion, Plaintiff's counsel has informed the government, less than two weeks before the evidentiary hearing, that Dr. Ettner intends to provide new opinions and bases for her opinions. These new opinions and bases—which still have not been disclosed to the government and will presumably be formulated only after Dr. Ettner finally examines Plaintiff on July 20—plainly prejudices Defendants' preparation for the evidentiary hearing only eight days later.

First, Plaintiff has had months to develop Dr. Ettner's opinions in this case. Dr. Ettner was retained in this case on March 18, 2021. ECF No. 93-1 at 51. Indeed, Plaintiff's counsel did not even raise the prospect of Dr. Ettner conducting a psychological exam of the Plaintiff until *after* the Court scheduled the hearing, which was approximately six weeks after the briefing on the motion had

concluded. Plaintiff has provided absolutely no reason why Dr. Ettner waited four months to seek a psychological examination of the Plaintiff or review a complete set of her medical records.[1]

Second, in the absence of knowing precisely what Dr. Ettner's new opinions and bases for her opinions are, Defendants cannot reasonably prepare for the upcoming evidentiary hearing. Knowing sufficiently in advance the precise nature of Dr. Ettner's new opinions would have factored into Defendants' decisions on whether to request a deposition in advance of the evidentiary hearing and which witnesses, if any, Defendants would call to respond to those still-undisclosed opinions. Under these circumstances, exclusion of Dr. Ettner's new opinions and bases for her opinions is warranted. *J.M. by & through Lewis v. Crittendon*, No. 1:18-CV-568-AT, 2018 WL 7080041, at *1 (N.D. Ga. Apr. 10, 2018) (excluding expert opinions by witness at preliminary injunction hearing when opposing party lacked notice such that he could conduct discovery); *Jindal v. U.S. Dep't of Educ.*, No. CIV.A. 14-534-SDD-RL, 2015 WL 2405950, at *2-*3 (M.D. La. May 18, 2015) (excluding untimely disclosed witness from preliminary injunction hearing because opposing party would be prejudiced when it had not had the opportunity to depose her and requiring its counsel to conduct a deposition before the upcoming hearing would disrupt counsel's preparations); *cf. Rao v. Rusch*, No. 14 C 66, 2017 WL 4278541, at *2 (N.D. Ill. June 21, 2017) (court excluded testimony of witnesses, including expert witness, not timely disclosed before trial); *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.*, No. 03 C 760, 2004 WL 3021842, at *3 (N.D. Ill. Dec. 30, 2004) ("The Seventh Circuit has explained that a court has the power to exclude expert testimony, if

---

[1] As Defendants explained in their opposition to the preliminary injunction motion, Plaintiff has at all times had the ability to access her medical records by submitting a request to staff members at her institution. ECF No. 18 n.8. Any delay in obtaining those records falls squarely on Plaintiff and cannot excuse Plaintiff from timely disclosing all of Dr. Ettner's opinions in support of the preliminary injunction motion.

the expert was not disclosed in a timely manner, because the tardy disclosure prejudices the other party.").

Given that the evidentiary hearing is currently scheduled for July 28, and the parties must inform the Court as to who they intend to call by July 26, Plaintiff's untimely disclosure of new expert opinions from Dr. Ettner should be precluded as unduly prejudicial. In addition, because the evidentiary hearing is less than two weeks away, Defendants respectfully request expedited consideration of this motion.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court limit Dr. Ettner's opinions to those she provided in her two declarations in support of Plaintiff's preliminary injunction motion.

Dated: July 16, 2021

STEVEN D. WEINHOEFT
United States Attorney

LAURA J. JONES
Assistant United States Attorney

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER
Special Counsel
GARY D. FELDON
Trial Attorney
United States Department of Justice
Federal Programs Branch
1100 L St. NW, Room 11502
Washington, DC 20530
Tel.:   (202) 305-7583
Fax:   (202) 616-8470
Email:  joshua.e.gardner@usdoj.gov

*Counsel for Defendants*