UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS), <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF PRISONS, *et al.*, <br><br> Defendant. | Case No. 19-cv-00415-NJR <br><br> Judge Nancy J. Rosenstengel |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO EXCLUDE UNTIMELY AND UNDISCLOSED EXPERT TESTIMONY
AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiff Cristina Iglesias respectfully submits this brief in opposition to Defendants' motion to bar the introduction of certain expected testimony from Dr. Randi Ettner, a psychiatrist retained by Ms. Iglesias, at the upcoming hearing on the pending motion for preliminary injunction. To the extent Defendants contend there is little time to prepare for Dr. Ettner's expected testimony, they have no one but themselves to blame. Dr. Ettner's planned video evaluation of Ms. Iglesias did not become feasible until May 25, when Defendants finally acquiesced to Ms. Iglesias's request to be transferred to a women's correctional facility. And Dr. Ettner's preparation for that evaluation has been thwarted by Defendants' continued failure to provide Ms. Iglesias with a complete set of her own medical records. Defendants now seek to benefit from their obstructive tactics by precluding Dr. Ettner's ability to speak at the preliminary injunction hearing about conclusions she may draw from her upcoming evaluation of Ms. Iglesias along with her review of medical records and other information. This Court should deny Defendants' continued attempts to unfairly prejudice Ms. Iglesias.

1

# ARGUMENT

Throughout this litigation, Defendants have refused to provide Ms. Iglesias with her own medical records, even as Defendants have relied on those same records in opposing Plaintiff's motion for a preliminary injunction. Defendants now seek to further benefit from their continued stonewalling by requesting that Dr. Ettner's testimony, informed in part by some of the newly available records as well as her psychological evaluation of Ms. Iglesias, be excluded from this hearing as untimely and unduly prejudicial. Yet, it was Defendants' untimely transfer of Ms. Iglesias and still incomplete disclosure of documents that necessitate Dr. Ettner's upcoming evaluation and associated opinions.

### A.   Defendants Have Continuously Obstructed Ms. Iglesias's Efforts to Obtain Her Own Medical Records.

Plaintiff initially served formal Rule 34 document requests on Defendants on December 29, 2020. These requests, which Plaintiff served on Defendants almost 4 months before seeking a preliminary injunction, sought a complete set of Plaintiff's relevant medical records. *See* Ex. A (Plaintiff's Dec. 29, 2020 discovery requests). Defendants categorically refused to produce a single responsive document. *See* Ex. B (Jan. 12, 2021 Letter from Gardner to Battaglia).

Having been denied access to all of her relevant medical records by Defendants, Ms. Iglesias filed a Freedom of Information Act request seeking the same documents on January 4, 2021. Defendants did nothing to facilitate that request. As of March 2021, Plaintiff had still not received any documents in response to her FOIA request. Plaintiff then moved for preliminary injunction based on the exigent circumstances discussed in that motion.

Considering Defendants' refusal to produce a single page of records, Ms. Iglesias was understandably stunned to see that Defendants themselves cited and relied on her medical records in opposing the motion for preliminary injunction. This type of asymmetrical informational

advantage is exactly what the Federal Rules of Civil Procedure are designed to prevent. Ms. Iglesias's counsel thus immediately contacted Defendants to obtain her medical records pursuant to their outstanding Rule 34 requests. *See* Ex. C (May 7, 2021 Email to Defendants). Defendants again categorically refused the request. They argued that a response was premature, even while they were relying on those records in opposition to the preliminary injunction motion. *Id.*

By mid-April, still without a complete set of her own records, Ms. Iglesias requested her medical records directly to Bureau of Prisons staff. Defendants' counsel stated his "understanding that BOP is working with the Plaintiff to provide her with the requested records." *See* Ex. C. To this day, Ms. Iglesias has not received a single document via her direct request to Bureau of Prisons staff.

On June 2, 2021, Plaintiff finally received medical records in response to her FOIA request. Although more complete than the records she had previously been able to obtain, Ms. Iglesias still believes it is an incomplete set of records. Indeed, Defendants confirmed on July 1, 2021, that the FOIA office is continuing to "review, process and produce" responsive documents. *See* Ex. D. Meanwhile, Defendants maintain their refusal to make any production in response to Ms. Iglesias's formal document requests. *Id.* (July 1, 2021 Email from Gardner).

      **B.**      **Dr. Ettner's Full Evaluation of Ms. Iglesias Has Been Delayed by Defendants' Failure to Produce Ms. Iglesias's Medical Records.**

Together with all the efforts taken to obtain her own medical records, Ms. Iglesias's counsel also made a timely request for a full psychological evaluation by Dr. Ettner. Plaintiff's briefing in support of a preliminary injunction is supported by two expert declarations from Dr. Ettner, based on her review of medical records then available to Plaintiff as well as a brief evaluation of Plaintiff by telephone. A full psychological evaluation is necessary to ensure that Dr. Ettner's opinions are able to reflect subsequent developments after the motion for a preliminary

3

injunction was briefed. These developments include Ms. Iglesias's June 2021 receipt of selected medical records as a result of her FOIA request, as well as her May 25, 2021, transfer to a women's facility by Defendants in response to her motion for a preliminary injunction. While a full psychological evaluation was neither necessary nor feasible before the motion was filed given the limited but compelling evidence available at that time and Ms. Iglesias's need for emergency relief, these later developments warrant additional review by Dr. Ettner.

Shortly after receiving the FOIA documents and being transferred to a women's facility on or before June 28, 2021, Ms. Iglesias requested Defendants' assistance in arranging a full psychological evaluation of Ms. Iglesias by video conference. Defendants initially told Plaintiff that a private medical evaluation by Dr. Ettner was not possible because "video conferencing at the facility is not currently configured for confidential communications and is in a public space." *See* Ex. D. Plaintiff continued to press. A few days later, Defendants reversed their position and indicated that it would be possible for Dr. Ettner to conduct a confidential evaluation. That is scheduled to occur on July 20, 2021.

