# Exhibit

# A

| | |
|---|---|
| **From:** | Battaglia, Frank |
| **To:** | "Feldon, Gary D. (CIV)"; John Knight; Smith, Laura K. (CIV); Warner, Kevin; Gardner, Joshua E (CIV) |
| **Cc:** | Hundt, Kate; Block, Courtney |
| **Subject:** | Iglesias v. True et al., 19-cv-415 (S.D. Ill. 2019) - Plaintiff"s First Set of Requests for Production of Documents |
| **Date:** | Tuesday, December 29, 2020 3:05:00 PM |
| **Attachments:** | Iglesias v. True et al, 19-cv-415 (S.D. Ill. 2019) - Plaintiff Iglesias First Set of Requests for Production.pdf |

Gary,

Please see the attached service copy of Plaintiff's First Set of Requests for Production of Documents to certain Defendants in their official capacity in the above-captioned matter. A copy of the same was sent to you via U.S. Mail today.

Best,

**Frank A. Battaglia**
Winston & Strawn LLP
T: +1 312-558-5600
D: +1 312-558-7952
F: +1 312-558-5700

fbattaglia@winston.com

winston.com



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS<br>*also known as*<br>CRISTIAN NOEL IGLESIAS,<br>#17248-018,<br><br>    **Plaintiff,**<br><br>v.<br><br>MICHAEL CARVAJAL, CHRIS BINA, IAN CONNORS, L.J.W. HOLLINGSWORTH, J. DOE, ALIX MCLEAREN, THOMAS SCARANTINO, AND DONALD LEWIS<br><br>    **Defendants.** | Case No. 19-cv-00415-JPG |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS MICHAEL CARVAJAL, ALIX MCLEAREN, CHRIS BINA, DONALD LEWIS, THOMAS J. SCARANTINO, AND IAN CONNORS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Cristina Nichole Iglesias hereby requests that Defendants Michael Carvajal, Chris Bina, Ian Connors, Alix McLearen, Thomas Scarantino, and Donald Lewis, in their official capacity, produce the documents and materials requested below for inspection, and/or copying, in accordance with the Definitions and Instructions below. The requested documents and materials must be produced within thirty (30) days of the service of these requests. Documents and materials should be produced at the law offices of Winston & Strawn LLP, 35 W. Wacker Drive, Chicago, Illinois 60601.

**DEFINITIONS AND INSTRUCTIONS**

A. As used herein, "document" has the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure, including the original (and every copy of the original which differs in any way from it) of all written, recorded, or graphic matter in any and all media however

produced or reproduced. Media include papers, films, magnetic and optical storage devices, and all other methods for the expression or retention of information. Documents include any writing, survey, evidence of indebtedness, memorandum, letter, correspondence, telex, telefax, telegram, email, note, minute, agreement, contract, interoffice or intraoffice communication, interim draft, final draft, bulletin, circular, procedure, pamphlet, photograph, business plan or study, notice, summary, bill, invoice, purchase order, diagram, plan, drawing, specification, diary, desk or pocket calendar, written record or note of telephone conversation or telephone message, chart, entry, computer printout, computer disk, tape recording, representation, record, and report, as well as any other tangible item or thing of written, readable, or visual material of any kind or character, whether written, handwritten, typed, photocopied, Photostatted, printed, duplicated, reproduced, or recorded, and whether electronic, electrical, or mechanical in nature.

   B. As used herein, "communication" means any transmission of information by one or more persons and/or between two or more persons by any means, including telephone conversations, letters, telegrams, teletypes, telexes, telecopies, electronic mail, other computer linkups, written memoranda, and face-to-face conversations.

   C. As used herein, "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible.

   D. As used herein, "any" and "all" shall each be construed to mean "each and every," so as to acquire the broadest meaning possible.

   E. As used herein, the singular of any word shall include the plural, and the plural shall include the singular.

   F. As used herein, "include" and "including" shall be construed to mean "without limitation," so as to give the broadest possible meaning to requests and definitions containing those words.

G. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

H. As used herein, "related" or "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, or referring directly or indirectly to, in any way, the particular subject matter identified.

I. As used herein, the term "Complaint" shall mean as originally filed or as amended or supplemented throughout the progression of the case.

J. As used herein, the term "request" shall mean all documents described in the section labeled Requests for Production.

K. As used herein, the term "BOP" shall mean Federal Bureau of Prisons, its officers, directors, employees, representatives, agents, predecessors, assignees, subsidiaries, affiliates, successor, and unless privileged, its attorneys.

