# Exhibit C

| | |
|---|---|
| **From:** | Gardner, Joshua E (CIV) |
| **To:** | Battaglia, Frank; Feldon, Gary D. (CIV) |
| **Cc:** | John Knight ; Josh Blecher-Cohen; Warner, Kevin; Lemajeur, Shannon Denise |
| **Subject:** | RE: Iglesias (19-cv-415) - Second Amended Complaint and Discovery |
| **Date:** | Monday, May 10, 2021 10:54:04 AM |

Frank:

Thank you for your email. We can accept service of process on behalf of individuals sued in their official capacities.

As for your request that the agency respond to your discovery requests by May 14, a response is premature. Even assuming that the court had screened the second amended complaint, which it has not yet done, the parties have not conducted the meeting of counsel under Federal Rule of Civil Procedure 26(f). The government's time to respond to plaintiff's discovery requests therefore has not yet begun to run. *See* Fed. R. Civ. P. 26(d)(2)(B); Fed. R. Civ. P. 34(b)(2)(A). And it makes little sense to have the meeting of counsel before the defendants file, and the court resolves, any motion to dismiss, as the resolution of that motion could greatly streamline, if not completely eliminate, discovery in this case.

More fundamentally, as Plaintiff notes in her supplemental declaration, she recently made a request for her records directly from the Federal Bureau of Prisons, *see* Dkt. No. 107-2 at ¶ 13. Our understanding is that BOP is working with the Plaintiff to provide her with the requested records.

Regards,

Josh

**From:** Battaglia, Frank <FBattaglia@winston.com>
**Sent:** Friday, May 07, 2021 11:59 AM
**To:** Gardner, Joshua E (CIV) <Joshua.E.Gardner@usdoj.gov>; Feldon, Gary D. (CIV) <Gary.D.Feldon@usdoj.gov>
**Cc:** John Knight <jknight@aclu-il.org>; Josh Blecher-Cohen <JBlecherCohen@aclu-il.org>; Warner, Kevin <KWarner@winston.com>; Lemajeur, Shannon Denise <SLemajeur@winston.com>
**Subject:** Iglesias (19-cv-415) - Second Amended Complaint and Discovery

Dear Josh and Gary,

We write concerning a few outstanding matters related to Plaintiff's attached Second Amended Complaint ("SAC") in the above matter, filed on April 30, 2021 pursuant to leave of the Court.

First, can you please confirm that you can accept service of this SAC on behalf of Defendants Dan Sproul and Jeffrey Allen, in their official capacities? Plaintiff does not believe service of this SAC is necessary with respect to Defendants Bureau of Prisons, Michael Carvajal, Chris Bina, Ian Connors, Alix McLearen, Thomas Scarantino, and Donald Lewis, who were named as defendants in Ms. Iglesias's First Amended Complaint and served with that complaint. To the extent you disagree, can you please confirm that you can accept service of this SAC on behalf of those Defendants in their official capacities as well?

Second, we write to follow up on the document requests Ms. Iglesias had served on December 29, 2020, and Josh's January 12, 2021 letter response to those requests.  In short, we request that Defendants produce the requested documents immediately.  There is no basis for withholding them.  There is no question the requested documents are relevant to this case and, of most immediate concern, the pending motion for preliminary injunction.  Indeed, Defendants opposed that motion in part in reliance on the precise medical records, grievances and communications we requested but that you have thus far refused to produce to us in full.  That situation alone requires their immediate production just to cure the prejudice Plaintiff is suffering with respect to the pending motion, to say nothing of her right to obtain those documents as part of fact discovery in this case.  Moreover, while you are aware that Plaintiff sought her medical records through a FOIA request in the wake of your refusal to produce the document, you should also be aware that Ms. Lee-Anne Eichensehr, BOP's Northeast Region Government Information Specialist handling the FOIA request, responded that she was unable to provide an estimated date as to when to expect the records.  That kind of information asymmetry cannot exist in this case when the DOJ apparently had the ability to obtain, review and rely on Ms. Iglesias's records in between the filing of the preliminary injunction motion and the filing of the opposition.  Nor is it any longer the case that BOP is not a party to this case, regardless of what arguments you intend to make about the official capacity individuals named in the SAC.  Please confirm that you will produce all documents requested in the December 29 Rule 34 request no later than May 14.

Best,

**Frank A. Battaglia**
Winston & Strawn LLP
T: +1 312-558-5600
D: +1 312-558-7952
F: +1 312-558-5700

fbattaglia@winston.com

winston.com



The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.