UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. Cristian Noel Iglesias), <br><br> Plaintiff, <br><br> v. <br><br> IAN CONNORS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 19-cv-00415-RJN |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE UNTIMELY AND UNDISCLOSED EXPERT TESTIMONY AND REQUEST FOR EXPEDITED CONSIDERATION

Pursuant to SDIL-LR 7.1(c), Defendants respectfully file this reply brief in support of their Motion to Exclude Untimely and Undisclosed Expert Testimony and Request for Expedited Consideration ("Motion"). ECF No. 130. Defendants acknowledge that reply briefs are not favored in this district and should be filed only in exceptional circumstances. Such circumstances exist here. Plaintiff's opposition misstates facts and relies on a baseless implicit assumption. ECF No. 131 ("Opposition").

First, Plaintiff's Opposition is premised on the unstated assumption that Defendants failed to comply with an alleged legal obligation to respond to Plaintiff's discovery requests. Plaintiff provides no explanation for why Defendants were obligated to respond to Plaintiff's premature discovery requests. And, if Plaintiff thought Defendants were obligated to respond, it was Plaintiff that delayed in raising this issue with the Court.

Plaintiff does not dispute that responses to her document production requests are premature. Pursuant to Federal Rule of Civil Procedure 26(d)(2)(A)-(B), although a party may deliver document production requests before the parties' Rule 26(f) meeting of counsel, the requests are not deemed

served until after the parties have their Rule 26(f) conference. Plaintiff does not dispute that the parties have not had their Rule 26(f) meeting of counsel. As Defendants repeatedly have explained to Plaintiff, a Rule 26(f) meeting of counsel is premature while the Court is considering Defendants' fully dispositive motion to dismiss that raises issues concerning venue and subject matter jurisdiction. Accordingly, the central premise of Plaintiff's opposition—that she is justified in presenting new, undisclosed opinions from Dr. Ettner because of some discovery failure by Defendants—is factually and legally unsupported.

Second, Plaintiff claims that she was compelled to make a Freedom of Information Act ("FOIA") request because Defendants "denied all access to all of her medical records." Opp. at 2. This is not accurate. Plaintiff made her FOIA request only six days after she provided Defendants with her document requests and *before* she was told that the official capacity defendants (who were not parties at that time) would not respond to her discovery requests. ECF No. 131-2. Accordingly, there is no merit to Plaintiff's suggestion that Defendants' refusal to respond to the document production requests forced Plaintiff to seek similar information through FOIA.

Third, Plaintiff claims that Defendants using Plaintiff's medical records in opposing her preliminary injunction motion was unfair and that her "counsel thus immediately contacted Defendants to obtain her medical records pursuant to the[] outstanding Rule 34 requests." Opp. at 2-3. But Plaintiff was served with the Defendants' opposition and replied to it two weeks later, then waited another four days to renew her discovery requests. ECF No. 99 (opposition filed April 20); ECF No. 107 (reply filed May 3); Opp. Ex. C (May 7, 2021 email regarding discovery). Plaintiff's seventeen-day delay belies her suggestion that her medical records were necessary for her reply brief or for Dr. Ettner's second declaration filed in connection with her reply.

Fourth, Plaintiff claims that Plaintiff requested a psychological examination "shortly" after being transferred to a women's prison and that Defendants "reversed their position" on their

willingness to permit a psychological evaluation. Plaintiff again has misstated the facts. Plaintiff arrived at FMC Carswell on May 25, 2021. ECF No. 111. Plaintiff did not contact Defendants about securing a full psychological evaluation until more than a month later, on June 28, 2021. ECF No. 131-4 at 3. In response, counsel for the Defendants explained that "video conferencing at the facility is not currently configured for confidential communications and is a public space[, so] . . . BOP [was] looking into potential ways to create a confidential environment." *Id.* at 2. The next day, Defendants' counsel informed Plaintiff's counsel that "the institution appears to have found a way to accommodate a private video conference" and provided contact information to set up the conference. Ex 1. Accordingly, the facts to do not support Plaintiff's suggestion that she was diligent in seeking a psychological examination or that Defendants took inconsistent positions about their willingness to facilitate an exam.

Fifth, Plaintiff suggests that any harm with Dr. Ettner's offering new, untimely opinions can be remedied simply by making her available for deposition before the evidentiary hearing scheduled in eight days. ECF No. 131. Initially, Defendants lack fair notice of Dr. Ettner's new opinions. Indeed, Plaintiff has *still* not disclosed them. Deposing Dr. Ettner under these circumstances would not be effective. Moreover, the preliminary injunction evidentiary hearing is currently scheduled for next Wednesday. Between now and July 30, 2021, counsel for Defendants need to prepare and defend eight depositions in another matter, in addition to preparing for the evidentiary hearing in this case. Under these circumstances, Dr. Ettner's last-minute, undisclosed opinions would prejudice Defendants, and the opportunity to depose her would not cure that prejudice.

For these reasons, Defendants' motion to exclude should be granted.

Dated: July 20, 2021                                            Respectfully submitted,

STEVEN D. WEINHOEFT                                             BRIAN M. BOYNTON
United States Attorney                                          Acting Assistant Attorney General
                                                                Civil Division

LAURA J. JONES

Assistant United States Attorney

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER
Special Counsel
GARY D. FELDON
Trial Attorney
United States Department of Justice
Federal Programs Branch
1100 L St. NW, Room 11502
Washington, DC 20530
Tel.:     (202) 305-7583
Fax:     (202) 616-8470
Email:  joshua.e.gardner@usdoj.gov

*Counsel for Defendants*