UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRISTINA NICHOLE IGLESIAS | ) | |
| (a.k.a. CRISTIAN NOEL IGLESIAS), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 19-cv-00415-NJR |
| v. | ) | |
| | ) | |
| IAN CONNORS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR THE ENTRY OF A PROTECTIVE ORDER AND A FED. R. EVID. 502(D) ORDER

The parties have negotiated and herby jointly move for (1) a Protective Order and (2) a Federal Rule of Evidence 502(d) Order. The parties anticipate that discovery may require the disclosure of confidential and sensitive information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, potentially including information protected from disclosure under the Privacy Act, 5 U.S.C. § 552a, or the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, 45 C.F.R. pts. 160, 164. Accordingly, a Protective Order is needed to permit the parties to produce such records in the above-captioned litigation and to prevent unnecessary disclosure or dissemination of such information. Further, to guard against the risk of inadvertent waiver of any applicable privileges or protections, the parties have conferred and agree on a procedure to assert and preserve claims of privilege after production pursuant to Federal Rule of Evidence 502(d) and Local Civil Rule 16.3(c)(10). The parties' agreement is contained in their Proposed Federal Rule of Evidence 502(d) Order.

The parties, therefore, request that the Court enter (1) the Protective Order and (2) the Federal Rule of Evidence 502(d) Order that they have negotiated and attached to this motion.

DATED: August 30, 2021

Respectfully submitted,

/s/*John A. Knight*

John A. Knight
Josh Blecher-Cohen
ROGER BALDWIN FOUNDATION OF ACLU,
INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org
jblechercohen@aclu-il.org

Kevin Warner
Frank Battaglia
Katherine D. Hundt
Courtney Block
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
kwarner@winston.com
fbattaglia@winston.com
khundt@winston.com
cblock@winston.com

Angela M. Povolish
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

Taylor Brown
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org

*Counsel for Plaintiff*

BRIAN M. BOYNTON
Acting Assistant Attorney General

ALEXANDER D. HAAS
Director
Civil Division, Federal Programs Branch

/s/ *Joshua E. Gardner*
JOSHUA E. GARDNER (FL 302820)
Special Counsel
Civil Division, Federal Programs Branch

GARY D. FELDON (DC 987142)
Trial Attorney
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-7583
Fax: (202) 616-8470
email:Joshua.e.gardner@usdoj.gov

*Counsel for the Defendants*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS )
(a.k.a. CRISTIAN NOEL IGLESIAS), )
 )
Plaintiff, )
 )   Case No. 19-cv-00415-NJR
v. )
 )
IAN CONNORS, *et al.*, )
 )
Defendants. )

**PROTECTIVE ORDER**

Upon consideration of the Joint Motion for a Protective Order and pursuant to Federal Rule of Civil Procedure 26(c) and 5 U.S.C. § 552a(b)(11), and for good cause shown, IT IS HEREBY ORDERED that the following provisions of this Protective Order (hereafter the "Order") shall control the disclosure, dissemination, and use of material produced in discovery in the above-captioned litigation;

1. <u>Scope of Order</u>. This Order shall govern the production, use, and disclosure of (a) all information and materials produced by any party or non-party in response to any discovery request (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials and (b) the informal exchange of information in the above-captioned litigation (collectively, "Discovery Material"). This Order applies to government documents or information contained in records that are subject to the Privacy Act, 5 U.S.C. § 552a, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, 45 C.F.R. pts. 160, 164, and/or other applicable statutes only and shall not create greater or lesser rights or obligations than those contained in those statutes.

2.  <u>Designation of Protected Material</u>.  A party or non-party may, in good faith, designate as CONFIDENTIAL (and therefore subject to the protections and requirements of this Order) any Discovery Material that the designating party reasonably believes contains confidential information, including personal, proprietary, or sensitive information not generally disclosed to the public.  A party or non-party may, in good faith, designate materials or information that it has good cause to believe is of a highly sensitive nature and should not be copied or transmitted to anyone but the attorneys in this action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any material or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be stamped "CONFIDENTIAL – ATTORNEYS' EYES ONLY" before production. Discovery Material designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY ("Protected Material") shall be used by the receiving parties solely for the prosecution or defense of the cases in the above-captioned litigation and shall not be disclosed to any person or entity unless specifically authorized by the terms of this Order or by further order of the Court. Consistent with the requirements of this paragraph, a party may, within fifteen (15) business days of receipt of the Discovery Materials, by written notice to the other parties, designate as CONFIDENTIAL any Discovery Materials produced or given by the other parties or by a nonparty but not designated CONFIDENTIAL by that other party or non-party.

