IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>IAN CONNORS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 19-cv-00415-RJN<br><br>Judge Nancy J. Rosenstengel |

**PLAINTIFF'S MOTION TO COMPEL EXPEDITED DISCOVERY**

Plaintiff Cristina Nichole Iglesias moves this Court to compel Defendants to produce to Plaintiff, by October 15, 2021, certain documents that are necessary for her to prepare for the October 19, 2021 hearing before this Court on Plaintiff's Motion for Preliminary Injunction.

Given the upcoming hearing, Plaintiff respectfully requests expedited briefing on this Motion to ensure that the requested discovery, if ordered by this Court, is produced in a timely fashion. In that vein, Ms. Iglesias proposes a schedule on which Defendants file a response to this Motion by October 8, Plaintiff files a reply (if any) by October 11, and any documents the Court orders to be produced are turned over by October 15.

**I.     Ms. Iglesias Has in Good Faith Sought Production of Relevant Documents When Their Existence and Importance Was Revealed.**

Central to Ms. Iglesias's Motion for Preliminary Injunction is the question of whether Defendants are providing her with constitutionally adequate healthcare. *See* ECF No. 93. Ms. Iglesias's counsel has only recently been made aware of the existence and importance of relevant documents in the last month, including through the September 10, 2021 deposition of Dr. Alison Leukefeld and new developments in Ms. Iglesias's healthcare at her new institution, Federal

1

Medical Center-Carswell ("FMC-Carswell"). These records include significant materials relating to Defendants' discussions regarding (and apparent denials of) gender-affirming healthcare for Ms. Iglesias, as well as recent communications between Ms. Iglesias's current healthcare providers and Federal Bureau of Prisons administrators. The records also include relevant medical and mental-health records that Ms. Iglesias's counsel have come to learn were not included by Defendants in response to her FOIA request for all such records. Pursuant to Rule 37, Ms. Iglesias now moves for an order compelling production of these relevant documents. *See* Fed. R. Civ. P. 37.

Ms. Iglesias and her counsel have in good faith conferred or attempted to confer with Defendants to pursue production of the documents that are the subject of this Motion, but to no avail. *See* Fed. R. Civ. P. 37(a)(1). On September 22, 2021, counsel for Ms. Iglesias asked Defendants' counsel to produce: (1) the agendas, minutes, and records from all Transgender Executive Council ("TEC") and Transgender Clinical Care Team ("TCCT") meetings where Ms. Iglesias was discussed that have not already been produced; (2) all documents about Ms. Iglesias considered by members of the TEC and TCCT; (3) all medical and mental-health records for Ms. Iglesias that have not already been produced for the period of 2019 to September 2021, including unit-staff-only filings; and (4) all communications about Ms. Iglesias to the TEC, TCCT, and Dr. Elizabeth Stahl since May 2021. Mr. Gardner, counsel for Defendants, declined that request on September 23, 2021 and referred back to a September 9, 2021 letter sent by Defendants' counsel to Ms. Iglesias's counsel.

In Mr. Gardner's September 9, 2021 letter, he claims that Plaintiff's request for production is inconsistent with August 30, 2021 correspondence in which counsel for Ms. Iglesias stated that she is "inclined to limit the expedited discovery we request to a deposition of Dr. Leukefeld."

2

Since August 2021, however, Ms. Iglesias and her counsel have become aware of the importance of the requested documents because of information revealed during Dr. Leukefeld's deposition about Defendants' transgender committees, as well as subsequent case developments, including recent communications between Dr. Elizabeth Stahl[1] and Ms. Iglesias's healthcare providers at FMC-Carswell, including upon information and belief Dr. Charles Langham, and new developments concerning Ms. Iglesias's healthcare brought to counsel's attention at legal meetings with Ms. Iglesias throughout September 2021. The importance—and, in some cases, existence—of these records has become apparent only recently, and it is crucial that Ms. Iglesias has access to this information in order to fully present her constitutional claims regarding her healthcare at the upcoming preliminary injunction hearing before this Court.

## II. Ms. Iglesias's Pre-Conferral Discovery Request Is Expressly Authorized Under Local Rule 26.1(a)(2).

Counsel for Defendants also incorrectly stated in the September 9, 2021 letter that "[i]n the absence of a court order, [Ms. Iglesias] ha[s] no entitlement to discovery at this juncture." To the contrary, Ms. Iglesias's pre-conferral discovery request is expressly authorized under the relevant rules. The Federal Rules of Civil Procedure provide that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed R. Civ. P. 26(d)(1). Plaintiff and Defendants have not yet had their Rule 26(f) conference. However, the Southern District of Illinois's local rules provide an "exception" to Rule 26, which otherwise "control[s] the initial stages of discovery." S.D. Ill. Local R. 26.1(a). Specifically, Local Rule 26.1(a)(2) provides that the list of exempted proceedings at Rule 26(a)(1)(B) shall be "construed to include . . . prisoner civil rights cases." *Id.* 26.1(a)(2); *see*

---

[1] Dr. Stahl is currently the Federal Bureau of Prison's Chief Medical Officer.

