UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS), <br><br> Plaintiff, <br><br> v. <br><br> IAN CONNORS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) Case No. 19-cv-00415-RJN ) ) ) ) ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL EXPEDITED DISCOVERY**

Despite repeatedly telling the Court that she did not wish to seek expedited discovery beyond the deposition of Dr. Alison Leukefeld, Plaintiff has now changed course and seeks broad, burdensome discovery less than three weeks before the preliminary injunction hearing, without justifying why she suddenly needs expedited discovery to support a motion filed *six* months ago. Pl.'s Mot. to Compel Discovery, ECF No. 146 ("Mot."). Plaintiff's motion to compel expedited discovery should be denied.

**BACKGROUND**

On August 30, 2021, the Court held a telephonic status conference to discuss, among other things, "the parties['] need for expedited discovery before the preliminary [injunction] hearing." ECF No. 40; Ex. 1. Shortly before that conference, Plaintiff's counsel advised the government in writing that, "[a]fter thinking more about the question of moving forward with expedited discovery, we are inclined to limit the expedited discovery we request to a deposition of Dr. Leukefeld." Ex. 2. Consistent with that representation, Plaintiff's counsel informed the Court during the status conference that Plaintiff did not seek any discovery beyond Dr. Leukefeld's deposition. Defendants

did not object to the deposition, in part because of their understanding that Plaintiff would not seek any expedited discovery other than that deposition.

On August 31, 2021, the Court issued a minute order instructing counsel for the parties to inform the Court by September 10, 2021, regarding, among other things, "whether any additional depositions or discovery is needed to be completed before the hearing over Plaintiff's preliminary injunction on September 21, 2021." ECF No. 143.

On September 8, just two days before Dr. Leukefeld's deposition, Plaintiff's counsel served a Rule 45 subpoena seeking, among other things,

> [A]ny documents [Dr. Leukefeld] uses to prepare for the deposition; and any records she relied on to prepare her two declarations (not including any documents included as exhibits to Defendants' court filings). Those records should include any TEC records, including minutes, related to Cristina's requests for transfer, surgery and hair removal that were not included in Defendants' court filings, including those referenced in Dr. Leukefeld's April 2021 Declaration, ¶¶ 15-16. They should also include those TCCT records mentioning Christina to the extent that Dr. Leukefeld has already relied on them or will do so to prepare for the deposition.

Ex. 3. Defendants responded to the subpoena the next day, explaining that it was procedurally improper, untimely, and inconsistent with Plaintiff's representations to the Court and government counsel. Ex. 4. Nevertheless, in the spirit of cooperation, the government produced over one hundred pages of documents, including multiple minutes from the Transgender Executive Counsel ("TEC"). *Id.*

On September 10, *after* the conclusion of Dr. Leukefeld's deposition, Plaintiff's counsel notified the Court that "[t]hey have taken the deposition of Dr. Leukefeld and do not anticipate the need for any additional depositions or discovery before that hearing." Ex. 5.

Despite this representation to the Court, Plaintiff changed course only ten days later, when her attorneys emailed Defendants to request additional documents. Ex. 6. Defendants' counsel responded the following day, referring Plaintiff to previous correspondence explaining the impropriety of such a request. *Id.* Plaintiff then waited another eight days, until less than three weeks

2

remained before the preliminary injunction hearing, and filed her motion to compel production of the requested documents on an expedited basis. Mot. at 4-5. Specifically, Plaintiff now demands that Defendants produce within the next two weeks:

> (1) the agendas, minutes, and records from all [TEC] and Transgender Critical Care Team ("TCCT") meetings where Ms. Iglesias was discussed that have not been produced; (2) all documents about Ms. Iglesias considered by members of the TEC and TCCT; (3) all medical and mental-health records for Ms. Iglesias that have not already been produced for the period of 2019 to present, including unit-staff-only filings; and (4) all communications about Ms. Iglesias to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021.

*Id.* at 5. Notably, Plaintiff's counsel sought this discovery without serving a discovery request under Federal Rule of Civil Procedure 34.

