# EXHIBIT 4



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| | |
|---|---|
| **Mailing Address** | **Overnight Delivery Address** |
| P.O. Box 883 | 1100 L Street, N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20005 |

_Joshua E. Gardner_
_Special Counsel_
Tel: (202) 305-7583
Fax: (202) 616-8202
Joshua.e.gardner@usdoj.gov

September 9, 2021

<u>Via Email</u>

John Knight
Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan, Suite 600
Chicago, IL 60602

     RE: _Iglesias v. Carvajal_, No. 19-cv-00415-JPG (S.D. Ill.)

Dear Mr. Knight:

     We are in receipt of your September 8, 2021 Rule 45 subpoena for the deposition of Dr. Alison Leukefeld and the following documents: "Dr. Leukefeld's curriculum vitae; any documents she uses to prepare for the deposition; and any records she relied on to prepare her two declarations (not including any documents included as exhibits to Defendants' court filings). Those records should include any TEC records, including minutes, related to Christina's request for transfer, surgery and hair removal that were not included in Defendants' court filings, including those referenced in Dr. Leukefeld's April 2021 Declaration, ¶¶ 15-16. They should also include those TCCT records mentioning Christina to the extent that Dr. Leukefeld has already relied upon them or will do so to prepare for the deposition."

     Although the Defendants will make Dr. Leukefeld available for deposition on September 10, 2021, as the parties previously have agreed, your request for documents is inappropriate for numerous reasons. First, your request is procedurally defective. Rule 45 subpoenas are for non-parties, not employees of a party, which are govern by Rule 34. _See_ Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a _nonparty_ may be compelled to produce documents . . .) (emphasis added); _Smith v. Pendergrass_, No. 1:02-CV-125, 2003 WL 21919182, *3 (N.D. Ind. Jun. 17, 2003) ("Plaintiff wants to serve his subpoena on parties to this suit; however, he should properly obtain such discovery through Rule 34 document requests."); _Brinckerhoff v. Town of Paradise_, No. S-10-0023, 2010 WL 4806966, *7 (E.D. Cal. Nov. 18, 2010) (holding that Rule 45 subpoena for documents was ineffective when served on employees of defendant). Second, even if Rule 45 were applicable—and it plainly is not—the rule requires a reasonable time for production. _See Elliot v. Mission Trust Serv., LLC_, No. 15-C-9625, 2015 WL 1567901, *4 (N.D. Ill. Apr. 7, 2015) (recognizing that 14 days is the "benchmark for time for compliance" under Rule 45(d)(2)(B)). Plaintiff's subpoena seeks compliance in less than 48 hours, a presumptively unreasonable time for compliance.

     Third, your request for the production of documents is inconsistent with your August 30, 2021

email, where you stated that "[a]fter thinking more about the question of moving forward with expedited discovery, we are inclined to limit the expedited discovery we request to a deposition of Dr. Leukefeld." And during the telephonic status conference later that same day, when the Court asked if you wanted any discovery before the evidentiary hearing, you stated that the only discovery you wanted was Dr. Leukefeld's deposition. Accordingly, the Court permitted the deposition of Dr. Leukefeld and did not order the production of any documents. In the absence of a court order, you have no entitlement to discovery at this juncture. Fed. R. Civ. P. 26(d). Fourth, the documents identified by counsel for the Defendants in preparation for Dr. Leukefeld's deposition are subject to work-product protection, and will not be produced. *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices and Relevant Prod. Liab. Litig.*, No. 3:09-md-02110, 2011 WL 2580764, *2 (N.D. Ill. Jun. 29, 2011) (holding that "counsel's selection of documents in preparation for a client's deposition is shielded from discovery under the work-product doctrine.")

Nevertheless, in the spirit of cooperation, enclosed are documents Dr. Leukefeld reviewed in support of her preliminary injunction declaration that have not already been made available to you through the attachments to her declaration, the Freedom of Information Act, or are not otherwise publicly available. The documents are bates labeled IGLESIAS 000001-000114. We are also enclosing a copy of her CV.

Sincerely,

*/s/ Joshua E. Gardner*

Joshua E. Gardner
Special Counsel
Federal Programs Branch

Encl.