UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS<br>(a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>Plaintiff,<br><br>v.<br><br>IAN CONNORS, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   Case No. 19-cv-00415-RJN<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SUPPLEMENTAL DECLARATION**

Defendants respectfully move to strike Plaintiff's Reply in Support of Her Motion to Compel Expedited Discovery, ECF No. 151. In the alternative, Defendants seek leave of Court to file a declaration in opposition to Plaintiff's Motion to Compel.

It is a cardinal rule of briefing that a party may not present new arguments and evidence on reply, thus inhibiting the non-moving party from responding to those arguments and evidence. *See Gold v. Wolpert*, 876 F.2d 1327, 1331 n.6 (7th Cir.1989) ("It is well-settled that new arguments cannot be made for the first time in reply. . . . This goes for new facts too."); *Reis v. Robbins*, No. 4:14-CV-00063-RLY-TA, 2015 WL 846526, at *2 (S.D. Ind. Feb. 26, 2015) (acknowledging that "new arguments and evidence may not be raised for the first time in a reply brief"); *LeSEA, Inc. v. LeSEA Broad. Corp.*, 379 F. Supp. 3d 732, 737 (N.D. Ind. 2019) ("Arguments raised for the first time in a reply are fundamentally unfair because the other side has no opportunity to respond, and they are properly disregarded by a court as waived."); *Tellabs Operations, Inc. v. Fujitsu Ltd.*, 283 F.R.D. 374, 379 (N.D. Ill. 2012) ("'A reply brief is for replying' not for raising essentially new matter that could have been advanced in the opening brief."); *Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011) ("A

party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief.").

Yet that is precisely what Plaintiff has done here. Plaintiff has raised for the first time in her reply brief an alleged communication between Dr. Elizabete Stahl, BOP's Chief Medical Officer, and Dr. Charles Langham, Plaintiff's treating physician, concerning an alleged recommendation for Plaintiff to receive gender-affirming surgery and permanent hair removal. *See* ECF No. 151 at 3; *see also* ECF No. 151-1, at ¶ 10. In particular, Plaintiff claims in her declaration in support of her reply brief that Dr. Langham informed Plaintiff "that Dr. Stahl had considered and deferred my request for gender-affirming surgery and permanent hair removal." *See* ECF No. 151-1, at ¶ 10. Plaintiff's reply brief repeatedly cites these statements to argue that Defendants must produce additional expedited discovery. *See* Reply at 3 & n.5, 5.

Plaintiff's tactic is especially improper given that her Motion to Compel failed to meaningfully explain why she believes she needs further expedited discovery. *See generally* Motion to Compel; *see also* Defs' Opp'n to Pl's Mot. to Compel Expedited Discovery, at 5. Plaintiff effectively reserved the substance of her motion for her reply. "Loading-up on a reply brief" in this way "effectively results in a one-sided presentation, which is hopelessly inconsistent with the very premise on which the adversary system is based." *Monco v. Zoltek Corp.*, 317 F. Supp. 3d 995, 1001, n. 3 (N.D. Ill. 2018). "In addition to being unfair to one's opponent, the tactic of saving everything for last adversely affects the accuracy of the judicial process, which depends on comprehensive presentations by both sides." *Id.* Plaintiff's reply violates these basic principles—that "reply briefs are for replying" and are not the place to submit new evidence and arguments that did not appear in the motion. Therefore, the Court should strike Plaintiff's reply.

To the extent, however, that the Court will consider the Reply, Defendants respectfully request that the Court grant Defendants leave to file the Declaration of Dr. Elizabete Stahl

addressing the new evidence and contentions that Plaintiff presented on reply.  As reflected in Dr. Stahl's declaration, attached as Ex. 1, she never received any written or verbal recommendation for gender-affirming surgery or permanent hair removal from Dr. Langham, or any other staff member at FM Carswell. *See* Decl. of Dr. Elizabete Stahl, at ¶ 4. Further, Dr. Stahl never denied or deferred such a request in regard to Plaintiff, and if she were presented with such requests, she would consider it consistent with BOP policy. *Id.* at ¶¶ 5-6.  Because Defendants could not have anticipated or addressed this issue in their opposition to Plaintiff's motion to compel, they respectfully request leave to file the attached declaration.

Dated:  October 13, 2021           Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director, Federal Programs Branch

*/s/ Joshua M. Kolsky*
JOSHUA E. GARDNER
Special Counsel
GARY D. FELDON
JOSHUA M. KOLSKY
Trial Attorneys
United States Department of Justice
Federal Programs Branch
1100 L St. NW, Room 11502
Washington, DC 20530
Tel.:    (202) 305-7664
Fax:    (202) 616-8470
Email:  joshua.kolsky@usdoj.gov

*Counsel for Defendants*