IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (also known as CHRISTIAN NOEL IGLESIAS),<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, MICHAEL CARVAJAL, CHRIS BINA, IAN CONNORS, DAN SPROUL, JEFFERY ALLEN, ALIX MCLEAREN, THOMAS SCARANTINO, and DONALD LEWIS,<br><br>Defendants. | Case No. 19-CV-415-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Compel Expedited Discovery (Doc. 146)[1] filed by Plaintiff Cristina Nichole Iglesias. Before the preliminary injunction hearing set on October 19, 2021, Iglesias seeks the following:

(1) the agendas, minutes, and records from all Transgender Executive Council ("TEC") and Transgender Critical Care Team ("TCCT") meetings where Ms. Iglesias was discussed that have not already been produced;

---

[1] Iglesias's motion is titled, "Motion to Compel Expedited Discovery." The Court, however, construes it as a motion for expedited discovery. While Iglesias's counsel served Defendants with Plaintiff's First Set of Requests for Production pursuant to Rule 34 on December 29, 2020, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26. If the Court evaluates this as a motion to compel, then it is unclear whether Iglesias is legally entitled to move to compel because she was not authorized to seek discovery. Accordingly, to the extent this is a motion to compel – the motion is denied.

(2) all documents about Ms. Iglesias considered by members of the TEC and TCCT;

(3) all medical and mental-health records for Ms. Iglesias that have not already been produced for the period of 2019 to present, including unit-staff-only filings; and

(4) all communications about Ms. Iglesias sent to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021.

Defendants do not argue this information is irrelevant to the pending motion for preliminary injunction, which asks the Court to order Defendants to:

(1) Provide Plaintiff the medically necessary health care she needs, including (1) permanent hair removal, and (2) gender confirmation surgery;

(2) House Plaintiff at an institution consistent with her gender identity;

(3) Protect Plaintiff from the known and serious risks of harm she continues to face while housed in a men's prison.

(Doc. 93, p. 20). Instead, Defendants argue that "Plaintiff's belated informal request for discovery is unduly burdensome and fails to explain why it is necessary for purposes of the upcoming preliminary injunction hearing." (Doc. 147, p. 3). Defendants continue noting that "[d]espite repeatedly telling the Court that she did not want discovery beyond Dr. Leukefeld's deposition, Plaintiff now seeks to compel broad discovery just weeks before the evidentiary hearing." (*Id.*).

Besides Defendants' belated argument, Defendants argue that "Plaintiff has made only an informal email request for documents, she is not even legally entitled to move to compel at this time." (*Id.* at p. 4). Next, Defendants point to Iglesias's "burden of explaining what expedited discovery is necessary and why, as well as ensuring that her request is narrowly tailored such that the discovery can reasonably be completed in the shortened timeframe." (*Id.* at p. 5). Defendants then argue that Iglesias has done neither

(*Id.*).

## LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by *court order*." FED. R. CIV. P. 26(d) (emphasis added). Indeed, district courts have "broad discretion in discovery matters." *Packman v. Chicago Trib. Co.*, 267 F.3d 628, 646 (7th Cir. 2001) (citing *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1056 (7th Cir. 2000)).

When a Rule 26(f) conference has not happened, district courts within the Seventh Circuit "evaluate a motion for expedited discovery 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). "Factors relevant to this analysis may include '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *OrthoPediatrics Corp. v. Wishbone Med., Inc.*, 2020 WL 9671301, at *2 (N.D. Ind. Dec. 15, 2020) (quoting *Ibarra*, 816 F. Supp 2d at 554).

"A party seeking leave to conduct expedited discovery bears the burden of making a prima facie case for such early discovery." *OrthoPediatrics Corp.*, 2020 WL 9671301, at *1 (citing *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012)). "Courts must

also protect defendants from unfair expedited discovery." *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 194 F.R.D. at 623. Thus, district courts in the Seventh Circuit require "the movant [to] establish 'good cause.'" *Roche Diagnostics Corp. v. Binson's Hosp. Supplies, Inc.*, 2017 WL 11573559, at *1 (S.D. Ind. May 11, 2017) (citing *Hard Drive Prods., Inc.*, 283 F.R.D. at 410). "Good cause can be found when the need for expedited discovery, in consideration with the administration of justice, outweighs the prejudice to the responding party." *Id.*; *see also* 8A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure, § 2046.1 (3d ed. 1998) ("it is implicit that some showing of good cause should be made to justify" an expediting discovery order).

