# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS), <br><br> Plaintiff, <br><br> v. <br><br> IAN CONNORS, *et al.*, <br><br> Defendants. | Case No. 19-cv-00415-RJN |

## ANSWER

Defendants Federal Bureau of Prisons, Michael Carvajal, Chris Bina, Ian Connors, Alix McLearen, Thomas Scarantino, Dan Sproul, Dr. Jeffery Allen, and Donald Lewis, hereby answer Plaintiffs' Second Amended Complaint ("Complaint") as follows.

1. Defendants admit only that Plaintiff is a transgender woman in the custody of the Federal Bureau of Prisons ("BOP"). Defendants deny that Plaintiff is being denied medically necessary treatment for her gender dysphoria and further aver that they have provided, and continue to provide, adequate medical treatment for Plaintiff. Defendants deny the remaining allegations in this paragraph.

2. This paragraph consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

3. The first sentence of this paragraph consists of conclusions of law concerning jurisdiction, not allegations of fact to which a response is required. The second and third sentences consist of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

4. This paragraph consists of conclusions of law concerning venue and personal jurisdiction, not allegations of which a response is required. Defendants deny that the majority of events giving rise to this action occurred in this District.

5. Defendants admit the allegations in the first sentence. As to the second sentence, Defendants admit only that, at the time Plaintiff filed the Complaint, Plaintiff was incarcerated and in the custody of BOP at Federal Correctional Institution-Fort Dix, which is a men's facility. Defendants further aver that, since May 25, 2021, Plaintiff has been housed at the Federal Medical Center at Carswell, Texas, which is a women's facility.

6. Defendants admit the allegations in the first two sentences. The third sentence consists of legal conclusions, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that under 18 U.S.C. § 4042, BOP's duties include providing for the safekeeping and protection of inmates. The fourth and fifth sentences consist of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required. Footnote one consists of legal conclusions and Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required. Defendants further aver that on June 16, 2021, Plaintiff dismissed her claims under *Bivens* against the individual defendants in exchange for BOP's agreement that BOP is capable of providing all of the relief Plaintiff seeks in her Complaint. *See* ECF No. 114.

7. Defendants admit that Michael Carvajal is the current director of the BOP. Defendants admit that Director Carvajal has responsibility for oversight of BOP operations generally, but deny that he is personally involved in day-to-day operations as they relate to this case. Defendants deny that Director Carvajal is the final reviewer for treatment decisions made by BOP Health Services, the BOP's Medical Directors, and the BOP Transgender Executive Council. The last sentence

consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

8. Defendants deny that Chris Bina is the Director of BOP's Health Services, and aver that his title is Senior Deputy Assistant Director in BOP's Health Services Division. Defendants admit that Defendant Bina has general responsibility for oversight of psychiatric care, healthcare delivery, and medical designations for BOP prisoners. Defendants admit Defendant Bina serves as a member of BOP's Transgender Executive Council, which is responsible for responding to some, but not all, of Plaintiff's requests for treatment for her gender dysphoria. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

9. Defendants admit that Ian Connors is the National Inmate Appeals Administrator. Defendants deny that he has been in this position at all times relevant to this complaint, but aver he has been in this position since 2015, and has responded to appeals filed by Plaintiff concerning medical care and transfer to a female facility. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

10. Defendants admit that Dan Sproul is the Warden at USP Marion and is employed by the BOP. Defendants admit that as Warden of USP Marion, Defendant Sproul generally has responsibility for promulgating rules, regulations, policies, and procedures for USP Marion, and is generally responsible for supervising staff and managing operations at USP Marion. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

11. Defendants admit that Lisa Hollingsworth was formerly Warden at USP Marion. Defendants admit that as the former Warden at USP Marion, non-defendant Hollingsworth was generally responsible for promulgating rules, regulations, policies, and procedures for USP Marion.

Defendants deny that Hollingsworth was Warden of USP Marion while Plaintiff was incarcerated there.

