UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>Plaintiff,<br><br>v.<br><br>IAN CONNORS, ET AL.,<br><br>Defendants. | 19-CV-00415-NJR |

### DECLARATION OF ALEXANDER K. HAAS

I, Alexander K. Haas, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am a Director in the Federal Programs Branch, Civil Division, of the United States Department of Justice, a position in the Career Senior Executive Service of the United States Government. I joined the Department of Justice through the Attorney General's Honors Programs as a Federal Programs Branch Trial Attorney in 2003 and stayed until 2009. From 2009 to 2011, I served as Counsel for National Security Law & Policy in the Department's National Security Division. I left the Department of Justice in 2011 to work in private practice at the Washington, D.C. office of the law firm King & Spalding. I worked at King & Spalding until 2017, at which time I became an Assistant U.S. Attorney in the U.S. Attorney's Office for the District of Columbia. From 2017 to 2019, I was on detail to the Civil Division as Chief of Staff and Special Counsel to the Assistant Attorney General. I became Director in the Federal Programs Branch in August 2019. Before originally joining the Department, I clerked for the Hon. Andrew J. Kleinfeld

on the United States Court of Appeals for the Ninth Circuit and graduated from the University of California, Berkeley Law School in 2002. I make this declaration based on personal knowledge, and am submitting it on behalf of the Federal Government in the above-captioned matter.

2. The role of the Federal Programs Branch is principally to defend civil actions filed against the Government in federal district courts throughout the United States. The Branch is made up entirely of career professionals. The Branch handles significant cases nationwide in which parties challenge the lawfulness of Federal Government programs, policies, and decisions, including the constitutionality of Federal statutes; the cases handled by the Branch encompass a wide range of subject matters and address many different areas of the law. The Branch handles significant defensive civil litigation concerning the Department of Justice, and therefore the Federal Bureau of Prisons (BOP). The Branch makes the determination of whether to handle cases within its sphere of responsibility, regardless of where in the United States those cases are filed, and assigns other cases to the respective United States Attorney's Offices for handling in whatever jurisdictions they are filed.

3. My engagement and level of involvement in the details of any particular litigation matter handled by the Federal Programs Branch depend on a variety of factors and may change throughout the disposition of a case. Due to the number of cases handled by the Branch and my competing managerial and administrative duties as Director, I am not able to participate closely in the day-to-day activities of every case that falls within my area of responsibility. For many cases, I rely on the responsible Deputy Director, Assistant Director, or Special Litigation Counsel to oversee the day-to-day litigation activities, and (together with the assigned trial attorneys) to bring

any significant issues in such cases to my attention as needed.

4. I began supervising this matter when I became Director in 2019 and have worked principally with Mr. Gardner since that time actively monitoring the litigation and conferring with Mr. Gardner and other members of the Federal Programs Branch team. This work has included reviewing draft filings and discussing case strategy with him and the team, including the conduct of the proceedings related to Defendants' motion to dismiss, Plaintiff's motion for preliminary injunction, the preliminary injunction hearing, and then discussing the compliance with the Court's preliminary injunction. And when Mr. Gardner began a detail to the Department's Office of Legislative Affairs, I began directly supervising the remaining team members on the matter to more closely review case filings and to confer with those team members regarding case strategy and factual questions involving BOP; I have continued to confer with Mr. Gardner as necessary. In addition to being one layer of review of case filings and significant strategic decisions, I am also aware that virtually all significant filings in this case were reviewed at multiple levels by others within the Department and at BOP.

5. I am aware that on February 10, 2022, the Court issued an Order to Show Cause in the above-captioned case and expressed concerns about the Government's compliance with the Court's preliminary injunction and with the representations of the Government in this case and the conduct of the Government's litigation.

