UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS
(a.k.a. CRISTIAN NOEL IGLESIAS),

   Plaintiff,

     v.

IAN CONNORS, *et al.*,

   Defendants.

Case No. 19-cv-00415-RJN

**DECLARATION OF JOSHUA M. KOLSKY**

     I, Joshua M. Kolsky, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

     1.    I am a Trial Attorney employed as a career civil servant by the Department of Justice, Civil Division, Federal Programs Branch. I am one of the attorneys representing the defendants in this litigation. I make this declaration based on my personal knowledge of the facts stated herein.

     2.    I have worked as an attorney or law clerk since graduating from law school in 2006. I have spent the majority of my legal career in public service, including serving as a law clerk to judges on the U.S. District Court for the Central District of California and on the U.S. Court of Appeals for the Ninth Circuit, working as an Assistant United States Attorney, and in my current position at DOJ, where I represent federal agencies and officials in a variety of civil litigation, in both defensive and affirmative postures. I have also worked as an associate at Gibson Dunn & Crutcher LLP and Cohen Milstein Sellers & Toll PLLC. I have a degree in Engineering Science from the University of Virginia and a law degree from Columbia University.

3. I have never been sanctioned by any court. Prior to the Court's February 10, 2022 Show Cause Order, Doc. 187, I had never been identified in an order to show cause regarding sanctions. I take seriously my duties to the Court, including my duty of candor and my duty to refrain from taking action or making representations in a case for improper purposes such as delay. As in all other litigation in which I am involved, I have endeavored to adhere to the highest ethical standards in litigating this case. I believe that government attorneys such as myself, as public servants entrusted with significant responsibility, should be especially careful to strictly abide by all ethical and professional obligations. I believe this because, in my view, the public has a right to expect that their government is truthful, plays by the rules, and follows the law. As a government lawyer, I understand that my actions may impact how the public views DOJ and the federal government generally, so I strive to perform my job duties at the highest levels of professionalism.

4. I was assigned to this matter in July 2021, but I had very limited involvement until approximately September/October 2021 when I began to participate more actively on the case. I participated in drafting Defendants' Opposition to Plaintiffs' Motion to Compel Expedited Discovery (ECF No. 147); Defendants' Motion to Strike Plaintiffs' Reply in Support of Motion to Compel Or, in the Alternative, For Leave to File a Supplemental Declaration (ECF No. 154); Defendants' Motion for Relief From Full Compliance with the Court's October 15 Order (ECF No. 157); Defendants' Status Report (ECF No. 161); Defendants' Motion for Extension of Time, Nunc Pro Tunc, to File Answer (ECF No. 171); Defendants' Answer (ECF No. 174); Defendants' Expedited Motion for Partial Reconsideration of the Court's Preliminary Injunction Order (ECF No. 178) and supporting declaration; Notice in Compliance with December 27, 2021 Preliminary Injunction (ECF No. 183) and supporting declaration. I also participated in responding to

Plaintiffs' document requests, helped to prepare Dr. Alison Leukefeld for testimony at the preliminary injunction hearing, and examined Dr. Leukefeld at the preliminary injunction hearing.

5.  The Court's Show Cause Order orders me, three other DOJ attorneys, and two BOP officials, to appear at a hearing to show cause "for their failure to adhere to the Court's order dated December 27, 2021. (Docs. 176, 177)." The cited documents are the Court's Preliminary Injunction and the related Memorandum and Order (collectively, the "PI") in this case.

6.  I have read the Show Cause Order several times, but it is unclear to me in what way I am alleged to have failed to adhere to the Court's PI. The PI, by its terms, imposes certain requirements on "Defendants." For example, the PI orders "Defendants to have the TEC meet to evaluate Iglesias's request for GCS by Monday, January 24, 2022." I am aware based on my reading of the Show Cause Order that the Court's concerns relate to the decision rendered by the TEC at its January 24, 2022 meeting, but the TEC – not DOJ – ultimately determined what decision to make. Accordingly, I am not aware of anything I have done that failed to adhere to the PI. When providing legal advice to client agencies, including BOP in this matter, I would never knowingly endorse or advise a client to disobey or fail to comply with a court order, and I did not do so in this case.

7.  In addition, I do not read the PI to restrict the decisions that the TEC could make and to require a binary choice of either (1) recommending gender confirmation surgery for Plaintiff immediately or (2) denying it in full. Instead, the PI ordered the TEC to meet to "evaluate Iglesias's request for GCS by Monday, January 24, 2022." My understanding is that the TEC did meet and did evaluate Plaintiff's request for gender confirmation surgery on January 24, 2022, and thus complied with that requirement of the PI. The PI also orders Defendants to undertake various reporting requirements if certain conditions are met, but I have never understood those reporting

requirements to limit the decisions that the TEC could make. For these reasons, I believe BOP complied with the PI. Moreover, I am not aware of any reason to believe that the TEC made misrepresentations regarding its decision, withheld information, or that it reached the decision it did for purposes of misleading the Court or Plaintiff, or of delay.

8. The Show Cause Order also takes issue with testimony provided by Dr. Alison Leukefeld at the PI hearing. My understanding is that Dr. Leukefeld's testimony was accurate with the exception of one piece of testimony which failed to distinguish between the process that BOP would follow for considering gender confirmation surgery requests from inmates housed in a secure prison facility and the process that BOP would follow for inmates housed in a halfway house. I was not aware of any inaccuracy in the testimony until the Court's Show Cause Order. I am aware of no facts suggesting that Dr. Leukefeld intentionally provided inaccurate testimony, and I believe firmly that she did not.

9. The Show Cause Order states that I and my DOJ colleagues, "shall be prepared to discuss their representations in Docs. 100, 129, 130, 147, 157, 161, 178, and 183" at the February 22, 2022, hearing. Order at 6-7 (footnotes omitted). I am not aware of any inaccurate representations or frivolous legal arguments in any of the cited documents. Three of those documents (Docs. 100, 129, 130) pre-date my participation in this case and, therefore, do not contain my representations.

10. I have not made any representations or withheld any information in the case for the purpose of misleading the Court or Plaintiff, or taken action of any kind for the purpose of delaying or multiplying these proceedings. I have no reason to believe that any other DOJ attorney working on this case has made any representations or withheld information in the case for the purpose of misleading the Court or Plaintiff, or taken action of any kind for the purpose of delaying or

multiplying these proceedings. Similarly, I have no reason to believe that any BOP employee has made any representations or withheld information in the case for the purpose of misleading the Court or Plaintiff, or taken action of any kind for the purpose of delaying or multiplying these proceedings.

11. Although the Show Cause Order states that "BOP waited until the last possible day to file its 'Notice of Compliance with December 27, 2021 Preliminary Injunction,'" I did not delay filing that notice (Doc. 183). The TEC met on January 24, 2022 and I filed the notice one week later on the deadline set by the Court's PI. The intervening week was necessary in order to prepare the filing and have it reviewed by supervisors within Federal Programs Branch, by senior officials in DOJ leadership, and within BOP. The documents to be filed were finalized on the afternoon of January 31, and I filed them that day.

12. As noted above, I endeavor to conduct myself in accord with the highest ethical standards in every case, including this case. That includes complying with all court orders, offering evidence that is accurate and complete, and presenting only well-founded factual assertions and legal argument. I regret that the circumstances of this case have caused the Court to doubt the government's intentions in this matter, but I respectfully believe that everyone involved in this case has acted in good faith and endeavored to represent our client's legitimate interests within the bounds of our ethical and professional responsibility obligations.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 14th day of February 2022 in Washington, DC.

_____
Joshua M. Kolsky