# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>    Plaintiff,<br><br>    v.<br><br>IAN CONNORS, *et al.*,<br><br>    Defendants. | Case No. 19-cv-00415-NJR |

## DECLARATION OF JOHN ROBINSON

I, John Robinson, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am a trial attorney in the Federal Programs Branch, an office within the Civil Division of the United States Department of Justice. I joined the Department of Justice in 2020. From 2016 to 2020, I was a Senior Associate at the Washington, D.C. office of Arnold & Porter. Earlier in my career, I clerked for the Hon. Joan B. Gottschall of the United States District Court for the Northern District of Illinois and the Hon. Rosemary S. Pooler of the United States Court of Appeals for the Second Circuit. I graduated from the University of Michigan Law School in 2012 and Yale University in 2009.

2. I joined the trial team defending the Federal Government in this matter in November 2021 as the team was preparing for the November 22, 2021 preliminary injunction hearing. My role at the hearing was to present oral argument on behalf of the United States. Since the hearing, I have assisted the team in preparing various of the Government's filings, including the Government's motion for partial reconsideration of the Court's December 27, 2021 preliminary injunction (Doc. 178) and the Government's notice in compliance with the preliminary injunction (Doc. 183). I have

also participated in discussions with the Bureau of Prisons regarding compliance with the Court's preliminary injunction.

3. The Court's order to show cause suggests that the Bureau of Prisons failed to comply with the preliminary injunction and questions representations made by Government counsel in certain filings. I take compliance with court orders very seriously. I would never knowingly disobey an order of the Court or encourage a client to disobey an order of the Court. I likewise take my duty of candor and Rule 11 obligations seriously and would never present a pleading to the Court for an improper purpose or without believing that the factual and legal contentions made in the pleading were well supported. I have no reason to believe that anyone at the Department of Justice or Bureau of Prisons has made any representations in this case to mislead the Court or Plaintiff or taken any action to inappropriately delay these proceedings or Plaintiff's receipt of needed medical care.

4. When I learned that the Bureau of Prison's Transgender Executive Counsel ("TEC") had recommended that Plaintiff be referred to a surgeon for consultation for gender confirmation surgery approximately one month after she is placed in a Residential Reentry Center, I believed—and continue to believe—that the Bureau acted in compliance with the Court's injunction. If I had believed that the Court's order foreclosed that recommendation, I would have advised the Bureau that it was not an available option. My understanding is that the other members of the trial team likewise understood the Court's preliminary injunction to allow the recommendation that the TEC made.

5. In preparing Defendants' notice in compliance with the Court's preliminary injunction, the team was careful to be transparent with the Court about the course that the TEC had selected. We made clear that the TEC had not unequivocally recommended surgery immediately, but also had not denied Plaintiff's request for surgery. Because the Court had ordered that Defendants file a notice explaining the reasons for the TEC's decision if the TEC did not recommend Plaintiff for surgery, we provided a notice and declaration explaining all the reasons for the TEC's decision.

2

6. As noted, I was part of the trial team when the Government filed two of the documents identified in the Court's order to show cause: the Government's motion for partial reconsideration of the Court's December 27, 2021 preliminary injunction (Doc. 178), and the Government's notice in compliance with the preliminary injunction (Doc. 183).

7. With respect to the motion for partial reconsideration, the Court does not identify any particular representations of concern in that filing. The motion sought reconsideration of the Court's order that the TEC transcribe and potentially produce its internal deliberations to the Court. Plaintiff did not oppose the motion, and the Court granted it. The Court notes that the Government did not seek relief from any other aspect of the Court's preliminary injunction in its motion for partial reconsideration, but, as explained, the Government believed that the TEC's decision was consistent with the preliminary injunction, so we did not believe that there was any need to seek reconsideration.

8. With respect to the notice in compliance with the preliminary injunction, the Court suggests that the TEC made a recommendation that was foreclosed by the Court's preliminary injunction. As explained, however, we believed that the TEC's decision was consistent with the preliminary injunction.

9. I take my ethical duties extremely seriously and deeply regret that the Court has expressed concern with the Government's actions in this case. Before the Court's order to show cause, I had no reason to believe that the Court had any concerns with counsel's professionalism or candor in this case. In my more than nine years of practicing law, I have never been sanctioned or accused of sanctionable misconduct by a Court. I hope that the response and supporting declarations that we are providing today help to assure the Court that we have taken our obligations to the Court seriously and will continue to do so.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 14, 2022.

_____
JOHN ROBINSON