IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a., | ) | |
| CRISTIAN NOEL IGLESIAS), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-00415-NJR |
| | ) | |
| IAN CONNORS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF GARY FELDON**

I, Gary Feldon, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

1.      I am currently employed as a Trial Attorney by the Federal Programs Branch of the Civil Division of the Department of Justice, a position I have held since November 2015, with the exception of six months spent detailed to the Department's Antitrust Division.  While employed with the Department, I have received three Special Commendations for Outstanding Service.  Prior to my current position, I served as an Assistant Attorney General in the Office of the Attorney General for the District of Columbia from October 2012 until August 2015, an associate at Covington & Burling LLP from September 2008 to September 2012, and a law clerk on the U.S. Court of Appeals for the Eleventh Circuit from August 2007 to August 2008.  I received my undergraduate degree from Columbia University in 2004 and my law degree (with High Honors) from Emory University School of Law in 2007.

2.      I was assigned to the above-captioned litigation in September 2021 and since then have been involved in all aspects of the litigation, with the exception of events occurring from November 2 through December 28, 2021, when I was on leave.  I had particular involvement in

preparing the opening and reply briefs for Defendants' motion to dismiss, ECF Nos. 129 & 137, the opposition to Plaintiff's motion for a preliminary injunction, ECF No. 99, the opening and reply briefs for Defendants' motion to exclude the untimely opinions of Dr. Ettner, ECF Nos. 130 & 132, the motion seeking partial relief from the Court's order on expedited discovery, ECF No. 157, the status report concerning Defendants' ability to provide expedited discovery of custodial documents, ECF No. 161, and Defendants' collection, processing, review, and production of documents. I was also involved in preparing the motion for partial reconsideration of the Court's Preliminary Injunction, ECF No. 178, and the Notice of Compliance with December 27, 2021 Preliminary Injunction, ECF No. 183, although I was not a primary drafter of those filings.

3.       In representing Defendants in this case, I have not knowingly made any misrepresentation or omitted any information in an attempt to mislead the Court or Plaintiff, nor am I aware of any other counsel for Defendants who has done so. I have also not taken any action to delay the resolution of this litigation or Plaintiff's receipt of any medical care to which she may be entitled, nor am I aware of any other counsel for Defendants who has done so.

5.       During my representation of Defendants in this case, I am unaware of any Bureau of Prisons official or employee requesting that counsel make any misrepresentations or omit any information in an attempt to mislead the Court or Plaintiff, or any such misrepresentation or omission by a Bureau of Prisons official or employee. I am also unaware of any Bureau of Prisons official or employee requesting that counsel take any action to delay the resolution of this litigation or Plaintiff's receipt of any medical care to which she may be entitled, or any such action by a Bureau of Prisons official or employee.

6.       The Court's February 10, 2022, Show Cause Order raises questions about the merits of the venue argument in Defendants' motion to dismiss. ECF No. 187 at 7 n.2. I was the attorney primarily responsible for drafting that argument. Following extensive legal research, I formed the good faith belief that, contrary to Plaintiff's position, venue is determined solely based on the

operative complaint in a case. I am aware that district court opinions lack precedential value, but I believed the decisions were nonetheless appropriate to cite as persuasive authority. I cited them in the motion only as persuasive authority and did not intend to suggest they were binding authority on this Court.

7.      Following receipt of the Court's Order to Show Cause, I performed additional research on the venue question to determine whether I inadvertently overlooked any binding precedent foreclosing Defendants' venue argument. My additional research did not uncover any controlling authority to the contrary and has revealed at least two circuit courts agreeing with Defendants' position on venue. *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1376 (Fed. Cir. 2021); *Fullerton v. Maynard*, 943 F.2d 57, 57 (10th Cir. 1991) (unpublished table decision) (holding that venue should be based on a prisoner's amended complaint when he was transferred after filing the original complaint). I am unaware of any other point that Defendants made in connection with the venue argument (or any other argument) that is unsupported by applicable law.

8.      Based on the above, I do not believe Defendants' venue argument was inconsistent with Rule 11 or any of my other professional responsibility or ethical obligations. Had I believed that the argument violated Rule 11 (or any similar principle of attorney conduct), I would not have made the argument. And, had I discovered that the argument violated Rule 11 (or any similar principle of attorney conduct), I would have filed a notice with the Court expressly withdrawing the argument.

9.      The Court's February 22, 2022 Show Cause Order also questions the Defendants' representations in their motion seeking partial relief from the Court's October 15 expedited discovery order and the status report concerning Defendants' ability to complete the custodial discovery ordered. ECF No. 177 at 7 (citing ECF Nos. 157, 161). Defendants went to extraordinary lengths to comply with the Court's order on expedited discovery, including agency counsel, litigation counsel, and support staff working nights and weekends. I estimated that

Defendants would require somewhat less than a month to complete review and production of the custodial files encompassed by the Court's October 15 order based on (1) initial information on the number of documents requiring individual review; (2) an estimate of the average rate of review (including redaction and privilege logging, as needed), and (3) an estimate of the average number of hours available for review between the three attorneys with access to the online platform on which the documents were reviewed. In describing the process for reaching that estimate, I did not intend to mislead the Court to believe that only one attorney would be performing the document review. Further, I had a good faith belief in the truth of that statement when I made it, and no one involved in the case suggested to me that it was not a realistic estimate. Indeed, the actual review and production required almost the period granted by the Court.

10.     Having closely read the Court's Preliminary Injunction, it was and is my good faith belief that Defendants complied with that order by following the Court's instructions in the event the Transgender Executive Committee did not approve Plaintiff for immediate referral for gender confirming surgery. In discussing and assisting in the preparation of Defendants' Notice of Compliance with December 27, 2021 Preliminary Injunction, ECF No. 183, at no time did I believe Defendants were violating the Preliminary Injunction, and no one else raised such a concern to my knowledge.

11.     I believe strongly in the importance of the ethical conduct by attorneys generally and by attorneys representing the government even more so. I take these ethical duties very seriously and would not intentionally mislead a court or make filings for improper purpose, such as delay. I did not do so in this case nor am I aware of anyone else doing so. Prior to reading the Order to Show Cause, I was not aware that the Court had ethical concerns about any aspect of Defendants' conduct in this case. In fifteen years of practice—eleven of them in public service—no court has sanctioned me, and I have never been subject to disciplinary action by a bar association or employer.

12.     To the extent any actions of mine harmed the credibility or perception of the Department of Justice in the eyes of the Court, I deeply regret those actions even though they were unintentional.   I likewise regret any actions of mine that unintentionally hindered the speedy, efficient, and just resolution of this case.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 14th day of February 2022.

Gary Felton