IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRISTINA NICHOLE IGLESIAS (a.k.a.,        )
CRISTIAN NOEL IGLESIAS),                  )
                                          )
          Plaintiff,                      )
                                          )
vs.                                       )    Case No. 19-cv-00415-NJR
                                          )
IAN CONNORS, ET AL.,                      )
                                          )
          Defendants.                     )

**DECLARATION OF KATE TALMOR**

I, Mary Kathryn (Kate) Talmor, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

1.       I am currently employed as a Trial Attorney by the Federal Programs Branch of the Civil Division of the Department of Justice, a position I have held since I joined the Department through the Attorney General's Honors Program in September 2017, with the exception of nine months during which I served in the same role in the Department's Civil Rights Division. Prior to accepting this position, I served for two years as a Staff Law Clerk for the United States Court of Appeals for the Seventh Circuit. I obtained my law degree, with Honors, from the George Washington University Law School in 2015.

2.       My involvement with the above-captioned litigation has been minimal and brief. Specifically, I was asked to help with the November 22, 2021 hearing on Plaintiff's Motion for Preliminary Injunction due to the unavailability of counsel, Josh Gardner, who originally had planned to handle the hearing. My role in the hearing was limited to the cross-examination of Plaintiff's expert witness, Dr. Ettner.

3.       In preparation for the hearing, I reviewed Defendants' Motion to Dismiss, this

1

Court's order denying that motion, the transcript from Dr. Ettner's deposition, Dr. Ettner's declarations, briefing on Plaintiff's Motion for Preliminary Injunction, and a handful of other materials related to Dr. Ettner's anticipated testimony. I was not otherwise involved in preparation for the hearing.

4. I had no discussions or interactions with the Bureau of Prisons before the hearing, and have only spoken with BOP attorneys or officials on the day of the hearing.

5. As a matter of internal staffing, I have not been formally assigned to the team handling this litigation outside my assistance with the hearing. I had no further involvement with the case after the Court's preliminary-injunction hearing. I continue to receive ECF notifications and read this Court's Order Granting a Preliminary Injunction as a matter of personal interest, but I have had no responsibility for assisting BOP with implementing the injunction, nor have I had any awareness as to further events post-dating the injunction or BOP's steps to comply with it.

6. I have neither signed any pleading or other filing in this matter (with the exception of the Notice of Appearance I entered on November 17, 2021, for the purpose of assisting with the hearing), nor have I had any role in litigation strategy, research, or writing. Specifically, my name has not appeared on the signature block of any substantive filing in this matter and I had no role in preparing or filing any of the docket entries identified in the Court's Order to Show Cause, Docs. 100, 129, 130, 147, 157, 161, 178, and 183. I likewise had no involvement with formulating the legal arguments presented in Defendants' Opposition to Preliminary Injunction, nor any role in preparing Defendants' Notice in Compliance with December 27, 2021 Preliminary Injunction, Doc. 183.

7. I have not taken any actions, including either representations or withholding of information, for any improper purpose, including misleading any party or the Court, delaying the proceedings, or denying Plaintiff the medical care she seeks. And although my role has been, as explained above, quite limited, I have no information to suggest nor reason to believe that any of my colleagues have made representations or withheld information in this matter for the purpose of

misleading the Court or parties, or delaying or multiplying the proceedings. To the best of my knowledge and belief, my colleagues take seriously their role as public servants, officers of the Court, and representatives of the United States, and would not take action in this matter for an improper purpose.

8.      Although I have not had interactions with BOP aside from in-person conversations on the day of this Court's preliminary-injunction hearing, I have no reason to believe that anyone at BOP has misrepresented or withheld information for an improper purpose, including to delay or deny the surgery Plaintiff seeks.

9.      Each of my roles in the legal profession, including four internships during law school, has been in a public-service capacity. I consider it a great honor to represent the United States as a trial attorney, and I take with the utmost seriousness the importance of my duty of candor and my duty to undertake vigorous defense of the government in an ethical manner. I have never been sanctioned by a Court and always have endeavored to adhere to the highest ethical standards in litigation.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 14th day of February 2022.

/ s/ Kate Talmor