IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a., CRISTIAN NOEL IGLESIAS), | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 19-cv-00415-NJR ) |
| IAN CONNORS, ET AL., | ) ) ) |
| Defendants. | ) |

## DECLARATION OF JENNA EPPLIN

I, Jenna Epplin, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

1. I am currently employed by the Federal Bureau of Prisons ("BOP") as National Policy and Program Coordinator (Transgender Inmates) for the BOP's Women and Special Populations Branch of the Reentry Services Division. I have held my current position since August 2020. I have been employed by the BOP since June 2002. Additionally, I serve as a member of the BOP's Transgender Executive Council and have done so since August 2020.

2. I am aware the Court ordered Defendants to "file weekly updates on contacts with the surgeon, the surgeon's response, and any other items relating to Ms. Iglesias's care on Friday, February 25, 2022, by 5:00 p.m., and every Friday thereafter by 5 p.m. until further notice." (Doc. 200).

3. I have been informed of certain developments since the Court was last updated on February 25, 2022 (Doc. 204). I write now to update the Court about those developments.

1

4.     Dr. Alix McLearen previously advised the Court that BOP had been in communication with a surgeon (Surgeon 1) who indicated they had appointments available in April. Doc. 204-1 ¶¶ 4-6.

5.     On March 1, 2022, BOP was advised by BOP's contractor that Surgeon 1 scheduled an appointment for consultation with Ms. Iglesias on April 7, 2022. BOP plans to move forward with this appointment.

6.     On March 3, 2022, in response to a question about hair removal, BOP was advised by BOP's contractor that "the patient must be seen for evaluation before anything else is ordered." Specifically, once Surgeon 1 has determined that Ms. Iglesias "meets the clinical criteria and has accepted her then the rest can be entered." BOP was also advised that Surgeon 1 refers patients out to other providers for vaginoplasty and was advised the contractor would find out who those providers are.

7.     Additionally, Dr. McLearen previously indicated BOP took steps to broaden its search beyond the above-referenced surgeon and notified the contractor that BOP is requesting they begin identifying and contacting a second (and potentially a third) surgeon. (Doc. 204-1 ¶ 7).

8.     In response to that request, BOP was notified on approximately February 25, 2022, that the contractor had located a second practice (Practice 2) that could potentially conduct a consultation as soon as March 15th, but that they would need the mental health referral letters in order to schedule. On March 1, 2022, BOP was notified that Practice 2 has "declined to see the patient due to her socio-economic background. The provider is concerned about the lack of support and thinks that the patient will not comply post operatively."

9.     Additionally on approximately February 24, 2022, the contractor advised they had made outreach to a third practice (Practice 3). On March 3, 2022, BOP was advised by the contractor that "no other provider that we have made outreach to is willing to see this patient." The contractor did not provide further information about why Practice 3 declined to see Ms. Iglesias.

10. Finally, Dr. McLearen had indicated that while BOP believes it makes sense for the removal of hair at the surgical site to be part of the consultation with the surgeon, in the interest of time, BOP requested on February 24, 2022, that the contractor identify other options for hair removal at the surgical site. (Doc. 204-1 ¶ 8). The contractor responded that they would need specific orders for what needs to be done. In response to this, on March 3, 2022, BOP staff spoke with the contractor for clarification, and the contractor indicated they would reach out to see who Surgeon 1 uses for hair removal, for the sake of finding such a service consistent with Surgeon 1's practice. BOP was advised Surgeon 1 does not use a particular dermatologist for hair removal.

11. BOP remains committed to providing Ms. Iglesias appropriate care and continues working diligently with our contractor.

I declare under penalty of perjury that the foregoing is true and correct to the best of my belief. Executed on this 4th day of March 2022.

Jenna Epplin