**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS), | |
| Plaintiff, | Case No. 19-cv-00415-NJR |
| v. | Judge Nancy J. Rosenstengel |
| FEDERAL BUREAU OF PRISONS, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER
AND MOTION FOR A MODIFIED PRELIMINARY INJUNCTION**

In response to the Court's Show Cause Order and the testimony elicited at the February 22, 2022 hearing, Plaintiff Cristina Iglesias files this motion to modify the preliminary injunction.[1]

On February 10, 2022, this Court, recognizing Defendant Federal Bureau of Prisons' ("BOP") noncompliance with its December 27, 2021 Preliminary Injunction, ECF No. 177, issued a Show Cause Order requiring BOP to explain why it should not face sanctions, ECF No. 187. As that Order noted, BOP "has been playing a version of Plinko, and [Plaintiff] Cristina Iglesias is the chip. The pegs deflecting Iglesias are BOP's everchanging reasons for delaying Iglesias's gender confirmation surgery ('GCS'). The slots at the bottom of BOP's Plinko board are—'Iglesias Receive GCS' or 'Time Runs Out.'" *Id.*

That Plinko game continues today. Time is still running out for Ms. Iglesias to receive the care that all parties now agree is medically necessary before she leaves Defendants' custody in December 2022. Since the Preliminary Injunction issued in December 2021, Defendants have refused to act expeditiously to ensure that Ms. Iglesias will receive gender-affirming surgery while in their custody. Instead, Defendants originally proposed delaying a surgeon referral for 2.5

---

[1] The Parties have conferred about a briefing schedule for Plaintiff's present motion and have agreed to an expedited schedule such that Defendants will file their response by March 14, 2022 and, should Plaintiff file a reply brief, she will do so by March 16, 2022.

months until mid-April 2022, ECF No. 183; backtracked after this Court's Show Cause Order, Declaration of Dr. Alix McLearen Declaration, ECF No. 191-2 at ¶ 20, and began looking for surgeons in February 2022, Declaration of William Robinson ("Robinson Decl."), ECF 210-1 at ¶ 19, while limiting their outreach to a single surgeon, Feb. 22, 2022 Hearing Transcript ("Hearing Tr.") at 85-86; revealed a new step in the process of securing that surgeon, Hearing Tr. at 95-97; and refused to begin the months-long process of hair removal until April 2022 at the earliest, Hearing Tr. at 100-01. As of this filing, Defendants have *still* not obtained surgical referral letters, identified a permanent-hair-removal provider, nor even developed a timeline for providing Ms. Iglesias with surgery. *See* Robinson Decl. at ¶ 19. Ms. Iglesias highlighted at least twelve steps necessary before surgery can occur, most of which have not yet occurred. Plaintiff's Response to Defendants' Notice of Jan. 31, 2022 ("Pl.'s Response"), ECF No. 186, at 3-4.

In light of these new factual developments, Defendants' incessant evasions and delays, and the ever-decreasing time left in Ms. Iglesias's sentence, Ms. Iglesias respectfully moves this Court to modify its December 2021 Preliminary Injunction to order that BOP provide Ms. Iglesias gender-affirming surgery as soon as possible. Specifically, Ms. Iglesias seeks additional injunctive relief requiring Defendants (i) to develop a detailed plan to provide Ms. Iglesias surgery, which at a minimum addresses the twelve steps she has previously outlined; (ii) to provide Ms. Iglesias with gender-affirming surgery, including all necessary pre-surgical preparation and post-surgery recovery; and (iii) to do so prior to the expiration of her sentence on December 22, 2022.

## I.   MODIFYING THIS COURT'S PRELIMINARY INJUNCTION IS WARRANTED AND APPROPRIATE.

This Court's December 2021 Preliminary Injunction required Defendants' Transgender Executive Council ("TEC") to follow the policy Defendants' witness Dr. Alison Leukefeld testified to, namely, evaluate and make a determination on Ms. Iglesias's request for gender-

affirming surgery by January 24, 2022, and then promptly take steps to secure that care if approved. Preliminary Injunction, ECF 176 ("P.I. Order") at 59. The TEC has now evaluated Ms. Iglesias's request for gender-affirming surgery and determined gender-affirming surgery is medically necessary for her. Notice in Compliance with P.I., ECF No. 183 at 2. Having determined that gender-affirming surgery is necessary, Defendants have an obligation under the Eighth Amendment to promptly provide Ms. Iglesias with gender-affirming surgery. "Prison officials . . . have a constitutional duty to provide inmates with the care they require for their serious medical needs." *Mitchell v. Kallas*, 895 F.3d 492, 496 (7th Cir. 2018); *see Helling v. McKinney*, 509 U.S. 25, 32 (1993) (deliberate indifference to serious medical needs is unconstitutional).

