IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a., CRISTIAN NOEL IGLESIAS), | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-cv-00415-NJR ) |
| IAN CONNORS, ET AL., | ) ) ) |
| Defendants. | ) |

### DECLARATION OF JENNA EPPLIN

I, Jenna Epplin, make the following declaration, in accordance with the provisions of 28 U.S.C. § 1746:

1. I am currently employed by the Federal Bureau of Prisons ("BOP") as National Policy and Program Coordinator (Transgender Inmates) for the BOP's Women and Special Populations Branch of the Reentry Services Division. I have held my current position since August 2020. I have been employed by the BOP since June 2002. Additionally, I serve as a member of the BOP's Transgender Executive Council and have done so since August 2020.

2. I am aware the Court ordered Defendants to "file weekly updates on contacts with the surgeon, the surgeon's response, and any other items relating to Ms. Iglesias's care on Friday, February 25, 2022, by 5:00 p.m., and every Friday thereafter by 5 p.m. until further notice." (Doc. 200).

3. I have been informed of certain developments since the Court was last updated on March 25, 2022 (Doc. 229). I write now to update the Court about those developments.

4. I previously advised the Court that Surgeon 1 scheduled an appointment for consultation with Ms. Iglesias on April 7, 2022 (Doc. 212-1). The BOP continues to understand that the consultation with Surgeon 1 will occur on April 7, 2022.

5. Additionally, I have been advised that on March 31, 2022, BOP asked its contractor to search for a potential alternate surgeon outside of Miami but within the surrounding area in Florida.

6. I have been advised BOP has explored with its procurement staff and leadership whether there are any procurement issues with a referral of Ms. Iglesias to the Chicago-based surgeon identified by Plaintiff's counsel. I also have been advised BOP has inquired with the Office of Probation and Pretrial Services at the Administrative Office for the United States Courts about the possibility of such a referral. I have been advised that office explained the process for coordinating the move of an inmate to another jurisdiction and the importance of stability in a location for the reentry planning process, and requested transfer issues be revisited after the surgical consultation, which is scheduled for April 7, 2022.

7. Additionally, I previously advised that Ms. Iglesias attended a dermatology appointment on March 24, 2022. (Doc. 229-1). That appointment involved a consultation for hair removal.

8. I have been advised after that appointment took place, the Dermatologist indicated they were prepared to proceed with hair removal as soon as April 8, 2022. I have been advised BOP requested that the appointment be rescheduled for the next available appointment date, as Ms. Iglesias has a consultation scheduled with Surgeon 1 on April 7, 2022. As Surgeon 1 has not yet accepted Ms. Iglesias as a patient, I have been advised BOP needs to provide Surgeon 1 adequate time after the April 7, 2022, consultation in which to make that determination and to provide a physician's order that documents the medical necessity of hair removal at the surgical site as well as a clinical treatment plan before the next appointment. Additionally, I was advised a short time

between Surgeon 1's consultation and the next dermatology appointment should allow BOP the opportunity to work through any remaining logistics of procurement. Accordingly, I have been advised the Dermatologist has scheduled an appointment for Ms. Iglesias for April 25, 2022, which was the next available appointment date after April 8. BOP has asked its contractor to hold the April 25 appointment, and also to ask the Dermatologist to advise if an earlier appointment becomes available.

9. Additionally, the Dermatologist provided a record to BOP indicating she conducted a cosmetic consultation with Ms. Iglesias for hair removal in the beard and mons areas. I have been advised BOP intends to confirm with the surgeon who is retained to perform Ms. Iglesias's surgery whether such procedures would be necessary in furtherance of gender confirmation surgery.

10. Furthermore, I previously explained that BOP has requested two letters of referral from qualified mental health providers, and that on March 10, 2022, one such letter was completed. (Doc. 220-1). The second letter was completed on March 31, 2022. BOP is prepared to submit these letters to a surgeon upon request.

11. I have been advised that since her transfer to the Residential Reentry Center (RRC), Ms. Iglesias has had continued access to hormone therapy. I have been advised that Ms. Iglesias attended appointments this week with her Primary Care provider and a Behavioral Health provider, who manages Ms. Iglesias's hormone therapy.

12. BOP remains committed to providing Ms. Iglesias appropriate care and continues working diligently with our contractor.

I declare under penalty of perjury that the foregoing is true and correct to the best of my belief. Executed on this 1st day of April 2022.

_____
Jenna Epplin