IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 19-cv-00415-NJR<br><br>Judge Nancy J. Rosenstengel |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' APRIL 1, 2022 STATUS REPORT**

On February 22, 2022, this Court ordered Defendants to "file weekly updates on contacts with the surgeon, the surgeon's response, and any other items relating to Ms. Iglesias's care" every Friday until further notice. ECF No. 200 at 2. On February 26, 2022, the Court provided that, "[a]s Defendants file weekly updates . . . every Friday, Iglesias's counsel may file responses to the Defendants' weekly updates every Wednesday" until further notice. ECF No. 205. Accordingly, Plaintiff submits her fifth such filing in response to Defendants' April 1, 2022 Status Report, ECF No. 231 ("Apr. 1 Rep."), and accompanying declaration from Jenna Epplin, ECF No. 231-1 ("Epplin Decl.").

Just as soon as it appeared that Defendants had finally made headway on providing necessary pre-surgery permanent hair removal (after months with no progress), they added another peg in the Plinko board and bounced Ms. Iglesias in yet another direction. Defendants initially insisted on tethering permanent hair removal to Ms. Iglesias's initial consultation with a surgeon, a prospect that would ensure continued delays in starting the necessary months-long process of pre-surgery hair removal. Defendants appeared to change their minds when they scheduled Ms. Iglesias's dermatologist appointment before contracting with a surgeon. *See* Mar. 11 Rep. at 2, ECF No. 220. But Defendants now again refuse to start Ms. Iglesias's pre-surgery hair-removal

1

until a particular surgeon has accepted Ms. Iglesias as a patient. *See* Apr. 1 Rep. at 2 ("As Surgeon 1 has not yet accepted Ms. Iglesias as a patient, BOP needs to provide Surgeon 1 adequate time . . . to make that determination . . . before the next [hair-removal] appointment."). This approach makes no sense because, as with the referral letters, *any* surgeon will require permanent hair removal at the surgery site—and delaying the start of hair removal will thus only further delay Ms. Iglesias's surgery unnecessarily.[1] Moreover, Defendants do not specify what will happen if Surgeon 1 declines to accept Ms. Iglesias. In that case, Defendants must not be permitted to put off beginning permanent hair removal yet again until they find another surgeon; given their delays and lack of success in securing a surgeon thus far, such an approach could delay pre-surgery hair removal for so long as to foreclose the possibility that surgery can occur this year.

Defendants have now shifted Ms. Iglesias's first permanent hair removal appointment from April 8, 2022, to April 25, 2022. *Id.* at 2. While they treat this shift cavalierly, the effects are clear: pushing back Ms. Iglesias's *already scheduled* hair-removal appointment will push back the entire months-long hair removal process, pushing back yet further the earliest date Ms. Iglesias will be able to receive her much-needed (and long overdue) gender-affirming surgery. Assuming (i) that there are no additional delays in scheduling appointments or additional reschedulings by Defendants, (ii) that Ms. Iglesias's body responds to treatment strictly in line with the provider's estimation, and (iii) that no other unforeseen issues arise, the earliest that permanent hair removal at the surgery site would be complete is late September 2022. Ms. Iglesias has needed surgery for years and was approved by Defendants in January 2022; the delays in receiving this urgent care

---

[1] Indeed, Defendants have now acknowledged for months that permanent hair removal is both lengthy and necessary before surgery can occur and that in the community, pre-surgery hair removal and surgery itself can proceed separately. *See* Hearing Tr. at 103 (testimony of Dr. McLearen).

continue to pile up (and the margin for Ms. Iglesias to receive surgery and recover before her sentence ends in December 2022 is razor-thin).

Finally, Ms. Iglesias notes that Defendants have apparently retreated to their previous position of only looking at a single surgeon at a time—rather than making an appropriate effort to ensure Ms. Iglesias receives treatment as soon as possible by reaching out to multiple providers until a surgery contract is secured. Thus, Defendants' plan to "revist[]" the viability of the Chicago-based surgeon only "after the surgical consultation [with Surgeon 1] . . . scheduled for April 7" represents Defendants' willingness to tolerate further intentional and unnecessary delays if Surgeon 1 chooses not to take Ms. Iglesias on as a patient. *Id*. In response to Defendants' contemplation of "the move of an inmate to another jurisdiction and the importance of stability in a location for the reentry planning process," Ms. Iglesias notes that her hope and expectation is that, if the Chicago-based surgeon is chosen, she would stay temporarily in Chicago to receive her medically necessary care, then return to her current Florida residential reentry center once she was medically cleared to do in order to complete her reentry process in Miami. *Id*.

Dated: April 6, 2022

Respectfully submitted,

/s/ Frank Battaglia
**Joshua D. Blecher-Cohen**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jblechercohen@aclu-il.org

**James Esseks**
**Taylor Brown**
**L. Nowlin-Sohl**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
jesseks@aclu.org
tbrown@aclu.org
lnowlin-sohl@aclu.org

**Frank Battaglia**
**Shannon Lemajeur**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
fbattaglia@winston.com
slemajeur@winston.com

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

*Attorneys for Plaintiff Cristina Nichole Iglesias*

5

**CERTIFICATE OF SERVICE**

      I certify that on April 6, 2022, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.


Dated: April 6, 2022                          /s/ Frank Battaglia
                                                             Frank Battaglia