IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (also known as CHRISTIAN NOEL IGLESIAS),<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, MICHAEL CARVAJAL, CHRIS BINA, IAN CONNORS, DAN SPROUL, JEFFERY ALLEN, ALIX MCLEAREN, THOMAS SCARANTINO, and DONALD LEWIS,<br><br>    Defendants. | Case No. 19-CV-415-NJR |

## PRELIMINARY INJUNCTION

**ROSENSTENGEL, Chief Judge:**

Pursuant to *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019), and the Court's Memorandum and Order entered this day (Doc. 238), the Court **ORDERS** Defendants to:

1. Provide the Court a timeline regarding preparation the BOP and NaphCare must do to ensure both it and Iglesias are ready for surgery, timeline for Iglesias's recovery, and any other time sensitive information the Court or parties must consider by **April 28, 2022**.

2. In the timeline, BOP must identify and provide the Court a list of **all surgeons within the United States** who are qualified to perform GCS, are willing to work with BOP and NaphCare, and have sufficient scheduling availability to fit Iglesias into a surgical calendar with enough time for her to have surgery and recover by December 2022. For each surgeon, BOP shall provide the Court with the following information: who from BOP initiated the contact; to whom BOP contacted; dates BOP contacted the surgeons; the

method of contact; whether the surgeons have contacted them back; the surgeon's schedule; what the surgeon requires for hair removal at the surgical area; who the surgeon recommends for hair removal; and/or confirming that the hair removal specialist contracted by BOP/NaphCare is qualified to perform the procedures necessary in furtherance of GCS that the surgeon requires.

3. The Court recognizes that a second appointment with the dermatologist is scheduled for April 26. (Doc. 233, p. 2). However, BOP notes that "[i]n advance of that appointment, BOP intends to confirm with a physician that the procedures identified by the Dermatologist are necessary in furtherance of [GCS]." (*Id.*). Notably, BOP has not identified which physician will be confirming that the procedures are in furtherance of GCS. BOP is ordered to identify which physician will be making this confirmation by **April 28, 2022**.

4. While BOP is identifying and providing the Court a list of all surgeons within the United States who are qualified to perform GCS (see #2), Defendants are further ordered to identify and provide the Court a list of **all** dermatologists or hair removal specialists within the United States who are qualified to perform the procedures necessary in furtherance of GCS by **April 28, 2022** (separate from those dermatologists recommended by the GCS surgeons in #2).

5. Additionally, BOP shall finish evaluating and provide a final determination by filing a notice with the Court as to whether using the Chicago-based surgeon identified by Plaintiff's counsel would present any procurement or contracting Defendant's issues by **April 28, 2002.** The notice should list and identify the specific procurement and contracting issues.

6. File notices with the Court about the earliest BOP can transfer Iglesias to another jurisdiction, like Chicago, for surgery (first notice due by **April 21st and updating the Court in its weekly status reports)**. These notices shall identify the following:

    a. which jurisdictions the Office of Probation and Pretrial Services at the Administrative Office for the United States Courts can move Iglesias to;

    b. the earliest date Iglesias can be moved for each jurisdiction;

    c. any and all details regarding the process for coordinating

Iglesias's possible move for each jurisdiction; and

d. details regarding the individual or individuals at the Office of Probation and Pretrial Services at the Administrative Office for the United States Courts Defendants' have been in contact with including: Dates Defendants contacted the individuals; the method of contact; whether the individuals have contacted them back.

7. File notices regarding the progress of securing a surgeon every **Friday** until a surgeon (qualified and able to perform GCS) is secured and a surgery (for GCS) is scheduled. In each notice, Defendants shall provide the Court with the following information: who Defendants contacted, dates Defendants contacted the surgeons, the method of contact, whether the surgeons have contacted them back, and the surgeon's schedule.

8. Upon scheduling of GCS, Defendants should file notices with Court confirming GCS is still to proceed as scheduled every **Friday**; these notices shall include the following:

    a. Determination of the logistics, costs, and payment processes for the surgery by coordinating with the surgeon's office, BOP, NaphCare, and any other necessary parties;

    b. A plan for post-surgery recovery in the weeks and months after surgery, in consultation with the surgeon's office, including arrangements for dilation; and

    c. A plan for transport, lodging, food, finances, and other basic necessities for the periods preceding and following the surgery, including personal support to assist with day-to-day activities for the period immediately following surgery.

**IT IS SO ORDERED.**

**DATED:  April 18, 2022**

*s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**