IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (also known as CHRISTIAN NOEL IGLESIAS),<br><br>　　　　Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, MICHAEL CARVAJAL, CHRIS BINA, IAN CONNORS, DAN SPROUL, JEFFERY ALLEN, ALIX MCLEAREN, THOMAS SCARANTINO, and DONALD LEWIS,<br><br>　　　　Defendants. | Case No. 19-CV-415-NJR |

## PRELIMINARY INJUNCTION

**ROSENSTENGEL, Chief Judge:**

　　　Pursuant to *MillerCoors LLC v. Anheuser-Busch Companies, LLC*, 940 F.3d 922 (7th Cir. 2019), and upon review of the joint motion to modify this Court's prior preliminary injunction entered on April 18, 2022 (Doc. 239), the Court hereby **GRANTS** the motion and the Court **ORDERS** Defendants as follows:

1. By **May 6, 2022**, Defendants shall provide an outline of a timeline of all significant steps that BOP and NaphCare must undertake to provide Plaintiff with vaginoplasty with enough time for her to recover before her release on December 25, 2022. Defendants shall confer with Plaintiff's counsel regarding the contents and structure of the outlined timeline. If Plaintiff has not had a consultation with the Chicago-based surgeon discussed in paragraph 4 below by May 6, 2022, Defendants shall provide a revised timeline within 10 days of such consultation. Defendants shall further provide a revised timeline within 10 days of the scheduling of vaginoplasty by the Chicago-based surgeon, including the factors considered in subparagraphs 8(b) and 8(c) of the Court's April 18 preliminary injunction.

2. Defendants shall continue scheduling regular appointments for Plaintiff for laser hair removal at the surgical site with the provider in Miami who is currently scheduled to begin laser hair removal on April 26, 2022, subject to the continued agreement and availability of that dermatologist. These appointments shall continue as long as and at a frequency necessary to obtain sufficient hair removal, in the judgment of the treating surgeon, for a vaginoplasty procedure. Defendants shall also schedule appointments for Plaintiff for laser facial hair removal with the same provider, to begin at the next session after the April 26 appointment and continue thereafter. In the event such appointments cannot be scheduled, and/or Defendants believe further appointments are no longer necessary, Defendants shall meet and confer with Plaintiff's counsel on the issue before taking further action.

3. Because it is possible that electrolysis may be needed to supplement the laser hair removal, Defendants shall identify, by May 6, 2022, at least three electrolysis hair removal providers in the Miami area who Defendants believe are qualified to perform permanent hair removal in preparation for a vaginoplasty and who are acceptable to Plaintiff.

4. Defendants shall schedule the first available tele-health consultation for a vaginoplasty with the Chicago-based surgeon previously identified by Plaintiff's counsel. In the event the surgeon requests an in-person consultation with Plaintiff, Defendants shall make arrangements for Plaintiff to travel to Chicago pursuant to the "medical furlough" procedure to attend the in-person consultation, with costs included as part of BOP's provision of medical care. In making such arrangements, Defendants will schedule the earliest in-person consultation available while taking into account the time necessary to make travel arrangements. In the event the surgeon is unable or unwilling to schedule any consultation, Defendants shall meet and confer with Plaintiff's counsel on the issue.

5. With respect to the other 38 surgeons listed in Attachment 1 to the April 22, 2022 Epplin Declaration (Doc. 249-2), to the extent the contacted surgeons respond to Defendants' good-faith outreach, Defendants shall attempt to gather the information described in paragraph 2 of the prior preliminary injunction (Doc. 239 ¶ 2). This information includes but is not limited to: what the surgeon requires for pre-surgery hair removal (e.g., coverage area, method of removal); who the surgeon recommends for hair removal; any additional steps or processes the surgeon requires before scheduling or performing vaginoplasty surgery; whether the surgeon has any objection to working with BOP to provide surgery to persons in BOP custody; whether the surgeon is willing to accept Plaintiff as a patient for vaginoplasty; and whether the surgeon's schedule would allow for Plaintiff to undergo a vaginoplasty and recover by December 25, 2022. Defendants will also attempt to gather the same information

from additional surgeons to be specified in writing by Plaintiff.

    a. Defendants shall provide this information to the Court and Plaintiff, in a manner substantially similar to Attachment 1 to Doc. 249-2, by May 12, 2022. In the event that the Chicago-based surgeon discussed in paragraph 4 above declines to accept Plaintiff as a patient or ceases to be a viable option for providing Plaintiff's surgery for any reason, Defendants will send an up-to-date version of this information to Plaintiff's counsel within 48 hours of such development.

