IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS), Plaintiff, v. FEDERAL BUREAU OF PRISONS, *et al.*, Defendants. | No. 19-cv-00415-NJR<br><br>Judge Nancy J. Rosenstengel |

**JOINT STATUS REPORT AND MOTION
TO MODIFY PRELIMINARY INJUNCTION**

Pursuant to the Court's April 26, 2022 preliminary injunction, the parties respectfully submit this Joint Status Report and Motion to Modify Preliminary Injunction. As explained below, the parties have made very significant progress in their efforts to reach an agreed-upon resolution of Plaintiff's claims. The parties anticipate that allowing an additional ten days for settlement negotiations will lead to an agreement that will avoid further litigation. Accordingly, and as set forth further below, the parties jointly move for an order (i) staying Defendants' obligation to file status reports for ten days, through May 27, 2022, (ii) extending the deadline for Defendants' response to the Court's April 18, 2022 Memorandum and Order for two additional weeks, to June 9, 2022, and (iii) staying the requirements of the Court's April 18, 2022 preliminary injunction for ten additional days, to May 27, 2022. The parties also seek to modify the requirement that BOP use the "medical furlough" process if Plaintiff is to be transported to another district for a medical appointment. A proposed order is attached.

## BACKGROUND

In its Memorandum and Order dated April 18, 2022 (ECF No. 238) ("Mem. & Order"), the Court granted in part Plaintiff's motion for a modified preliminary injunction. Mem. & Order at 2, 20-22. Among other terms, the modified injunction, ECF No. 239, directs Defendants to provide information on (i) surgeons who are qualified to perform gender-confirmation surgery, (ii) dermatologists who are qualified to perform hair removal in furtherance of gender-confirmation surgery, and (iii) any procurement or contracting issues associated with using the Chicago-based surgeon. *See* ECF No. 239 at 1–3. The Court also ordered BOP and DOJ counsel to show cause in writing on or before April 28, 2022, why sanctions should not be imposed, ECF No. 238 at 31, and set a show-cause hearing for May 9, 2022, ECF No. 243. On April 20, 2022, Defendants filed an unopposed motion for a one-week extension of time to comply with paragraph six of the Court's April 18 injunction. ECF No. 242. The Court granted Defendants' motion for an extension of time. ECF No. 245.

On April 26, 2022, the parties filed a Joint Expedited Motion to Modify the Court's April 18, 2022 Preliminary Injunction. ECF No. 251. In that motion, the parties explained that they were pursuing settlement negotiations and that they sought entry of a proposed modified preliminary injunction. *Id.* The Court entered that modified preliminary injunction the same day. ECF No. 252. The modified preliminary injunction required the parties, among other things, to "file a proposed permanent injunction and/or other status report within 21 days, *i.e.*, on or before May 17, 2022." *Id.* ¶ 11.

## DISCUSSION

### A. Progress on Paragraphs 1-5 of the April 26, 2022 Preliminary Injunction

The April 26, 2022 preliminary injunction states that "[t]he proposed permanent injunction and/or status report filed at the conclusion of the 21-day period shall report Defendants' progress on

paragraphs 1-5 [of the preliminary injunction], and shall also address a schedule for future status reports." ECF No. 252 ¶ 12.

Paragraph 1 of the April 26 preliminary injunction required Defendants to provide an outline of a timeline of all significant steps that BOP and NaphCare must undertake to provide Plaintiff with gender-confirmation surgery with enough time for her to recover before her release on December 25, 2022. Defendants provided such an outline of a timeline to the Court and Plaintiffs on May 6, 2022. *See* ECF No. 256-1.

Paragraph 2 of the April 26 preliminary injunction required Defendants to continue scheduling appointments for Plaintiff for laser hair removal with a particular provider in Miami, subject to the continued agreement and availability of the dermatologist. Defendants scheduled an appointment for laser hair removal at the surgical site with a provider in Miami for April 26, 2022, and Plaintiff attended that appointment. May 17, 2022 Decl. of Jenna Epplin ¶ 5. Defendants scheduled a second appointment for laser hair removal for June 2, 2022. *Id.* That appointment is for facial hair removal and hair removal at the surgical site. *Id.* ¶ 6.

Paragraph 3 of the April 26 preliminary injunction required Defendants to identify at least three electrolysis hair removal providers in the Miami area who Defendants believe are qualified to perform permanent hair removal in preparation for vaginoplasty, and who are acceptable to Plaintiff. Defendants identified such providers on May 6, 2022. *See* ECF No. 256.

Paragraph 4 of the April 26 preliminary injunction required Defendants to schedule a telehealth consultation for a vaginoplasty with the Chicago-based surgeon previously identified by Plaintiff's counsel. Defendants scheduled a telehealth consultation with the Chicago-based surgeon for May 5, 2022, and Plaintiff attended that appointment. May 17, 2022 Epplin Decl. ¶ 4. The parties are working to schedule an in-person appointment with the Chicago-based surgeon. *Id.*

Paragraph 5 of the April 26 preliminary injunction required Defendants to continue to attempt to gather certain information on other potential surgeons and to provide the information to the Court and Plaintiff by May 12, 2022. Defendants provided the information that they had compiled with respect to paragraph 5 of the preliminary injunction on May 12, 2022. *See* ECF No. 262.

