UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS), <br><br> Plaintiff, <br><br> v. <br><br> IAN CONNORS, *et al.*, <br><br> Defendants. | Case No. 19-cv-00415-NJR |

### DECLARATION OF BRIAN M. BOYNTON

I, Brian M. Boynton, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I make this declaration based on personal knowledge and in response to the Court's April 18, 2022 Memorandum and Order, Dkt. No. 238.

2. I currently serve as the Principal Deputy Assistant Attorney General for the Civil Division of the United States Department of Justice. I joined the Department of Justice in this position on January 20, 2021. I previously served at the Department of Justice from late 2014 through January 19, 2017, first as a Deputy Assistant Attorney General in the Office of Legal Counsel and then as a Counselor to Attorney General Loretta E. Lynch.

3. As the head of the Civil Division, I oversee approximately 1,100 attorneys in six different branches: the Appellate Staff, the Commercial Litigation Branch, the Consumer Protection Branch, the Federal Programs Branch, the Office of Immigration Litigation, and the Torts Branch. I am ultimately responsible for both running the Division and overseeing the legal positions taken by the Division. The Civil Division represents the United States, its departments and agencies, Members of Congress, Cabinet Officers, and other federal officers and employees in civil litigation. The

Division handles tens of thousands of lawsuits each year and is responsible for numerous court filings on any given day. Each day, I participate in multiple meetings and calls on a wide range of topics and review filings for many different cases. As a result, I am unable to review most of the filings made by the Division, can devote only a limited amount of time to the filings I do review, and generally am not made aware of every detail in each individual case.

4. I did not have any involvement in the preparation, drafting, or submission of any of the filings at issue in the Court's February 10, 2022 Show Cause Order. *See* Dkt. 187 (citing Dkt. Nos. 100, 129, 130, 147, 157, 161, 178, 183). I reviewed those filings for the first time after the Court issued its February 10 Show Cause Order.

5. Following issuance of the February 10 Show Cause Order, I attended the February 22, 2022 Show Cause Hearing. At the hearing, I explained that the Department of Justice took the Court's concerns very seriously and deeply regretted that our handling of the case had raised these concerns. I indicated that I would speak with the Director of the Bureau of Prisons (BOP) and BOP's General Counsel about the case and that I would personally monitor BOP's progress toward arranging gender-confirmation surgery (GCS) for Ms. Iglesias. I also indicated that I would review Defendants' future filings in the case.

6. Since the February 22 hearing, I have monitored this case and sought to ensure that BOP would promptly make arrangements for Ms. Iglesias's surgery. Immediately following the February 22 hearing, I spoke with BOP Acting General Counsel James Wills about the case. Similarly, I spoke with BOP Director Michael Carvajal about the case on March 2, 2022. I have also reviewed every filing in this case since the February 22, 2022 hearing up through the recent settlement of the case. Most recently, I was actively engaged in the discussions that led to the settlement in this case. I participated in numerous calls with Ms. Iglesias's counsel and in numerous calls with BOP leadership, and I helped the parties reach a mutually agreeable settlement and path forward.

7. On April 18, 2022, the Court issued a Memorandum and Order (Dkt. 238) directing six Department of Justice attorneys, including me, to show cause why we should not be sanctioned. In addition to noting the conduct at issue in the Court's February 10, 2022 Show Cause Order, the Court's April 18, 2022 Order focuses on statements in Defendants' filings regarding a particular surgeon with whom Plaintiff had a consultation on April 7, 2022. Specifically, the Court observed: "Now for seven weeks, DOJ attorneys have represented that the BOP has scheduled an appointment with a surgeon for a consultation for GCS—despite the fact that BOP was 'advised that Surgeon 1 refers patients out to other providers for vaginoplasty and was advised the contractor would find out who those providers are.'" Dkt. 238 at 29-30. The Court ordered: "[T]he DOJ attorneys shall address their continued representations in Docs. 204, 212, 220, 221, 227, 229, and 231. It was not until the seventh status report that DOJ attorneys clearly represented that the first surgeon merely 'refers patients out to other providers for vaginoplasty.' (Doc. 233)." Dkt. 238 at 30.

8. On behalf of the Department of Justice, I apologize to the Court and to Ms. Iglesias and her counsel for any confusion caused by Defendants' failure to more clearly and prominently highlight and explain what Defendants learned regarding the procedures Surgeon 1 personally performed and those that Surgeon 1 referred to others as part of a patient's treatment plan. I do not believe anyone on the team intended to mislead the Court or Ms. Iglesias. Nonetheless, given the way the April 7 consultation unfolded, I recognize why the Court and Ms. Iglesias have expressed concerns—and I again express my regret.

9. I personally was not aware that Surgeon 1 does not perform vaginoplasties, or even that there was any question about whether Surgeon 1 performs vaginoplasties, until the morning of April 8, 2022—the day after Ms. Iglesias's April 7, 2022 consultation appointment and the day we submitted our seventh status report indicating that "Surgeon 1 refers patients out to other providers for vaginoplasty." Dkt. 233 at 1. On the morning of April 8, 2022, I became aware that Surgeon 1

does not personally perform vaginoplasties when I received an email from our DOJ team passing along information about a conversation with Ms. Iglesias's counsel in which her counsel expressed their disappointment about Ms. Iglesias's April 7, 2022 consultation appointment. I had received and reviewed a draft of the Epplin Declaration filed March 4, 2022, which states that "BOP was also advised that Surgeon 1 refers patients out to other providers for vaginoplasty and was advised the contractor would find out who those providers are." Dkt. No. 212-1, ¶ 6. But I have no recollection of reading or focusing on that particular sentence. I regret that I did not notice the sentence indicating that Surgeon 1 refers patients out for the vaginoplasty procedure.

10. After learning of this fact on April 8 and following the Court's April 18, 2022 Order, I had multiple conversations with BOP's Acting General Counsel and with the Acting Assistant Director of the BOP's Reentry Services Division and worked closely with our team to try, once again, to chart a new course in this case. I was also in contact with Ms. Iglesias's counsel to express our strong desire to provide Ms. Iglesias with the care she needs and to work with them cooperatively to pursue that goal. As noted above, I was closely involved in the settlement discussions with Ms. Iglesias's counsel, including participating in multiple settlement calls and helping the parties reach a mutually agreeable settlement and a path forward for Ms. Iglesias to receive the care she needs. BOP has never before provided gender-confirmation surgery to an inmate in its custody. Providing that care to Ms. Iglesias will be an important milestone.

11. I understand the Court's frustrations and those of Ms. Iglesias and her counsel. Although I respectfully submit that there is no basis to impose sanctions, I deeply regret that there were delays and failures of communication in this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 30, 2022 in Washington, District of Columbia.

    /s/ Brian M. Boynton
Brian M. Boynton
Principal Deputy Assistant Attorney General
Civil Division
United States Department of Justice