Before their July 16 Motion (ECF No. 130), Defendants took no issue with Ms. Iglesias meeting with Dr. Ettner or the testimony that is expected to result from it. Defendants simply suggested they may want to depose Dr. Ettner prior to the preliminary injunction hearing. *See* Ex. E (July 9, 2021 Email from Gardner). Defendants' motion is the first time they argue that any of Dr. Ettner's testimony should be excluded, in direct contradiction to their acquiescence just days earlier to Dr. Ettner's testimony. *See* Ex. E (July 1, 2021 Email from Gardner ("If the court decides to hold an evidentiary hearing, and if the Defendants decide to call witnesses, we are willing to discuss the possibility of making those witnesses available for deposition.")).

Further, the cases cited in Defendants' brief in fact support Plaintiff's position. In *J.M. ex rel. Lewis v. Crittendon*, defense counsel attempted to call two witnesses to testify at a preliminary injunction hearing after the hearing had already started. No. 1:18-CV-568-AT, 2018 WL 7080041, at *1 (N.D. Ga. Apr. 10, 2018). The court excluded testimony from those two witnesses because they were not previously disclosed. *Id.* As for the third witness, the court limited the expert's testimony due to a lack of notice. *Id.* However, that expert was disclosed for the first time in defendants' response to plaintiff's motion for preliminary injunction. *Id.*; No. 1:18-CV-568-AT, ECF 20 at p. 12. Here, Plaintiff disclosed their intention to call Dr. Ettner far in advance of the hearing, yet Defendants argue her testimony should be wholly excluded from this hearing. Contrary to Defendants' argument, even in *Crittendon*, where the expert was not disclosed until defendants responded to plaintiff's preliminary injunction, the court still allowed limited testimony from that expert. 2018 WL 7080041, at *1. Also, like the case here, the *Crittendon* court allowed the doctor who filed a declaration in support of plaintiff's motion for preliminary injunction to testify at the hearing. No. 1:18-CV-568-AT, ECF 28. This Court should similarly allow Dr. Ettner to testify at this hearing.[1]

---

[1] The other cases cited by Defendants are equally unpersuasive. In *Jindal v. U.S. Dep't of Educ.*, No. CIV.A. 14-534-SDD-RL, 2015 WL 2405950, at *2-*3 (M.D. La. May 18, 2015), Plaintiff did not disclose their witness until the final day of the discovery deadline before the preliminary injunction hearing. Also, in *Rao v. Rusch*, No. 14 C 66, 2017 WL 4278541, at *2 (N.D. Ill. June 21, 2017) and *Ridge Chrysler Jeep L.L.C. v. Daimler Chrysler Servs. N. Am., L.L.C.,* No. 03 C 760, 2004 WL 3021842, at *3 (N.D. Ill. Dec. 30, 2004), expert testimony was excluded at trial since it was offered after the discovery deadline in those respective cases expired. Here, Defendants have known about Plaintiff's intention to call Dr. Ettner since April 6, 2021 when Plaintiff filed its preliminary injunction motion, and the Court has expressly given the parties until July 26, 2021, to disclose the names of witnesses that will appear at that hearing. Defendants' attempt to paint Dr. Ettner's testimony as an unfair surprise is disingenuous and unfairly prejudicial to Ms. Iglesias.

That said, Plaintiff remains amenable to arranging a deposition of Dr. Ettner following her evaluation of Ms. Iglesias and believes there is ample time before the hearing to accomplish both an evaluation and deposition.[2]

## CONCLUSION

Despite Plaintiff's continued attempts to obtain her own medical records necessary to Dr. Ettner's full evaluation, Plaintiff still has not received a complete set of those medical records. Even so, after receiving a portion of Ms. Iglesias's medical records, both Plaintiff and Dr. Ettner have diligently reviewed those documents. Following her review of those records, Dr. Ettner will conduct a full evaluation of Ms. Iglesias on July 20, 2021. Defendants' attempt to bar Dr. Ettner's testimony due to their own stonewalling is improper and unfairly prejudices Ms. Iglesias. To the extent that this Court believes Defendants are entitled to a deposition of Dr. Ettner before the hearing, Plaintiff will agree to such a deposition, but Plaintiff disagrees that Dr. Ettner's testimony should be barred from the hearing.

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendants' entire motion.

Dated: July 19, 2021

Respectfully submitted,

*/s/ Frank Battaglia*
**Kevin Warner**
**Frank Battaglia**
**Katherine D. Hundt**
**Courtney Block**

---

[2] In contrast to Ms. Iglesias's candor about which witnesses she may call at the hearing and the nature of their expected testimony, Defendants have thus far refused to identify any witnesses they may call and have provided no indication of their intended testimony, despite inquiries from Plaintiff's counsel. Ms. Iglesias reserves the right to seek to preclude Defendants from calling any live witnesses given their delay in disclosing their intentions.

WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
kwarner@winston.com
fbattaglia@winston.com
khundt@winston.com
cblock@winston.com

**John A. Knight**
**Joshua D. Blecher-Cohen**
ROGER BALDWIN FOUNDATION OF
ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org
jblechercohen@aclu-il.org

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

**Taylor Brown**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org

*Attorneys for Plaintiff Cristina Nichole Iglesias*

## **CERTIFICATE OF SERVICE**

      I, Frank A. Battaglia, certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the above-captioned case.

Dated: July 19, 2021                                                                    /s/ *Frank A. Battaglia*
                                                                                                           Frank A. Battaglia