L. The document requests herein shall be deemed to include any and all relevant documents within the possession, custody, or control of BOP, including documents located in the personal files of any and all past and present directors, officers, agents, representatives, employees, attorneys, and accountants of BOP, including any third-party testing entities.

M. As used herein, the term "Plaintiff" shall mean Plaintiff Cristina Nichole Iglesias.

N. For any document or material responsive to these requests that is withheld on the ground that it is protected by the attorney-client privilege, work product immunity, or any other claim of privilege or immunity, provide a written statement setting forth, as to each such document or thing, at a minimum the following items: (a) an identification (including date, title, author, and number of pages) of each document or material containing the allegedly protected information; (b) an identification (including name, position, address, and employer at the time of preparation or

AmericasActive:15275273.1                               3

dissemination) of each person from and to whom the information has been communicated (e.g., individuals who authored, drafted, or prepared the document or thing and individuals to whom it was directed, circulated, or copied, or who had access thereto), and, if any such person is an attorney, identifying him or her as such; (c) a description of the subject matter of the information; (d) a summary of the legal and factual ground(s) relied upon in withholding the responsive document or thing, providing sufficient detail to enable the Court to make a determination on the merit of the claim of privilege or immunity; and (e) a certification that all elements of the claimed privilege or immunity are met and have not been waived.

O. Documents should be produced in the manner in which they are maintained in the ordinary course of business. For example, any documents maintained in color must be produced in color. Documents produced electronically must be produced with sufficient resolution so as to be legible. Documents from any single file should be produced in the same order as they were found in such file, including any labels, files, folders, and/or containers in which such documents are located in or associated with. If copies of documents are produced in lieu of the originals, such copies should be legible and bound or stapled in the same manner as the original.

P. If you object to any part of a request, set forth the basis for your objection and respond to all parts of the request to which you do not object. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived. All objections must be made with particularity and must set forth all the information upon which you intend to rely in response to any motion to compel.

Q. In answering these requests, furnish all information, however obtained, including hearsay, that is available to you, including information in your actual or constructive possession, or in the actual or constructive possession of your attorneys, experts, officers, directors, employees, accountants, consultants, and anyone else acting on your behalf or subject to your control. If any

request seeks information about a topic for which you lack direct knowledge, you must provide all information containing any estimate or approximation, whether internally generated or provided to you by a third party.

R.  If you cannot answer all or part of any request after exercising due diligence to secure the full information to do so, you shall state and answer to the extent possible, specifying your inability to answer the remainder; stating whatever information or knowledge you have concerning the unanswered portion; and detailing what you did in attempting to secure the unknown information.

S.  These requests for production shall be deemed continuing, and supplemental responses, documents, and things must be timely provided as additional information becomes available, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

1.  All medical records relating to or discussing Plaintiff, whether or not those records are contained in Plaintiff's medical records file.

2.  All mental health records relating to or discussing Plaintiff, whether or not those records are contained in Plaintiff's medical records file.

3.  All grievances, appeals of grievances, letters, complaints, or other communications from, or on behalf of, Plaintiff, as well as responses to those grievances, letters, complaints, or other communications.

4.  All communications involving medical professionals or medical personnel, including but not limited to emails, letters, tickets, and notes, relating to or discussing Plaintiff.

Dated: December 29, 2020

By: /s/ John A. Knight
John A. Knight
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 North Michigan Avenue, Suite 600
Chicago, Illinois 60601
Telephone: (312) 201-9740
Facsimile: (312) 201-9760
jknight@ACLU-il.org

Angela M. Povolish
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org

Kevin Warner
Katherine Hundt
Frank Battaglia
Courtney Block
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
kwarner@winston.com
khundt@winston.com
cblock@winston.com
fbattaglia@winston.com

*Attorneys for Plaintiff Cristina Nicole Iglesias*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2020, the foregoing document was served on the following counsel by U.S. Mail and e-mail:

Joshua Edward Gardner
Gary Feldon
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
202-305-7583
Fax: 202-616-8460
joshua.e.gardner@usdoj.gov
Gary.D.Feldon@usdoj.gov

A courtesy copy of the foregoing document also was sent to the following counsel by e-mail on December 29, 2020:

Laura Katherine Smith
Trial Attorney, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Tel: (202) 616-0419
Laura.Smith2@usdoj.gov

/s/ Frank A. Battaglia