3.  <u>Limitations on Use</u>.  Protected Material and its contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used solely for the purpose of litigating the case in the above-captioned litigation, shall be and remain confidential, and shall not be disclosed in any fashion, nor used for any purpose other than litigating the above-captioned litigation.

4. <u>Limited Disclosure of Protected Material</u>.  Protected Material may be disclosed, subject to the specific procedures and provisions contained in this Order, to the following persons and/or entities only, except as provided for by :

a) This Court and the officers, employees, and any stenographic reporters of such courts, under seal, *in camera* or *ex parte*;

b) Counsel representing the parties in the above-captioned litigation and their support personnel whose functions require access to Protected Material (collectively "Attorney Professionals");

c) Outside vendors who perform scanning, photocopying, computer classification, translation, or similar clerical functions, retained by the parties or their counsel in any case in the above-captioned litigation, but only for the purposes of performing such services and only so long as necessary to perform those services;

d) Independent experts consulted or retained by counsel for assistance in the preparation or prosecution of claims or defenses in any case in the above-captioned litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in any case in the above-captioned litigation;

e) A witness who has been noticed or subpoenaed for deposition or a court appearance in any case in the above-captioned litigation to the extent reasonably necessary for the preparation or giving of his or her testimony about Protected Material, with the exception that information marked as CONFIDENTIAL – ATTORNEYS' EYES ONLY may not be provided to a witness without the express written consent of the producing party;

f) To the extent a party intends to use Protected Material (or information derived from Protected Material) to elicit testimony from a witness during a hearing in the above-captioned

litigation, any person whom the Court permits to observe that testimony, except that the party intending to use the Protected Material must give sufficient advance notice to give the other party reasonable opportunity to move the Court to limit access to the hearing testimony or seek other appropriate relief;

g) Any other person who is so designated by order of this Court or by written agreement of the producing party.

No Protected Material may be disclosed to persons identified in subparagraphs (d), (e), or (f) until they have reviewed this Order and have executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the party making the disclosure to such persons (provided that Counsel who makes such disclosure shall retain the written agreement but shall not be required to produce it to opposing counsel until the deposition of the person or without order of the Court).

5. <u>Effect of Designation</u>. The designation of Protected Material pursuant to the Order shall not be construed as a waiver of any objection or a concession by any party that such Protected Material is relevant or material to any issue. Nor shall a failure to object to the designation of any such Protected Material be construed as a concession by the receiving parties that such Protected Material is, in fact, confidential or otherwise entitled to protection under the terms of this Order. All parties maintain their respective rights to object to production of any requested documents on the grounds that they are otherwise not discoverable, including, but not limited to, objections based on any applicable privilege, undue burden, overbreadth, relevance, and proportionality to the needs of the case. Any party may seek an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL.

Prior to seeking such an order, the party seeking the order may write a letter to the designating party identifying the Protected Material it challenges. The designating party seeking confidential treatment shall then have four (4) business days from receipt of that letter to respond with its reasons. Failure to provide a timely response to a letter challenging a confidentiality designation shall be deemed a waiver of the right to demand confidential treatment of the challenged material. For the purposes of any motion or other request brought by a party seeking an order from the Court determining that specified Protected Material is not entitled to be treated as CONFIDENTIAL, the burden shall be on the designating party to demonstrate that the Protected Material at issue is entitled to such treatment. Protected Material shall remain subject to the protection of this Order unless and until the Court determines that such Material is not entitled to such designation.