3

*also* Fed. R. Civ P. 26, Notes of Advisory Committee on 1993 Amendments (stating that discovery may begin prior to a Rule 26(f) conference if authorized by local rule).

Furthermore, case law in the Southern District of Illinois confirms that, "because this district's local rules exempt 'prisoner civil rights cases' from the initial states of disclosure and discovery of Rule 26, . . . Rule 26 does not forbid discovery from taking place before the parties have conferred pursuant to Rule 26(f)." *Birdo v. Simer*, 2008 WL 718559 at *2 (S.D. Ill. Mar. 14, 2008). Indeed, this Court has acknowledged that a prisoner's Eighth Amendment claims fall within the scope of "prisoner civil rights case[s]" as specified in Local Rule 26.1(a). *Bentz v. Spiller*, No. 3:14-cv-996-NJR-DGW, 2017 U.S. Dist. LEXIS 162331, at *11 n.2 (S.D. Ill. Sep. 30, 2017) (Rosenstengel, J.) ("This prisoner civil rights case [including Eighth Amendment claims] is exempt from the requirements of [Federal] Rule 26(a)."). Thus, Ms. Iglesias is entitled to pre-conferral discovery, and her narrowly tailored requests for production should be granted.

### III. Ms. Iglesias's Document Requests Warrant Expedited Discovery Because of Her Pending Motion for Preliminary Injunction.

Ms. Iglesias's requests for production further warrant pre-conferral expedited discovery because the requested documents are relevant and necessary to her pending motion for preliminary injunction. *See* Fed. R. Civ P. 26, Notes of Advisory Committee on 1993 Amendments (noting that pre-conferral discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"); *see also IRC, LP v. McLean*, 2009 WL 839043 at *1 (S.D. Ill. Mar. 31, 2009) (nothing that the advisory notes to Federal Rule 26 "suggest that it may be appropriate to order expedited discovery where there is a request for a preliminary injunction").

The Southern District of Illinois has granted pre-conferral expedited discovery requests when they are narrowly tailored to prepare for a preliminary injunction hearing. *See, e.g.*, *Steel Warehouse Co., LLC v. Luying Yang*, No. 11-cv-162-MJR-SCW, 2011 U.S. Dist. LEXIS 23445,

4

at *3 (S.D. Ill. Mar. 8, 2011) (granting plaintiff's pre-conferral discovery requests that were relevant and necessary for plaintiff's upcoming preliminary injunction hearing); *Johnson v. Smith*, 2005 WL 8173829 at *2 (S.D. Ill. Aug. 19, 2005) (granting plaintiffs' pre-conferral expedited discovery requests that were narrowly tailored to obtain necessary and relevant information to the preliminary injunction). Ms. Iglesias's requests for production are narrowly tailored to obtain documents and information regarding the healthcare that Defendants are denying Ms. Iglesias, which is central to her pending Motion for Preliminary Injunction. *See* ECF No. 93 at 1 ("[Ms. Iglesias] moves for a preliminary injunction to address Defendants' failures to provide adequate care for gender dysphoria—a serious medical condition"). Accordingly, this Court should grant Ms. Iglesias's Motion to Compel in advance of the upcoming hearing on October 19, 2021.

## CONCLUSION

For the foregoing reasons, Ms. Iglesias respectfully requests that the Court order Defendants to produce to her, by October 15, 2021, the following documents:

(1) the agendas, minutes, and records from all Transgender Executive Council ("TEC") and Transgender Critical Care Team ("TCCT") meetings where Ms. Iglesias was discussed that have not already been produced;

(2) all documents about Ms. Iglesias considered by members of the TEC and TCCT;

(3) all medical and mental-health records for Ms. Iglesias that have not already been produced for the period of 2019 to present, including unit-staff-only filings; and

(4) all communications about Ms. Iglesias sent to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021.

Dated: October 1, 2021

Respectfully submitted,

*/s/ Frank A. Battaglia*
**John A. Knight**
**Joshua D. Blecher-Cohen**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jaknight@aclu.org
jblechercohen@aclu-il.org

**Taylor Brown**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org

**Frank Battaglia**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
fbattaglia@winston.com

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

*Attorneys for Plaintiff Cristina Nichole Iglesias*

## **CERTIFICATE OF SERVICE**

I, Frank A. Battaglia, certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record in the above-captioned case.


Dated: October 1, 2021                                      /s/  *Frank A. Battaglia*
                                                                                Frank A. Battaglia