## ARGUMENT

Plaintiff's belated informal request for discovery is unduly burdensome and fails to explain why it is necessary for purposes of the upcoming preliminary injunction hearing. Despite repeatedly telling the Court that she did not want discovery beyond Dr. Leukefeld's deposition, Plaintiff now seeks to compel broad discovery just weeks before the evidentiary hearing. Plaintiff's motion should be denied as both procedurally defective and substantively improper.

Plaintiff asserts that her "counsel has only recently been made aware of the existence and importance of relevant documents in the last month, including through the September 10, 2021 deposition of Dr. Alison Leukefeld and new developments in Ms. Iglesias's healthcare at her new institution, Federal Medical Center-Carswell ("FMC-Carswell")." Mot. at 1-2. As an initial matter, Plaintiff's counsel informed the Court *after* Dr. Leukefeld's deposition that Plaintiff was not seeking any additional discovery in advance of the preliminary injunction hearing. Ex. 5. Plaintiff fails to provide any justification for her change in position. Nor does Plaintiff explain why she waited three weeks after Dr. Leukefeld's deposition to move to compel the documents she now seeks.

3

Plaintiff opaquely alludes to "new developments concerning Ms. Iglesias's healthcare brought to counsel's attention at legal meetings with Ms. Iglesias throughout September 2021." Mot. at 3. But Plaintiff fails to explain what these new developments are, let alone how they relate to her claim for gender-affirming surgery or why any such documents would be necessary in connection with the preliminary injunction motion. Further, without knowing when these supposed new developments occurred or specifically when they were disclosed to Plaintiff's counsel, the Court cannot determine whether Plaintiff or her counsel were dilatory in failing to raise them until now.

Plaintiff also contends that the Federal Rules can permit expedited discovery in the context of a preliminary injunction motion. Mot. at 4-5. Even if true, that is beside the point. Plaintiff has had the opportunity *twice* to seek expedited discovery and made the strategic decision to seek only the deposition of Dr. Leukefeld. Plaintiff has failed to explain with any specificity why she should be entitled to a third bite at the apple at this late date.[1]

Indeed, because Plaintiff has made only an informal email request for documents, she is not even legally entitled to move to compel at this time. As district courts in the Seventh Circuit have uniformly held, an "informal request for the production of documents . . . does not constitute a formal discovery demand that can properly serve as the basis for a motion to compel." *Studio & Partners, s.r.l. v. KI*, No. 06-C-0628, 2007 WL 896065, at *1 (E.D. Wis. Mar. 22, 2007); *see also Rustom*

---

[1] Plaintiff asserts that her "pre-conferral discovery request is expressly authorized" under S.D. Ill. Local R. 26.1(a). Mot. at 3. Putting to one side the fact that the Court already has authorized limited discovery in advance of the preliminary injunction hearing based on the requests of the parties, Plaintiff's reliance on Local Rule 26.1(a) is misplaced. Local Rule 26.1(a) is not an absolute exemption from routine discovery events such as the Rule 26(f) meeting of counsel, even in prisoner civil rights cases. Instead, that rule expressly acknowledges that the Court "may order an initial conference . . . in a case falling in one of the excluded categories if the judicial officer determines that the complexity of the case or some unusual factor warrants more extensive pretrial case management than is usually necessary for that type of case." L.R. 26.1(a). Defendants respectfully submit, particularly where plaintiff is represented by counsel, that this case falls squarely within that exception to Local Rule 26.1(a).

*v. Rustom*, No. 17 C 9061, 2018 WL 3105926, at *2 (N.D. Ill. June 25, 2018); *Ousterhout v. Zukowski*, No. 11 CV 9136, 2016 WL 3675564, at *4 (N.D. Ill. Apr. 5, 2016), *R&R adopted*, No. 11-CV-9136, 2016 WL 3612086 (N.D. Ill. July 6, 2016); *Patel ex rel. R.P. v. Menard, Inc.*, No. 1:09-CV-0360-TWP-DML, 2011 WL 5024991, at *3 (S.D. Ind. Oct. 20, 2011).