## DISCUSSION

### I. Pending Preliminary Injunction

District courts in the Seventh Circuit are split on whether a pending preliminary injunction alone entitles a party to expedited discovery. *See Roche Diagnostics Corp. v. Med. Automation Sys., Inc.*, 2011 WL 130098, at *3 (S.D. Ind. Jan. 14, 2011) ( "[a] pending request for a preliminary injunction is a typical ground that satisfies a good cause standard"); *but see Campaignzero, Inc. v. Staywoke Inc.*, 2020 WL 7123066, at *2 (N.D. Ill. Dec. 4, 2020) ("[a preliminary injunction] alone, however, does not entitle a party to expedited discovery").

The advisory committee's note to the 1993 amendments to Federal Rule of Civil Procedure 26 explains that "discovery can begin earlier . . . [and] will be *appropriate in some cases, such as those involving requests for a preliminary injunction* . . . . FED. R. CIV. P. 26 (emphasis added). Rule 26 has been amended five times after the 1993 amendments. Still,

the advisory committee's notes to the 2000, 2006, 2007, 2010, and 2015 amendments fail to refute that expedited discovery is appropriate in cases involving preliminary injunctions.

Defendants not only fail to address the possibility that a pending preliminary injunction alone entitles a party to expedited discovery, but also Defendants appear to brush aside the fact that Rule 26 allows a party to seek discovery when authorized by court order. *See* Doc. 147, p. 4 ("[e]ven if true, that is beside the point"). Defendants would rather the Court focus on the fact that "Plaintiff has had the opportunity twice to seek expedited discovery and made the strategic decision to seek only the deposition of Dr. Leukefeld." (*Id.*).[2]

Additionally, under Local Rule 26.1(a), "Federal Rule of Civil Procedure 26 shall control the initial stages of disclosure and discovery in all civil cases with the exception of the categories of proceedings specified in Federal Rule of Civil Procedure 26(a)(1)(B)." Local Rule 26.1 continues noting that "[t]hese categories are construed to include the following . . . [and] [lists] prisoner civil rights cases."

---

[2] This argument certainly would weigh against the notion that Iglesias is bringing the motion for good cause, but Defendants mischaracterize the record. At the hearing on August 30, 2021, it was Defendants who explained that they did not need to depose Dr. Ettner and were unlikely to call witnesses. Defendants changed course by September 10, 2021, when they explained that they intended to call Dr. Alison Leukefeld as a witness and scheduled the deposition of Dr. Ettner.

Also, it was not the *parties* who were instructed to inform the Court by September 10 whether any additional depositions or discovery is needed before the hearing over Plaintiff's preliminary injunction on September 21, 2021. Rather, "*Defendants* [were] further instructed to provide the Court notice by September 10, 2021 regarding 1) whether Defendants will depose Dr. Ettner, 2) when the deposition is scheduled, and 3) whether any additional depositions or discovery is needed to be completed before the hearing over Plaintiff's preliminary injunction on September 21, 2021." (Doc. 143) (emphasis added). Defendants were instructed to provide this information because Defendants filed a motion to exclude Dr. Ettner's expert testimony and argued it was untimely and undisclosed.

Defendants argue "Local Rule 26.1(a) is not an absolute exemption from routine discovery events such as the Rule 26(f) meeting of counsel, even in prisoner civil rights cases." (Doc. 147, p. 4). Defendants continue pointing to the last sentence of Local Rule 26.1(a):

> The judicial officer to whom the case is assigned for trial may order an initial conference, a final pretrial conference, or a settlement conference in a case falling in one of the excluded categories if the judicial officer determines that the complexity of the case or some unusual factor warrants more extensive pretrial case management than is usually necessary for that type of case.