12. Defendants deny that Jeffery Allen is the current Medical Director of the BOP, and deny that he is responsible for the final approval for Plaintiff's medical requests. Defendants admit that Jeffery Allen formerly served as Medical Director of the BOP. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

13. Defendants admit that the Transgender Executive Council (TEC) reviews and makes some, but not all, decisions regarding treatment for transgender prisoners, including Plaintiff. Defendants admit the TEC is comprised of BOP management personnel who oversee some, but not all, of the BOP's clinical treatment recommendations for transgender prisoners in BOP custody. Defendants admit the individuals named in paragraphs 13a-c are, or were, members of the TEC.

   a. Defendants admit that Alix McLearen is the Administrator of the BOP's Female Offender Branch, that she is a PhD clinical psychologist, serves as a member of the BOP's TEC, and is responsible for responding to some, but not all, of Plaintiff's requests for treatment for her gender dysphoria, including her requests for gender confirmation surgery ("GCS"). Defendants deny that Defendant McLearen has no expertise in evaluating or treating the serious medical needs for transgender patients. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

   b. Defendants deny that Thomas Scarantino, Senior Deputy Assistant Director, Correctional Programs Division, currently serves on the TEC. Defendants deny he is currently responsible for responding to Plaintiff's requests for treatment for her gender dysphoria including her request for GCS. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

   c. Defendants admit that Donald Lewis is a physician and the Chief of Psychiatry, Health Services Division of the BOP, that he serves as a member of the TEC, and is responsible for responding to some, but not all, of Plaintiff's requests for treatment for her gender dysphoria, including her request for GCS. The last sentence consists of Plaintiff's characterizations of this lawsuit, not allegations of fact to which a response is required.

   14. Defendants admit that the American Psychological Association's *Guidelines for Psychological Practice with Transgender and Gender Nonconforming People* defines "gender identity" as "a person's deeply felt, inherent sense of being a boy, a man, or male; a girl, a woman, or female; or an alternative gender (e.g., genderqueer, gender nonconforming, gender neutral) that may or may not correspond to a person's sex assigned at birth or to a person's primary or secondary sex characteristics."

   15. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

   16. Defendants admit that the American Psychological Association's *Guidelines for Psychological Practice with Transgender and Gender Nonconforming People* defines "cisgender" as "a person whose gender identity and gender expression align with sex assigned at birth."

   17. Defendants admit that the *Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition* (DSM-5) states that the term "transgender" refers to "the broad spectrum of individuals who transiently or persistently identify with a gender different from their natal gender."

   18. Defendants admit that the DSM-5 states that "gender dysphoria refers to the distress that may accompany the incongruence between one's experiences or expressed gender and one's assigned gender." Defendants further admit that the DSM-5 states that the current term "gender dysphoria" is "more descriptive than the previous DSM-IV term *gender identity disorder* and focuses on dysphoria as the clinical problem, not identity per se."

19. Defendants admit that gender dysphoria is listed in the DSM-5 and International Classification of Diseases-10 and respectfully refer to those documents for a full and accurate statement of their contents.

20. Defendants admit the allegations in the first, second, and fourth sentences of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the allegations in the third sentence.

21. As to the first sentence, Defendants admit only that the World Professional Association for Transgender Health ("WPATH") publishes standards of care for treating gender dysphoria. As to the second sentence, Defendants lack knowledge or information sufficient to form a belief about the allegations concerning WPATH's membership. Otherwise, deny.

22. Defendants admit the allegations in the first sentence of this paragraph. Defendants lack knowledge or information sufficient to form a belief about the allegations in the second and third sentences.

23. Defendants admit that the WPATH Standards of Care address medical treatments to alleviate gender dysphoria and note that the general goal of psychotherapy is to find ways to maximize a person's overall psychological well-being. Defendants deny any characterization of the WPATH Standards of Care, and respectfully refer the Court to the WPATH Standards of Care for a full and accurate statement of their contents. Defendants otherwise lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

24. Defendants admit that the WPATH Standards of Care contain the quoted text, but deny any characterization of the WPATH Standards of Care, and respectfully refer the Court to the WPATH Standards of Care for a full and accurate statement of their contents.

25. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

26. Defendants admit that the NCCHC Policy Statement contains the quoted text, but deny any characterization of that statement, and respectfully refer the Court to the statement for a full and accurate statement of its contents.