6. I have no knowledge or information indicating that any Department of Justice attorney involved in the Government's defense of this case sought at any time to mislead the Court or Plaintiff or to intentionally withhold or conceal from the Court or Plaintiff information regarding

3

the BOP's process for evaluating Plaintiff's request for Gender Confirmation Surgery (GCS). Likewise, I have no knowledge or information to indicate that any Department of Justice attorney ever directed, suggested, or intended that any litigation position be taken or document filed with the Court for the purpose of unnecessary delay, to multiply proceedings, or otherwise frustrate the Court's ability to evaluate BOP's medical judgments and decisions regarding Plaintiff's request for GCS.

7. I also have no knowledge or information to indicate that BOP, or any of its personnel, sought at any time to mislead the Court or Plaintiff or to intentionally withhold or conceal information from the Court or Plaintiff in connection with BOP's evaluation of Plaintiff's request for GCS. I have no knowledge or information to indicate that BOP, or its personnel, took any action to unnecessarily delay BOP's evaluation of Plaintiff's request for GCS. And I have no knowledge or information to indicate that BOP, or its personnel, have taken positions, taken actions, or made representations in this case (or requested the Department of Justice do so) for the purpose of unnecessary delay, to multiply proceedings, or otherwise frustrate the Court's ability to evaluate BOP's medical judgments and decisions regarding Plaintiff's request for GCS.

8. At no time did any of the attorneys working on this case raise a concern with me, nor did I have other reason to believe, that anyone else working on the case, or that anyone at BOP, was acting with an intention to mislead the Court or Plaintiff, or to withhold or conceal information that the Government ought to disclose. At no time did any of the Branch attorneys assigned to this case raise a concern with me, nor did I have other reason to believe, that BOP had taken, or intended to take, any actions to unnecessarily delay BOP's evaluation of Plaintiff's request for

4

GCS. Likewise, at no time did any of the attorneys working on this case raise a concern with me, nor did I have other reason to believe, that any litigation actions were taken in this case for any reason other than zealous advocacy of our client's legitimate interests, or that actions were being taken for the purpose of unnecessary delay, to multiply proceedings, or otherwise frustrate the Court's ability to evaluate BOP's medical judgments and decisions regarding Plaintiff's request for GCS.

9. Given my experience as Director overseeing litigation handled by the Federal Programs Branch, and consistent with my expectations of the supervisors and trial attorneys in the Branch, it is inconceivable that there could have been such actions without it being brought to my attention by any of the career professionals working on this matter. Similarly, and for the same reasons, I do not believe that representations in the Government's filings could have been crafted in such a way as to intentionally mislead the Court or Plaintiff, or to improperly withhold or conceal information, or to take actions in this case for the purpose of unnecessary delay without it being brought to my attention by these career professionals. As a Federal Programs Branch Director, it is my experience that Branch attorneys, consistent with their responsibilities as career civil servants, seek to accurately present to the courts the position of the United States in litigation, the facts in a case, and the applicable law with respect to matters handled by the Branch.

10. If at any time any of the attorneys involved in this case had indicated to me that someone in our office intended, or that someone had asked our office (or any individual in our office), to mislead the Court, to withhold or conceal information from the Court or Plaintiff, or to take actions for the purpose of unnecessarily delaying these proceedings in this case inconsistent

5

with ethical obligations and the standards of this office, I would not have countenanced it or permitted it. If I had been made aware by any individual of any direction, suggestion, or intention to mislead the Court or the Plaintiff or any effort to intentionally withhold or conceal information that the Government should have disclosed or an effort to unnecessarily delay these proceedings, I would have personally intervened to ensure that the Branch would take no part in it. And if I had been made aware that such information had been withheld, I would have taken steps to ensure that appropriate corrective measures were taken.

11. It is my privilege as a Director in the Federal Programs Branch to represent the United States of America. And it is my privilege in this position to work with outstanding attorneys who execute their duties as counsel for the United States with skill and utmost professionalism. That is true with respect to the Branch attorneys assigned to this case, whom I personally assigned to work on this matter and whom I have known through personal observation and interaction over time to have conducted themselves consistent with the highest standards of ethics and professionalism with respect to their litigation matters, including the above-captioned civil action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 14, 2022, in the City of Kensington in the State of Maryland.

_____
Alexander K. Haas
Director, Federal Programs Branch
United States Department of Justice