Ms. Iglesias asks this Court not only to require Defendants to provide her with the gender-affirming surgery Defendants now concede is medically necessary, but to do so prior to her release from BOP custody in December 2022. Defendants' *years* of delay in providing Ms. Iglesias with this care has caused Ms. Iglesias serious harm.[2] By flouting the preliminary injunction, Defendants have further delayed this important medically necessary treatment for Ms. Iglesias's gender dysphoria, even knowing that the end of her sentence is swiftly approaching. But, "[p]rison staff cannot bide their time and wait for an inmate's sentence to expire before providing necessary treatments." *Mitchell*, 895 F.3d at 496. Ms. Iglesias asks this Court to modify its preliminary injunction—which already requires Defendants to act expeditiously—to expressly require Defendants to provide her with surgery prior to her release. This Court has previously "provide[d] . . . additional injunctive relief" and "modif[ied] . . . [a] previously ordered" preliminary injunction in light of subsequent briefing and status reports from parties. *Monroe v. Meeks*, No. 3:18-CV-00156-NJR, 2022 WL 355100 at *32 (S.D. Ill. Feb. 7, 2022).

---

[2] *See* P.I. Order at 13-16, 18-21 (discussing Ms. Iglesias's repeated requests for treatment for her gender dysphoria, including gender-affirming surgery, hormones, transfer to a women's facility, and permanent hair removal).

There remains a significant concern whether Ms. Iglesias will ultimately be able to receive gender-affirming surgery before leaving BOP custody. Defendants have created a situation where every step must work out perfectly, without any further delay, for her to actually undergo surgery and recover before December 2022. Even assuming that (i) the initial consultation does occur on April 7, 2022; (ii) the sole surgeon NaphCare has contacted does accept Ms. Iglesias as a patient; (iii) that surgeon is able and willing to coordinate Ms. Iglesias's first permanent hair-removal session shortly thereafter; and (iv) Ms. Iglesias only ends up needing six months of permanent hair-removal sessions to make surgery possible (rather than up to twelve), she would first be eligible for surgery *in late October 2022*. Even that most optimistic timeline leaves only two months for Ms. Iglesias to then complete her pre-operative medical evaluation, undergo surgery, and complete about a week of hospitalization followed by an additional period of post-operative recovery, *see* Declaration of Dr. Randi Ettner, ECF No. 186-1 ("Ettner Decl."). With less than ten months now left in Ms. Iglesias's sentence, there is simply no room for further delay.

This time crunch is the logical and foreseeable result of Defendants' repeated, unjustified delays. This Court was very clear in the preliminary injunction about its concern over Defendants' conduct and took steps to assure "that Iglesias will not fall victim to any further delays." P.I. Order at 59. The Court recognized the ongoing harm that Ms. Iglesias is suffering due to the denial of her medical care, *id*. at 56-57, and communicated the urgency of the situation, which is heightened by Ms. Iglesias's long-scheduled release date in December 2022.

Despite this Court's preventative efforts, examples of Defendants' unwarranted delays since the preliminary injunction abound. Though Defendant's TEC meets every other week, it waited until the last possible day under the preliminary injunction to discuss Ms. Iglesias. P.I. Order at 28; ECF No. 183 at 1. And though the TEC recommended Ms. Iglesias for surgery, it did

not file a notice with the Court within two days as required, P.I. Order at 59, but rather waited seven days to do so, ECF No. 183. Inexplicably, the TEC also added a one-month delay for referral to a surgeon after Ms. Iglesias's arrival to the residential reentry center.[3] ECF No. 183 at 2. The TEC also did not even mention permanent pre-surgery hair removal when they approved Ms. Iglesias for surgery in January, and is currently planning to wait until after Ms. Iglesias's April surgical consultation to develop a plan for her hair removal—even though Defendants know this is necessary for surgery and takes up to twelve months to complete. *See* Hearing Tr. at 100-02; Pl's Response at 3-4; Ettner Decl. at ¶ 20