    b. If Defendants' outreach to surgeons as described in paragraph 5 above does not identify at least four surgeons able to perform vaginoplasties, willing to work with BOP to provide surgery to persons in BOP custody, and willing to accept Plaintiff as a vaginoplasty patient such that Plaintiff can receive surgery and recover by December 25, 2022, by May 19, 2022, Defendants shall notify Plaintiff and extend their outreach to additional surgeons until four surgeons are identified who meet the criteria in this subparagraph or until they have made a good faith effort to contact all surgeons in the United States who are qualified to perform vaginoplasty.

6. Defendants shall file the information required by paragraph 5 of the Court's prior April 18, 2022 preliminary injunction by **May 6, 2022**.

7. In light of BOP's determination that, while Ms. Iglesias remains in BOP custody in a Residential Reentry Center, she can be moved temporarily for medical treatment pursuant to the "medical furlough" procedure without further action required by the Office of Probation and Pretrial Services, Defendants shall consult with Probation and Pretrial Services, as necessary, in order to effectuate any medical furlough(s) for Ms. Iglesias.

8. As noted below, the obligations herein will pause the obligations previously imposed by paragraphs 1 through 6 of the Court's prior preliminary injunction (Doc. 239). However, Defendants shall file on **April 28, 2022**, the information that they have already compiled with respect to paragraphs 2 and 4 of the Court's prior preliminary injunction.

9. To the extent the parties are unable to resolve any issues for which this Order directs the parties to meet and confer, the parties shall promptly submit a joint filing to the Court updating the Court and discussing their respective positions on the issue(s).

    Moreover, in light of the representations in the joint motion to modify the

preliminary injunction, namely that the parties mutually wish to pursue negotiations over a permanent injunction and/or other potential resolution of this case, the Court hereby **ORDERS**:

10. Over the next 21 days, the parties shall confer regularly – at least twice weekly – regarding a permanent injunction to be proposed by the parties and/or potential settlement or other resolution of this matter.

11. The parties shall jointly file a proposed permanent injunction and/or other status report within 21 days, i.e., on or before **May 17, 2022**.

12. To allow the parties to focus on these negotiations, Defendants' obligation to file status reports pursuant to the Court's February 22, 2022 Order, Doc. 200, and paragraphs 7-8 of the Court's April 18, 2022 Order, Doc. 239, is excused until the end of the 21-day period. However, Defendants shall provide timely updates to Plaintiff's counsel with information relevant to Plaintiff's ongoing care. The proposed permanent injunction and/or status report filed at the conclusion of the 21-day period shall report Defendants' progress on paragraphs 1-5 above, and shall also address a schedule for future status reports. Nothing in this paragraph prohibits either party from voluntarily providing information to the Court during the 21-day period, provided they give the other party at least 24 hours advance notice.

13. To further allow the parties to focus on these negotiations, the hearing currently scheduled for May 9 is deferred, with a hearing to be rescheduled after the parties file their proposed permanent injunction and/or other status report in 21 days. Moreover, although Defendants shall file certain injunction-related information on April 28, 2022, and May 6, 2022, as specified in paragraphs 1, 6, and 8 above, the other portions of Defendants' response to the Court's Memorandum and Order of April 18, 2022 (Doc. 238) – i.e., showing cause why Defendants and individual attorneys shall not be held in contempt and/or sanctioned – shall not be due on April 28, 2022, and shall instead be due four weeks later on **May 26, 2022**.

14. Plaintiff's counsel need not submit a fee petition to the Court on May 6, 2022, in light of the parties' anticipation that they will address this issue in conjunction with the parties' negotiations during the 21-day period, and in the ultimate proposed injunction and/or other status report filed at the conclusion of that period. In the event the parties are unable to reach agreement, Plaintiff's counsel retain all rights to submit a fee petition at a later date.

This Order supersedes the prior April 18, 2022 preliminary injunction (Doc. 239).

However, should the parties fail to reach an agreement on the proposed permanent injunction and/or other resolution of this case, the requirements of the April 18, 2022 preliminary injunction shall resume effect, with all deadlines postponed by four weeks unless otherwise ordered by the Court.

**IT IS SO ORDERED.**

DATED:  **April 26, 2022**

<u>s/ Nancy J. Rosenstengel</u>
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**