### B. Progress Toward Reaching A Settlement

The parties report that they have made very significant progress toward a potential resolution of this matter. In recent weeks, the parties' counsel have been in regular communication, including by participating in two conference calls per week, to negotiate the terms of a potential settlement and to work collaboratively through the various factual and legal issues raised by the parties' settlement proposals. The parties have also exchanged multiple drafts of a settlement agreement. Although very significant progress has been made, a modest amount of additional time is necessary for the parties to continue their settlement discussions and, hopefully, reach a resolution. The parties believe ten additional days, to May 27, 2022, is needed.

### C. Schedule for Future Status Reports

The parties respectfully propose that they file another joint status report on May 27, 2022, informing the Court of the status of the parties' settlement discussions.

### D. Modification of Preliminary Injunction

To allow the parties to focus on their settlement negotiations, the parties respectfully seek an extension of certain deadlines in the Court's April 26, 2022 preliminary injunction. First, the injunction states that "Defendants' obligation to file status reports pursuant to the Court's February 22, 2022 Order, Doc. 200, and paragraphs 7-8 of the Court's April 18, 2022 Order, Doc. 239, is excused until the end of the 21-day period." ECF No. 252 ¶ 12. The parties respectfully seek an order continuing to excuse Defendants' obligation to file such status reports by ten additional days,

*i.e.*, until May 27, 2022, so that Defendants may continue to focus their attention and energies on the parties' efforts to reach a settlement.

Second, the preliminary injunction also provides that the "portions of Defendants' response to the Court's Memorandum and Order of April 18, 2022 (Doc. 238) – *i.e.*, showing cause why Defendants and individual attorneys shall not be held in contempt and/or sanctioned – shall not be due on April 28, 2022, and shall instead be due four weeks later on May 26, 2022." *Id.* ¶ 13. The parties respectfully seek an order extending that deadline by two weeks, *i.e.*, until June 9, 2022, so that Defendants may continue to focus their attention and energies on the parties' efforts to reach a settlement.

Third, the preliminary injunction also states, "should the parties fail to reach an agreement on the proposed permanent injunction and/or other resolution of this case, the requirements of the April 18, 2022 preliminary injunction shall resume effect, with all deadlines postponed by four weeks unless otherwise ordered by the Court." The parties respectfully seek an order continuing the stay of the April 18, 2022 preliminary injunction for ten additional days.

Finally, the preliminary injunction contains two references to BOP's "medical furlough" procedure by which BOP allows inmates who meet certain requirements to be temporarily released from custody under carefully prescribed conditions. Paragraph 4 provides in part: "In the event the surgeon requests an in-person consultation with Plaintiff, Defendants shall make arrangements for Plaintiff to travel to Chicago pursuant to the 'medical furlough' procedure to attend the in-person consultation, with costs included as part of BOP's provision of medical care." And paragraph 7 provides:

> In light of BOP's determination that, while Ms. Iglesias remains in BOP custody in a Residential Reentry Center, she can be moved temporarily for medical treatment pursuant to the "medical furlough" procedure without further action required by the Office of Probation and Pretrial Services, Defendants shall consult with Probation and Pretrial Services, as necessary, in order to effectuate any medical furlough(s) for Ms. Iglesias.

5

Defendants are continuing to evaluate whether the medical furlough or transfer procedure would most appropriate in this situation. To allow for flexibility, the parties request the Court modify the preliminary injunction to make clear that Defendants are not obligated to use the medical furlough procedure if Defendants move Plaintiff for medical treatment. This proposed change will not otherwise impact Defendants' responsibilities regarding transporting Plaintiff for purposes of receiving medical care.

A proposed order is attached hereto.

## CONCLUSION

For good cause shown, the parties respectfully request that the Court grant their joint motion to modify the preliminary injunction.

Dated: May 17, 2022

Respectfully submitted,

| | |
|---|---|
| STEVEN D. WEINHOEFT<br>United States Attorney | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| LAURA J. JONES<br>Assistant United States Attorney | ALEXANDER K. HAAS<br>Director |
| | /s/ Joshua M. Kolsky<br>JOSHUA M. KOLSKY<br>JOHN ROBINSON<br>Trial Attorneys |
| | United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, D.C. 20005<br>Tel: 202-305-7664<br>E-mail: joshua.kolsky@usdoj.gov |
| | *Attorneys for Defendants* |

/s/ L. Nowlin-Sohl
**Joshua D. Blecher-Cohen**
ROGER BALDWIN FOUNDATION OF ACLU, INC.
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740, 335
jblechercohen@aclu-il.org

**James Esseks**
**Taylor Brown**
**L. Nowlin-Sohl**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
jesseks@aclu.org
tbrown@aclu.org
lnowlin-sohl@aclu.org

**Frank Battaglia**
**Shannon Lemajeur**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
fbattaglia@winston.com
slemajeur@winston.com

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

*Attorneys for Plaintiff Cristina Nichole Iglesias*