6. <u>Mechanics of Designation</u>. No designation of CONFIDENTIAL shall be effective as to a particular page of Protected Material unless there is placed on or affixed to each page of such Protected Material a marking of "CONFIDENTIAL." In the case of electronic documents produced in native format, such designation may be made on the physical media (e.g., disk, flash drive) containing such electronic documents and on a slipsheet accompanying the native file if the file is served electronically. Testimony may be designated CONFIDENTIAL within ten (10) business days after receipt of a transcript of said testimony by furnishing to counsel for the other parties a detailed statement of the specific portions of any such information, by page and line number or exhibit number, by designating lines and pages as confidential by highlighting or digital marking, or by a statement on the record at the time the testimony is given. Pending the expiration of said ten (10) business days, all parties shall presumptively treat the entire deposition transcript as CONFIDENTIAL. In addition to the requirements of this Order, the court reporter before whom

a deposition or other testimony relating to Protected Material is taken shall, at the request of any party, designate a portion of the deposition or any exhibits containing Protected Material as CONFIDENTIAL.

7. <u>No Waiver; Late Designation</u>.  Neither the failure of a party to designate information or documents as CONFIDENTIAL in accordance with this Order nor the failure to object to such a designation shall waive the right to do so or preclude a party from subsequently designating or objecting to the designation of such information or documents as CONFIDENTIAL.  The parties understand and acknowledge that a party's failure to designate information or documents as CONFIDENTIAL relieves the other parties of any obligation of confidentiality until such a designation is made.  Promptly after written notice to the receiving parties of any such subsequent designation by the producing party, which notice shall specifically identify the documents or information to be designated, the parties shall confer and agree upon a method to mark as CONFIDENTIAL any such subsequently designated documents.  All documents containing any such subsequently designated information will be thereafter treated in accordance with this Order.

8. <u>Objections to Designations</u>:  A party may, at any time, make a good faith challenge to the propriety of a Confidential Information designation.  In the event a party objects in writing to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, either party may apply to the Court for a ruling regarding the designation.  If such a motion is made, the designating party has the burden of establishing that the designation is proper.  If a timely motion is made, any documents or other materials that have been designated CONFIDENTIAL that are

the subject of the motion shall be treated as Confidential until such time as the Court rules that such materials should not be treated as Confidential.

9. <u>Control of Protected Material</u>. All Protected Material shall be maintained under the direct control of counsel of record in the above-captioned litigation, who shall be responsible for preventing any disclosure thereof, except as permitted by the terms of this Order. Attorney Professionals may review and make working copies, abstracts, and digests of Protected Material for use in connection with any case in the above-captioned litigation, and such working copies, abstracts, and digests shall be deemed Protected Material under the terms of this Order provided that access to Protected Material, in whatever form stored or reproduced, shall be limited to those persons entitled to receive such information pursuant to the terms of this Order and shall be appropriately marked in accordance with the terms of this Order.

10. <u>Return</u>. Unless otherwise instructed by the Court, at the conclusion of this action, including any appeals, all Protected Material, in whatever form stored or reproduced, shall be returned to counsel of record for the party who produced said Protected Material, or the receiving parties shall certify that all such information has been destroyed, except that the attorneys for the parties shall be entitled to retain all litigation documents, including exhibits and their own memoranda, containing Protected Material. Such litigation documents and memoranda shall be used only for the purpose of preserving files on this action, and shall not, without the written permission of the designating party or an order of this Court, be disclosed to anyone other than those to whom such information was actually disclosed, in accordance with this Order, during the course of any case in the above-captioned litigation.

11. <u>Filing under Seal</u>. Any party seeking to file documents containing Protected Material shall file a motion to file under seal pursuant to all applicable Federal Rules of Civil Procedure

and the Local Rules of this Court.  If a motion to seal is granted, the parties may move to unseal a document for use in dispositive motions or at trial.

      12.  <u>Subpoena of Protected Material</u>.  If a person in possession of Protected Material who is not the producing party with respect to that Protected Material receives a subpoena or other request seeking production or other disclosure of Protected Material, that person shall immediately give written notice to counsel for the producing party, identifying the Protected Material sought and the date and time that production or other disclosure is required.  In no event should production or disclosure be made without written approval by counsel for the producing party or by further order of the Court or another court of competent jurisdiction.