  Moreover, as the movant, Plaintiff bears the burden of explaining what expedited discovery is necessary and why, as well as ensuring that her request is narrowly tailored such that the discovery can reasonably be completed in the shortened timeframe. *See Orthopediatrics Corp. v. Wishbone Med.*, No. 3:20-CV-929-JD-MGG, 2020 U.S. Dist. LEXIS 255019, at *4 (N.D. Ind. Dec. 15, 2020). Plaintiff has done neither. Rather, Plaintiff says virtually nothing about why the requested expedited discovery is supposedly necessary, noting only that it relates to "the healthcare that Defendants are denying Ms. Iglesias[.]" Mot. at 5. But if that generic justification—that the discovery allegedly relates to the claims in the case—were sufficient, expedited discovery would be the norm, not the disfavored exception. For that reason, courts routinely deny motions for expedited discovery where, as here, the movant fails to explain with specificity why the discovery is needed in connection with a preliminary injunction motion. *See, e.g.*, *Fidelity Brokerage Services, LLC, v. Jason Edwards and Edward D. Jones & Co., LP*, No. 20-cv-852, 2021 WL 3771771, at *1 (N.D. Tex. Feb. 4, 2021) (denying motion for expedited discovery where plaintiff failed to explain why requested discovery "would aid in determining the preliminary injunction issue") (citing *KWB & Assocs. v. Marvin*, No. EDCV 18-289-DMG, 2018 WL 5094923, at *4 (C.D. Cal. Mar. 6, 2018) (denying request for proposed deposition where plaintiff made no effort to identify or limit topics)).

  Next, contrary to Plaintiff's contention, Plaintiff's requests are not "narrowly tailored." Mot. at 5. Rather, they are exceptionally burdensome because of the breadth of the requests, the extremely short time in which Defendants would have to respond, and the obligations Defendants'

5

counsel have in other cases (which include representing the government in two other preliminary injunction proceedings). For example:

- Plaintiff's demand for "all communications about Ms. Iglesias sent to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021," would require the government to conduct electronic and hard-copy searches of numerous custodians over a five-month period, review the results of those searches for responsiveness and privilege, redact any privileged or non-responsive information concerning other inmates, and produce any documents after providing them to the government's lab for processing.

- Plaintiff's demand for "all documents about Ms. Iglesias considered by members of the TEC and TCCT," would require all the above steps as well as interviews of the members of the TEC and TCCT to identify any responsive documents over the several years that Plaintiff has been considered for any type of care by those entities.

- Not only is the request for "the agendas, minutes, and records from all [TEC] and [TCCT] meetings where Ms. Iglesias was discussed that have not already been produced" equally burdensome—particularly given the need to redact sensitive information related to other inmates—but this material appears to be cumulative of materials the government already has provided to Plaintiff. For instance, Defendants already have provided Plaintiff with the minute meetings from the October 7, 2019, March 9, 2020, and April 19, 2021 TEC meetings. Notably, the meeting minutes are cumulative, meaning that each contains a summary of every meeting dating back to May 2016. Plaintiff has not articulated any reason she would need even more meeting minutes to support her preliminary injunction motion.

- Plaintiff requests "all medical and mental-health records for Ms. Iglesias that have not already been produced for the period of 2019 to present, including unit-staff-only filings." However,

6

Defendants already provided Plaintiff with her medical and mental health records through July 2021, the date the Federal Bureau of Prisons fulfilled Plaintiff's Freedom of Information Act request. Plaintiff has not identified any medical records missing from Defendants' July production, which totals more than 1,500 pages and which Defendants believe to be comprehensive.[2] The only additional medical and psychological records of which Defendants are aware would be those created since July. Plaintiff has not proffered any reason she would need those two months' of records for the upcoming hearing.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Expedited Discovery should be denied.

Dated: October 4, 2021    Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Joshua E. Gardner*
JOSHUA E. GARDNER
Special Counsel
GARY D. FELDON
Trial Attorney
United States Department of Justice
Federal Programs Branch
1100 L St. NW, Room 11502
Washington, DC 20530
Tel.:    (202) 305-7583
Fax:    (202) 616-8470
Email:  joshua.e.gardner@usdoj.gov

*Counsel for Defendants*

---

[2] Plaintiff has requested "unit-staff-only filings," Mot. at 5, but this term is unfamiliar to Defendants. Regardless, Defendants' July production endeavored to capture and produce *all* of Plaintiff's medical and psychological records, so it should include whatever Plaintiff means by that term.