Defendants then "respectfully submit, particularly where plaintiff is represented by counsel, that this case falls squarely within that exception to Local Rule 26.1(a)." (Doc. 147, p. 4). The Court does not understand Defendants' characterization of Local Rule 26.1(a). Rather than trying to decipher Defendants' characterization, the Court finds that a pending preliminary injunction weighs in Iglesias's favor especially when considering the advisory committee's notes to the amendments to Rule 26, the fact that Rule 26(d) allows a party to seek discovery when authorized by court order, and Local Rule 26.1(a).

## II.     Breadth of the Discovery Requests

Iglesias argues that her requests are neither belated nor informal because "[o]n December 29, 2020, Ms. Iglesias's counsel served Defendants with Plaintiff's First Set of Requests for Production pursuant to Rule 34." (Doc. 151, p. 1). More importantly, Iglesias explains that the records she "now seeks are a narrow subset of those requested in December 2020." (*Id*. at p. 2).

The requests from December 2020, included:

(1) All medical records relating to or discussing Plaintiff, whether or not those records are contained in Plaintiff's medical records file.

(2) All mental health records relating to or discussing Plaintiff, whether or not those records are contained in Plaintiff's medical records file.

(3) All grievances, appeals of grievances, letters, complaints, or other communications from, or on behalf of, Plaintiff, as well as responses to those grievances, letters, complaints, or other communications.

(4) All communications involving medical professionals or medical personnel, including but not limited to emails, letters, tickets, and notes, relating to or discussing Plaintiff.

(*Id*. at pp. 1-2). Iglesias narrowly tailored her original request based on the needs of her preliminary injunction as follows:

> Ms. Iglesias's request for relevant communications is limited strictly to those sent in a six-month period from *May 2021 to present*. . . . In terms of documents, Ms. Iglesias requests only those medical and mental-health records that have been recently generated or should have been produced per her January 2021 FOIA request; presumably, BOP made every effort to comply with that request and only a small number of responsive documents were omitted or have been generated since. *To further ease any burden*, Ms. Iglesias limits her request to any remaining medical and mental-health records from just the past two years.

(Doc. 151, pp. 3-4) (emphasis added).

Indeed, Iglesias is seeking documents related to the new decisions Defendants have made "[d]uring the pendency of her motion for preliminary injunction . . . ." (*Id*. at p. 3). Iglesias is not seeking documents related to other people, but seeking 1) records from all TEC and TCCT meetings *where Iglesias was discussed*, 2) all documents *about Iglesias* considered by members of the TEC and TCCT; 3) all of *Iglesias's medical and mental-health* records that have not already been produced; 4) all communications *about Iglesias*

sent to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021. *Cf. Strike 3 Holdings, LLC v. Doe*, 2020 WL 6701105, at *1 (N.D. Ill. Nov. 13, 2020) (denying plaintiff's motion for expedited discovery when plaintiff "want[ed] to subpoena an Internet Service Provider for the identity or identities behind an IP address so that Plaintiff can identify the alleged copyright infringer(s)" because "[p]laintiff's requested expedited discovery could risk launching harmful false accusations against innocent people"); *OrthoPediatrics Corp.*, 2020 WL 9671301, at *3 (denying plaintiff's motion for expedited discovery when plaintiff sought "everything related to the IMED Surgical lawsuit that was dismissed in Florida without any link between the two lawsuits . . . .").

Iglesias has shown how her requested expedited discovery is narrowly tailored to the needs of the preliminary injunction by explaining that "[t]hese records include significant materials relating to Defendants' discussions regarding (and apparent denials of) gender-affirming healthcare for Ms. Iglesias, as well as recent communications between Ms. Iglesias's current healthcare providers and Federal Bureau of Prisons administrators." (Doc. 146, p. 2). Accordingly, this second factor weighs in Iglesias's favor.