27. Defendants admit that the WPATH Standards of Care state that their overall goal is "to provide clinical guidance for health professionals to assist transsexual, transgender, and gender-nonconforming people with safe and effective pathways to achieving lasting personal comfort with their gendered selves, in order to maximize their overall health, psychological well-being, and self-fulfillment."[1] Defendants further admit that the WPATH Standards of Care state that this assistance "may include primary care, gynecologic and urologic care, reproductive options, voice and communication therapy, mental health services (e.g., assessment, counseling, psychotherapy), and hormonal and surgical treatments."[2] Defendants deny any characterization of the WPATH Standards of Care, and respectfully refer the Court to the WPATH Standards of Care for a full and accurate statement of their contents.

28. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

29. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

30. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

31. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

---

[1] *See* Eli Coleman et al., *Standards of Care for the Health of Transsexual, Transgender, and Gender-Nonconforming People, Version 7* at 1, https://www.wpath.org/media/cms/Documents/SOC%20v7/SOC%20V7_English2012.pdf?_t=1613669341.

[2] *Id.*

7

32. Defendants admit only that Plaintiff entered BOP custody in 1994 and that, in 2015, she was diagnosed with gender dysphoria. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

33. As to the first sentence, Defendants deny that BOP has provided medically insufficient treatment for Plaintiff's gender dysphoria. Defendants admit that Plaintiff has engaged in acts of self-harm. As to the second sentence, Defendants lack knowledge or information sufficient to form a belief about the allegations in this sentence. As to the third and fourth sentences, Defendants admit that Plaintiff has been placed on suicide watch by BOP staff. Otherwise, Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

34. As to the first two sentences, Defendants admit that Plaintiff requested hormone therapy from BOP medical staff in 2011 and began hormone therapy in 2015. Defendants admit the allegations in the third sentence.

35. As to the first two sentences, Defendants lack knowledge or information sufficient to form a belief about the allegations in these sentences. As to the third sentence, Defendants admit only that, at the time Plaintiff filed the Complaint, Plaintiff was housed in a men's facility. Defendants otherwise lack knowledge or information sufficient to form a belief about the allegations in the third and fourth sentences. Defendants deny that they have misgendered her or rejected her female gender.

36. As to the first sentence, Defendants admit that Plaintiff's gender dysphoria is a serious medical condition and that Plaintiff has stated that it causes her extreme mental and physical anguish. As to the second sentence, Defendants admit that Plaintiff has been diagnosed with chronic depression and anxiety disorder, and has stated that she has experienced suicide ideation in the past. Defendants further aver that Plaintiff has stated that she has not experienced recent or current suicidal ideation. As to the third sentence, Defendants deny that BOP medical staff has denied Plaintiff

medically necessary treatment. Defendants otherwise lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

37. Defendants lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

38. As to the first sentence, Defendants admit only that Plaintiff has stated that she needs permanent facial hair removal for the treatment of her gender dysphoria and that BOP denied Plaintiff's request for permanent hair removal. Defendants further aver that BOP denied Plaintiff's request for permanent hair removal because her clinical provider has not indicated the need for laser hair removal as part of Plaintiff's treatment plan. As to the second sentence, Defendants admit that Plaintiff is currently not permitted to shave every day but aver that at times Plaintiff has been able to shave daily. Defendants further aver that inmates housed in the Special Housing Unit (SHU), including Plaintiff, are offered the opportunity to shower three times per week and are afforded the opportunity to shave with a razor in conjunction with showering. Defendants further aver that BOP has provided Plaintiff with over-the-counter depilatory cream to remove unwanted hair. As to the third sentence, Defendants lack knowledge or information sufficient to form a belief about the allegations in the sentence. As to the fourth sentence, Defendants lack knowledge or information sufficient to form a belief about the allegations in the sentence. Defendants further aver that since May 25, 2021, Plaintiff has been housed in a women's facility.