Not only did Defendants intentionally add unnecessary delay, but they have also ignored the preliminary injunction's detailed requirements for preparing a plan for Ms. Iglesias to receive gender-affirming surgery. Once Ms. Iglesias was approved for surgery,[4] the preliminary injunction required Defendants to file a plan with the Court within two days, including "a list of known and/or approved GCS surgeons, a timeline regarding preparation the BOP must do to ensure both it and Iglesias are ready for surgery, timeline for Iglesias's recovery, and any other time sensitive information the Court or parties must consider." ECF No. 177 at 2. Defendants were also required to file weekly updates regarding the progress of securing a surgeon, addressing "who Defendants contacted, dates Defendants contacted the surgeons, the method of contact, whether the surgeons

---

[3] Defendants' proffered explanations of continuity of care and administrative expediency for the decision to wait until after Ms. Iglesias's transfer to the residential reentry center to refer her to a surgeon provide no justification for why they also required her to wait one additional month post-transfer to meet with a surgeon. *See* ECF No. 183 at 2-3; Hearing Tr. at 23-25.

[4] While the P.I. Order states that Defendants are required to do this after receiving approval from the Medical Director, the requirements did not disappear once Defendants decided to utilize a new process—that they failed to disclose to the Court or Plaintiff at the November 22, 2021 hearing—that bypasses the Medical Director. P.I. Order at 59-60; Notice in Compliance with P.I., ECF No. 183 at 2. The Court laid out steps to be taken once Iglesias was approved for surgery and, based on Defendants' representations at the November 22, 2021 hearing, understood that approval only occurred after the Medical Director's sign-off. Show Cause Order at 3-5. Defendants are now using a process that bypasses the Medical Director, and therefore these requirements should have been triggered by the TEC's approval on January 24, 2022. At the very least, Defendants should have sought clarification from the Court, rather than simply ignoring the Court's directives.

have contacted them back, and the surgeon's schedule" and "the implications of Iglesias receiving [surgery] while serving the rest of her time at the Residential Reentry Center in Florida." *Id*. at 2-3. Defendants only began taking some of these steps after the Show Cause Order issued on February 10, 2022, and have only begun providing some subset of this information after the Court again ordered them to file weekly updates. Hearing Tr. at 178.

Defendants *still* do not have a defined plan to provide Ms. Iglesias with surgery prior to her release. They have not submitted one to the Court as required by the preliminary injunction, Dr. McLearen was not able to provide a timeline for Ms. Iglesias to receive surgery even as of the end of February—nearly a month after the TEC's approval. *See* Hearing Tr. at 61 (no timeline with steps that need to occur prior to surgery); *id.* at 88 (it was "last week … when we learned that it wasn't a straightforward 'Hi, we want to do this; okay, great'" process with establishing a surgeon).

The steps that BOP *has* taken toward securing gender-affirming surgery for Ms. Iglesias have come as a result of this Court's intervention or litigation pressure. The TEC evaluated Ms. Iglesias's request for surgery only after this Court enjoined it to do so. *See* Notice in Compliance with P.I., ECF 183 at 1. BOP asked its contractor to schedule a consultation with a surgeon the day after this Court's Show Cause Order. Robinson Decl. ¶ 19. And BOP only sought to confirm an appointment with the surgeon, contact additional surgeons, identify providers for permanent hair removal at the surgery site, and request contact information for the surgeon Plaintiff's counsel identified (who is willing to perform Ms. Iglesias's surgery before her release), *after* the February 22, 2022 Show Cause Hearing in this matter. *Id.*

Given the history of Defendants' conduct in this case, the fact that progress has almost always been as a result of this Court's interventions, and BOP's ongoing inability even now to

articulate a clear plan of treatment, Plaintiff believes that additional injunctive relief is warranted, necessary, and urgent. Without a clear mandate and timeline from this Court, Defendants will continue their pattern of delay and indifference and Ms. Iglesias may very well not receive her long-overdue medical care. That Defendant's TEC did not discuss *or even consider* how its decision to delay surgical referral until April might result in Ms. Iglesias not being able to get gender-affirming surgery at all is indicative of how Defendants have approached this litigation: with little care for Ms. Iglesias's medical needs or the consequences of their inaction. Hearing Tr. at 65-66.