      13.  <u>Inadvertent Disclosure</u>.  Should any Protected Material be disclosed, through inadvertence or otherwise, to any person and/or entity not entitled to access or review same, then such person and/or entity:

      (a)  Will be informed promptly of all provisions of this Order by the responsible party;

      (b)  Will immediately be identified to all counsel of record in all Named Actions by the responsible party; and

      (c)  Will be requested, in writing by the responsible party, to return the material to the responsible party.

      Inadvertent disclosure by the disclosing party of any Protected Material, regardless of whether said Protected Material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the protectability of the Protected Material in accordance with the terms of this Order, either as to the specific Protected Material disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

14.  Unauthorized Disclosure.  Neither the United States Department of Justice, the Federal Bureau of Prisons, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiff's counsel under this Order, or of any information contained in such documents.

15.  Modification.  This Order is without prejudice to the right of any party to apply at any time for additional protection, or to amend, modify, or rescind the restrictions of this Order. The party must provide written notice to counsel of record for all parties in the above-captioned litigation specifying the portion(s) of this Order it seeks to amend, modify, or rescind and any additional provisions it may seek to add to the Order. The written notice must be served five (5) business days in advance of filing any such motion. The parties expressly reserve the right to seek modification, amendment, or rescission of this Order by mutual agreement in writing.

16.  Enforcement.  All persons to whom Protected Material is disclosed shall be subject to the jurisdiction of this Court, for the purpose of enforcing this Order. This Order shall continue in full force and effect, and shall be binding upon the parties and all persons to whom Protected Material has been disclosed, both during and after the pendency of this case.

**SO ORDERED**.

Dated: _____          _____
                                                 NANCY J. ROSENSTENGEL
                                                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS                )
(a.k.a. CRISTIAN NOEL IGLESIAS),         )
                                         )
                        Plaintiff,       )
                                         )        Case No. 19-cv-00415-NJR
                v.                       )
                                         )
IAN CONNORS, *et al.*,                   )
                                         )
                        Defendants.      )

## APPENDIX A

## AGREEMENT AND CONSENT TO PROTECTIVE ORDER

The undersigned hereby declares and acknowledges as follows:

1. I have read the Uniform Protective Order (the "Order") entered in the above-captioned case on _____, and I fully understand its contents.

2. I am a person described in paragraph 4 subparagraphs (d), (e) or (f) of the Order. I understand that by signing this declaration, I will be eligible to receive Protected Material under the terms and conditions of the Order.

3. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and, to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court for the Southern District of Illinois so that the Court shall have the power and authority to enforce the Order and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of court.

Dated:_____        _____
                                              (Signature)


                                              _____
                                              (Printed Name)


                                              _____
                                              (Address)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS        )
(a.k.a. CRISTIAN NOEL IGLESIAS),  )
                                 )
                    Plaintiff,    )
                                 )     Case No. 19-cv-00415-NJR
              v.                  )
                                 )
IAN CONNORS, *et al.*,            )
                                 )
                  Defendants.     )

## FED. R. EVID. 502(D) ORDER

Upon consideration of the parties' joint motion pursuant to Federal Rule of Evidence 502(d) for entry of an order governing the inadvertent production of documents that may be privileged or protected, it is hereby **ORDERED** as follows:

### I.    NO WAIVER BY DISCLOSURE

1.      The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges including any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.

Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2.      This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**II.      DEFINITIONS**

1.      "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2.      "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

**III.     PROCEDURES**

The procedures applicable to a claim of privilege with respect to a produced document and the resolution thereof shall be as follows:

1.      If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and then return the document or destroy it and certify that it has been destroyed to the producing party. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2.      If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

3.      The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

4.      Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5.      Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered – and if applicable securely stored – and not be used by the receiving party in the litigation (e.g., filed as an exhibit to a pleading or used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6.      Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The

receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged.   Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7.     If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business.   Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.   In the case of the inadvertent disclosure of information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security additional procedures may be required as specified by the United States Government.

**SO ORDERED**.


Dated: _____          _____
                                                                      NANCY J. ROSENSTENGEL
                                                                      United States District Judge