### III.   Purpose for Requesting the Expedited Discovery

Iglesias's purpose for requesting expedited discovery is to attain the records relating to Defendants' discussions regarding the apparent denials of gender-affirming healthcare. Iglesias's expedited discovery may also assist in showing a reasonable likelihood of success on her deliberate indifference claims—especially considering that the TEC was the one conducting the assessment. Defendants argue in opposition to

Iglesias's motion for preliminary injunction that the TEC "conducted an individualized assessment of Plaintiff and concluded that she was not an appropriate candidate for gender affirming surgery at this juncture because her hormone levels had not yet stabilized, and she had not lived a real-life experience as a female for twelve months in a female prison." (Doc. 100, p. 14). Defendants then distinguish the evidence in *Monroe v. Baldwin*, 424 F. Supp. 3d 526 (S.D. Ill. 2019), which reflected lengthy delays in diagnosis and treatment. (*Id.* at pp. 15-16).

All documents about Iglesias considered by members of the TEC and TCCT would serve Iglesias's purpose—demonstrating a reasonable likelihood that Defendants were deliberately indifferent. Similarly, all communications about Iglesias sent to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021 and all medical and mental health records for Iglesias that have not already been produced for the period of 2019 to present, would also serve Iglesias's purpose—demonstrating a reasonable likelihood that Defendants were deliberately indifferent. This factor weighs in Iglesias's favor.

IV.   **Burden on Defendants to Comply with the Requests**

Defendants argue that Iglesias's requests are exceptionally burdensome. Iglesias points out that "Defendants located, redacted, and produced three TEC agendas within one day of Ms. Iglesias's ask for such materials in September 2021." (Doc. 151, p. 5). "Dr. Leukefeld also testified that a single BOP staffer maintains TEC agendas and minutes, and that other materials are 'perfectly accessible.'" (*Id.*).

The Court is certainly sensitive to Defendants' burden. Within *five days* before the preliminary injunction hearing, Defendants will have "to conduct electronic and hard-

copy searches of numerous custodians over a five-month period, review the results of those searches for responsiveness and privilege, redact any privileged or non-responsive information concerning other inmates, and produce any documents after providing them to the government's lab for processing." (Doc. 147, p. 6). The Court recognizes that at least one district court in the Seventh Circuit has concluded that a plaintiff's expedited requests "would be too burdensome upon the defendants, given that the plaintiff's requests are *overly broad and the turn around time* (on account of the plaintiff's delay in seeking an injunction) *is only five days*." Orlando v. CFS Bancorp, Inc., 2013 WL 12329547, at *3 (N.D. Ind. Oct. 10, 2013) (emphasis added). The district court, however, did not limit its analysis to the expedited discovery's turnaround time, but evaluated the record and the reasonableness of the request in light of the surrounding circumstances.[3] While Defendants' turnaround time is *five days* before the preliminary injunction hearing, Iglesias's expedited discovery requests are not too burdensome given that the requests are narrow and necessary to Iglesias's preliminary injunction.

## V. How Far in Advance of the Typical Discovery Process the Request was Made

As for the fifth factor, Iglesias's motion was filed far in advance of the typical discovery process because the "recent communications – to Defendants' transgender-focused committees and chief medical officer – bear directly on the refusal to provide adequate care that Ms. Iglesias is challenging." (Doc. 151, p. 4). This factor weighs in

---

[3] Defendants assert that Iglesias's request was "belated" gets Defendants nowhere. Defendants do not point to any law limiting the timing when Iglesias must request expedited discovery before a preliminary injunction hearing.

Iglesias's favor. *See Strike 3 Holdings, LLC*, 2020 WL 6701105, at *1 ("[a]s for factor five, this motion was filed far in advance of the typical discovery process because Plaintiff says it needs this information to identify the defendant, so factor five weighs in favor of Plaintiff").

## VI. Additional Consideration

The hearing on Iglesias's Motion for Preliminary Injunction was set for July 28, 2021. On July 7, 2021, the parties were ordered to email the Court the names of all witnesses who would appear at the hearing by July 26, 2021. (Doc. 128). <u>Less than two weeks before the hearing</u>, Defendants moved to exclude the untimely and undisclosed expert testimony of Dr. Ettner because she was scheduled to examine Iglesias on July 20, 2021. (Doc. 130). Defendants argued:

> Despite having months to develop and disclose all of Dr. Ettner's opinions in support of Plaintiff's preliminary injunction motion, Plaintiff's counsel has informed the government, less than two weeks before the evidentiary hearing, that Dr. Ettner intends to provide new opinions and bases for her opinions. *These new opinions and bases—which still have not been disclosed to the government and will presumably be formulated only after Dr. Ettner finally examines Plaintiff on July 20—plainly prejudices Defendants' preparation for the evidentiary hearing only eight days later*.