39. This paragraph consists of legal argument to which no response is required. To the extent a response is deemed to be required, Defendants admit only that, at the time Plaintiff filed the Complaint, she was housed in a men's facility, but further aver that since May 25, 2021, Plaintiff has been housed in a women's facility. Defendants further admit that BOP denied Plaintiff's request for permanent hair removal because her clinical provider has not indicated the need for laser hair removal as part of Plaintiff's treatment plan. Defendants deny that they have rejected Plaintiff's request for

9

gender-confirmation surgery and further aver that BOP's Transgender Executive Council has stated that it will meet to consider Plaintiff's request for surgery in or around April 2022.

40. Defendants admit that since 2016 Plaintiff has made formal and informal requests to be evaluate and approved for GCS, including requests at USP Marion and to Dr. Pass. Defendants deny that Plaintiff made any such request to non-defendant Hollingsworth. Defendants otherwise lack knowledge or information sufficient to form a belief about the allegations in this paragraph.

41. Deny.

42. Admit.

43. Defendants admit that Plaintiff submitted an administrative remedy request dated January 6, 2018, to the BOP's Central Office, where it was received on January 18, 2018. Defendants admit this request had been reviewed and closed, not denied, at the institution and Regional levels. Defendants deny that non-defendant Hollingsworth was involved. Defendants refer to Plaintiff's administrative remedy request for a full and accurate statement of its contents.

44. Defendants deny that the response acknowledged that the Transgender Clinical Care Team ("TCCT") is overseen by the TEC. Defendants admit the remaining allegations contained in this paragraph.

45. Defendants admit that Plaintiff was transferred from USP Marion to FMC Lexington in November 2019. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's belief regarding the reason for her transfer.

46. Defendants admit that Plaintiff submitted an appeal dated December 3, 2019, to BOP's Central Office and respectfully refer to that appeal for a full and accurate statement of its contents.

47. Defendants admit that Plaintiff had a consultation with Tammy C. Thomas, a Nurse Practitioner with the Endocrinology Department at University of Kentucky HealthCare on December

10

13, 2019.  Defendants admit that the consultation was arranged by BOP, but deny it was to evaluate Plaintiff for GCS.  Defendants admit that the notes from that encounter indicate the belief that there were no surgeons in the state of Kentucky that performed GCS at that time.  Defendants lack knowledge or information sufficient to form a belief about whether Plaintiff was told she met the WPATH criteria for CGS and that surgery was recommended, but deny that such information is contained in the relevant record.

48. Defendants admit that Defendant Connors issued an administrative remedy response (Remedy ID no. 991304-A1) on March 13, 2020.  Defendants admit that Defendant Connors is not a medical doctor or psychologist.  Defendants deny any characterization of the administrative remedy response, and respectfully refer the Court to the response for a full and accurate statement of its contents.

49. Defendants deny that non-defendant Hollingsworth has denied Plaintiff's requests to transfer to a women's prison.  Defendants admit that Plaintiff had made requests to be transferred to a women's facility which were denied.  Defendants further aver that Plaintiff was transferred to a women's facility in May 2021.

50. Defendants admit that transferring Plaintiff to a women's prison would allow her to live in accordance with her gender identity by permitting her to further socially transition.  Defendants deny that placement at a women's facility was medically necessary.  Defendants further aver that Plaintiff was transferred to a women's facility in May 2021.

51. This paragraph consists of legal argument to which no response is required.  To the extent an answer is deemed required, deny.

52. Defendants admit that Plaintiff has submitted requests and appeals seeking transfer to a women's facility.  Defendants admit that some of these requests were denied, but aver that Plaintiff has been transferred to, and is currently housed in, a women's facility.

53. Admit.

54. Defendants deny that the Regional Director's response denied Plaintiff's request. Defendants admit the remaining allegations contained in this paragraph.

55. Admit.

56. Defendants admit the allegations contained in this paragraph, but deny that this paragraph contains the entirety of the response to Plaintiff's appeal and refer to the administrative remedy response which contains the entirety of the response.

57. Defendants deny these events took place on the "same day as Defendant Connor's March 24, 2020 denial." Defendants admit Plaintiff sent an email at FMC Lexington that made the assertions contained in this paragraph.