Plaintiff therefore moves the Court to modify its preliminary injunction to require Defendants to *immediately* develop "a plan for Iglesias to receive [gender-affirming surgery]" and permanent hair removal at the surgical site, including "a timeline regarding preparation the BOP must do to ensure both it and Iglesias are ready for surgery [and] timeline for Iglesias's recovery," P.I. Order at 60. Such a plan should account for, at a minimum, the twelve tasks Plaintiff identified in her February 8, 2022 filing. Pl.'s Response at 3. Plaintiff also asks the Court to further order that Defendants actually provide Plaintiff with gender-affirming surgery—which the TEC approved more than a month ago—before her release, barring any medical contraindications.[5]

## II. PLAINTIFF WILL SEEK SANCTIONS IF DEFENDANTS FAIL TO PROVIDE HER WITH GENDER-AFFIRMING SURGERY, WHICH THEY ACKNOWLEDGE IS MEDICALLY NECESSARY.

Should Defendants fail to provide Ms. Iglesias with gender-affirming surgery prior to her release, Plaintiff plans to seek an order requiring BOP to provide her with the surgery after her

---

[5] That Ms. Iglesias may not be ready for gender-affirming surgery because the permanent hair removal at the surgery site is not yet complete is not a medical contraindication, but rather a timing issue wholly foreseeable by Defendants. Defendants' failure to provide Ms. Iglesias with gender-affirming surgery prior to her release because the permanent hair removal was not yet complete would be a violation of the revised preliminary injunction. Further, denying Ms. Iglesias medically necessary care on the basis of her behavior has no basis in medical standards of care and is plainly not a medical contraindication. *See* Ettner Decl. at ¶¶ 8-9.

release. Defendants have dragged their feet throughout this litigation and violated this Court's preliminary injunction—and there is a very real chance that their misconduct will result in Ms. Iglesias being unable to receive gender-affirming surgery before December 2022. Plaintiff is not yet seeking this sanction, though she believes that Defendants' current cumulative violations suffice to justify such a sanction. If BOP is not able to provide Ms. Iglesias with gender-affirming surgery and post-surgery recovery in the next ten months, this Court will have even greater justification to sanction Defendants and order them to provide Ms. Iglesias with surgery (or, in the alternative, to pay for Ms. Iglesias's surgery and associated costs after her release).

## CONCLUSION

Defendants cannot be permitted to benefit from their misconduct by running out the clock on providing Ms. Iglesias with gender-affirming surgery. Plaintiff thus respectfully moves this Court to enter a modified preliminary injunction requiring Defendants to immediately develop a detailed plan for her to receive gender-affirming surgery before her December 2022 release—and further requiring Defendants to in fact provide her with gender-affirming surgery prior to her release, absent any genuine medical contraindications. Doing so would discourage Defendants from yet further delays and motivate future compliance with the Court's orders and injunctive relief. All parties now agree that gender-affirming surgery is medically necessary for Ms. Iglesias, and additional steps by this Court are warranted to ensure that she ultimately receives that urgent care.

Dated: March 4, 2022

Respectfully submitted,

*/s/ Frank Battaglia*
**Joshua D. Blecher-Cohen**
ROGER BALDWIN FOUNDATION OF
ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jblechercohen@aclu-il.org

**Taylor Brown**
**James D. Esseks**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
tbrown@aclu.org
jesseks@aclu.org

**Frank Battaglia**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
fbattaglia@winston.com

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

*Attorneys for Plaintiff Cristina Nichole Iglesias*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 4, 2022, I electronically filed the foregoing document with the

Clerk of this Court by using the CM/ECF system, which will accomplish service through the

Notice of Electronic Filing for parties and attorneys who are Filing Users.


Dated: March 4, 2022                          <u>/s/ Frank Battaglia</u>
                                              Frank Battaglia