(*Id*. at p. 3). Rather than limiting Dr. Ettner's opinions to those she provided in her two declarations in support of Iglesias's preliminary injunction motion, the Court postponed the hearing over Iglesias's motion for preliminary injunction until after August 9, 2021. (Doc. 133).

To allow Defendants the opportunity to know the precise nature of Dr. Ettner's opinions, the Court held a status conference on August 30, 2021. After the status

conference, the Court instructed "[Defendants] to provide the Court notice by September 10, 2021 regarding 1) whether Defendants will depose Dr. Ettner, 2) when the deposition is scheduled, and 3) whether any additional depositions or discovery is needed to be completed before the hearing over Plaintiff's preliminary injunction on September 21, 2021." (Doc. 143). The Court reset the hearing as to Iglesias's Motion for Preliminary Injunction for September 21, 2021. Then for docket management purposes, the Court reset the hearing for October 19, 2021.

Similar to Dr. Ettner's examination of Iglesias before the July 28, 2021 preliminary injunction hearing, Iglesias's counsel seeks documents regarding any recent examinations, decisions, or newly developed medical information before the October 19 preliminary injunction hearing. Defendants at least knew about the July 20, 2021 examination. Iglesias's counsel allegedly has not been provided all documents regarding Defendants' new decisions as to Iglesias's living situation and medical care.

To better illustrate this point, Iglesias's counsel intends to call Dr. Ettner at the preliminary injunction hearing, and Defendants were provided the opportunity to depose Dr. Ettner. Defendants intend to call Dr. Leukefeld at the preliminary injunction hearing, and Iglesias's counsel was provided the opportunity to depose Dr. Leukefeld. But similar to the situation where Defendants did not know the bases of Dr. Ettner's opinions because of the July 20, 2021 examination taking place right before the hearing – Iglesias's counsel does not fully know the bases of Dr. Leukefeld's opinions because of the potential for recent testing, treatments, or new opinions taking place before the October 19, 2021 preliminary injunction hearing.

## CONCLUSION

For these reasons, the Court finds that Iglesias has established good cause for expedited discovery. Accordingly, the Motion to Compel Expedited Discovery by Cristina Nichole Iglesias is **GRANTED in part** and **DENIED in part**. The motion is **DENIED** as to Iglesias's request for any communications that Dr. Elizabeth Stahl *received* regarding gender-affirming surgery or permanent hair removal from Dr. Langham, or any other staff member at FMC Carswell.[4] Additionally, the motion is **DENIED** to the extent this is a motion to compel. The motion is **GRANTED** as to Iglesias's request for: (1) the agendas, minutes, and records from all Transgender Executive Council ("TEC") and Transgender Critical Care Team ("TCCT") meetings where Ms. Iglesias was discussed that have not already been produced; (2) all documents about Ms. Iglesias considered by members of the TEC and TCCT; (3) all medical and mental-health records for Ms. Iglesias that have not already been produced for the period of 2019 to present, including unit-staff-only filings; and (4) all communications about Ms. Iglesias sent to or from the TEC, TCCT, and/or Dr. Elizabeth Stahl since May 2021.

IT IS SO ORDERED.

DATED: October 15, 2021

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[4] Dr. Elizabeth Stahl declaration states she has "*not received* any written or verbal recommendation or request from Dr. Langham, nor any other staff member at FMC Carswell, that Iglesias receive gender-affirming surgery or permanent hair removal." (Doc. 154-1, pp. 1-2) (emphasis added). However, this does not exclude Defendants from producing any written or verbal recommendation or request *sent from* Dr. Elizabeth Stahl to TEC or TCCT.