58. Defendants deny that they have failed to authorize Plaintiff's transfer to a women's prison and that transfer is necessary treatment for gender dysphoria. Defendants admit the remaining allegations contained in this paragraph.

59. Defendants lack sufficient knowledge of Plaintiff's subjective state of mind to admit or deny whether Plaintiff's body and facial hair cause her extreme anxiety and distress, or what relief she subjectively feels from shaving or using hair removal face cream. Defendants deny that permanent hair removal is medically necessary.

60. Defendants admit Plaintiff appealed on March 14, 2018, and that her appeal was denied on April 6, 2018, but Defendants deny that Hollingsworth denied the request. Defendants further aver that the allegations contained in this paragraph do not adequately state the reasons the administrative remedy appeal was denied. Defendants refer to the administrative remedy appeal response, which states the reason for denial.

61. Deny.

62. Defendants deny that Dr. Pass or Nurse Practitioner Thomas ever made a recommendation that Iglesias receive GCS. Defendants deny Iglesias has been denied medically necessary care. Defendants admit they are aware of Iglesias's gender dysphoria, but deny it is untreated, and deny the items alleged in this paragraph are all medical necessities.

63. Defendants admit that the Transgender Offender Manual is dated January 18, 2017, and that it contains the statement quoted in this paragraph. Defendants respectfully refer the Court to the Transgender Offender Manual for a full and accurate description of its contents.

64. Defendants admit that the Transgender Offender Manual contains the statements quoted in this paragraph. Defendants respectfully refer the Court to the Transgender Offender Manual for a full and accurate description of its contents.

65. Defendants admit that the Transgender Offender Manual references regulations implementing the Prison Rape Elimination Act of 2003. Defendants respectfully refer the Court to the Transgender Offender Manual for a full and accurate description of its contents.

66. Admit.

67. Defendants admit that the Change Notice contains the statements quoted in this paragraph. Defendants respectfully refer the Change Notice for a full and accurate description of its contents.

68. Defendants admit that the Change Notice removed the first sentence quoted in this paragraph and that the Change Notice contains the other statements quoted in this paragraph. Defendants respectfully refer the Court to the Change Notice for a full and accurate description of its contents.

69. This paragraph consists of Plaintiff's characterization of the Change Notice, not allegations to which a response is required. Defendants respectfully refer the Court to the Change Notice for a full and accurate description of its contents.

70. This paragraph consists of Plaintiff's characterization of the Change Notice, not allegations to which a response is required. Defendants respectfully refer the Court to the Change Notice for a full and accurate description of its contents.

71. Deny.

72. Defendants admit that the cited document contains the statement quoted in this paragraph.

73. This paragraph consists of Plaintiff's characterization of data presented in a document, not allegations to which a response is required. Defendants respectfully refer the Court to the cited document for a full and accurate description of its contents.

74. The first sentence of this paragraph consists of legal argument to which no response is required. Defendants admit that the text quoted in the remainder of the paragraph is contained within the cited regulation.

75. The first sentence of this paragraph consists of legal argument to which no response is required. Defendants admit that the text quoted in the remainder of the paragraph is contained within the cited regulation.

76. Deny.

77. Deny.

78. Deny.

79. This paragraph consists of Plaintiff's characterization of a policy statement, not allegations to which a response is required. Defendants respectfully refer the Court to the policy statement for a full and accurate description of its contents.

80. Defendants admit that the website cited contains the statement quoted in this paragraph.

81. Defendants admit that the WPATH Standards of Care contain the statement quoted in this paragraph. Defendants respectfully refer the Court to the WPATH Standards of Care for a full and accurate description of its contents.

82. Deny.

83. Defendants deny Plaintiff has been subjected to abuse or harassment by staff. Defendants deny the implied allegation that BOP was deliberately indifferent to risks of harm to Plaintiff. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph.

84. Defendants admit that Plaintiff has made requests to be transferred to a women's facility, purportedly to avoid harm. Defendants deny the implied allegation that BOP was deliberately indifferent to any risk of harm to Plaintiff while she was housed in male facilities. Defendants refer to their answers to paragraphs 48 to 57, above.

85. Defendants admit that Plaintiff has made numerous claims of abuse and harassment. Defendants lack sufficient knowledge to admit or deny the veracity of all such claims. Defendants deny the implied allegation that BOP was deliberately indifferent to any risk of harm to Plaintiff. Defendants admit Plaintiff has been placed in protective custody. Defendants deny that protective custody did not prevent Plaintiff from being harmed by other prisoners or prison staff.

86. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph. Defendants deny the implied allegation that BOP was deliberately indifferent to the risk of the incidents alleged in this paragraph.

87. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph. Defendants deny the implied allegation that BOP was deliberately indifferent to any risk of harm to Plaintiff.

88. Defendants lack sufficient knowledge to admit or deny the allegations contained in this paragraph. Defendants deny the implied allegation that BOP was deliberately indifferent to any risk of harm to Plaintiff.

89. Defendants deny Plaintiff is currently at serious risk from an inmate she was previously housed with at FMC Lexington. Defendants lack sufficient knowledge to admit or deny the remaining allegations contained in this paragraph. Defendants deny the implied allegation that BOP was deliberately indifferent to any risk of harm to Plaintiff.

90. Deny.

91. Defendants lack sufficient knowledge of Plaintiff's subjective state of mind to admit or deny the allegations in this paragraph.

92. Defendants deny the allegation that Plaintiff faced a serious risk of physical and sexual violence every day that she was in a men's prison. Defendants further aver that Plaintiff has been transferred to a women's prison.

93. The first sentence of this paragraph consists of legal argument to which no response is required. To the extent a response is deemed required, deny. Defendants deny the remaining allegations in this paragraph.

94. Deny.

95. Defendants hereby incorporate their responses to paragraphs 1-93.

96. This paragraph consists of legal argument to which no response is required.

97. Admit.

98. Defendants admit the allegations in the first sentence of this paragraph and otherwise deny.

99. Deny.

100. Deny.

101. Deny.

102. Defendants hereby incorporate their responses to paragraphs 1-101.

103. This paragraph consists of legal argument to which no response is required.

104. Deny.

105. Deny.

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Defendants hereby incorporate their responses to paragraphs 1-110.

112. This paragraph consists of legal argument to which no response is required.

113. Deny.

114. Deny.

115. Deny.

The unnumbered paragraph following paragraph 115 consists of a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny any allegations contained in the prayer for relief and further deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Defendants deny any and all allegations in the Complaint not expressly admitted herein to which a response is deemed required.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### SECOND DEFENSE

Venue is improper in this District.

### THIRD DEFENSE

No acts or omissions of any Defendant were the proximate cause of any injury to Plaintiff.

### FOURTH DEFENSE

Plaintiff failed to administratively exhaust certain of her claims.

### FIFTH DEFENSE

Certain of Plaintiff's claims are now moot.

### SIXTH DEFENSE

Plaintiff lacks standing to assert certain of her claims.

### SEVENTH DEFENSE

Plaintiff is not entitled to relief because legitimate penological reasons support Defendants' decisions regarding Plaintiff's treatment.

### EIGHTH DEFENSE

Plaintiff is not entitled to relief because Defendants were not deliberately indifferent to Plaintiff's medical needs.

### CONCLUSION

WHEREFORE, having fully answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and such other relief as the Court may deem appropriate.

Dated:  December 3, 2021                          Respectfully submitted,


STEVEN D. WEINHOEFT                               BRIAN M. BOYNTON
United States Attorney                            Acting Assistant Attorney General
                                                  Civil Division

LAURA J. JONES                                    ALEXANDER K. HAAS
Assistant United States Attorney                  Director, Federal Programs Branch

                                                  /s/ Joshua M. Kolsky
                                                  JOSHUA M. KOLSKY
                                                  JOHN ROBINSON
                                                  Trial Attorneys
                                                  United States Department of Justice
                                                  Civil Division, Federal Programs Branch
                                                  1100 L Street, NW
                                                  Washington, DC 20005
                                                  Tel:  (202) 305-7664
                                                  E-mail:  joshua.kolsky@usdoj.gov