UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, *et al.*,<br><br>    Defendants. | Case No. 19-cv-00415-NJR |

### [Joint Proposed] Order Appointing Special Master

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the issue of appointment of a Special Master. In its May 31, 2022 Stipulated Order (Doc. 269), the Court ordered the parties to confer with former U.S. District Judge G. Patrick Murphy no later than June 21, 2022, to discuss the terms of his appointment as Special Master and to prepare a proposed order reflecting the agreed-upon terms for the Court's signature. *Id.* ¶ 10.

The parties jointly submitted a proposed order on July 12, 2022. Doc. 281. The parties have consented to the Court appointing Mr. Murphy as Special Master. *See* Fed. R. Civ. P. 53(a)(1)(A). Mr. Murphy has filed the required declaration and the Court finds that there is no ground for disqualification under 28 U.S.C. § 455. Fed. R. Civ. P. 53(a)(2), (b)(3)(A). Thus, in accordance with Rule 53(b)(2), the Court directs the Special Master to "proceed with all reasonable diligence" and sets out the duties and other terms of the Special Master's appointment as follows:

**1. Selection of the Special Master:** The Court selects as Special Master in this case G. Patrick Murphy of the law firm Murphy & Murphy LLC in Marion, Illinois. Mr. Murphy has a wealth of experience as both a practitioner and former District Judge for the Southern District of Illinois. Mr.

Murphy's office is located at: 3415 Office Park Drive, Suite D, Marion, IL 62959. His office number is (618) 248-3236.

**2. Duties of the Special Master:** The Special Master shall have the following duties in this matter:

A.  To review and approve expenditures, including tax payments, from the Escrow/Trust Account[1] referenced in the parties' Settlement Agreement ("Settlement Agreement") in this matter, Doc. 267-2, and to determine whether such expenditures are appropriate under Paragraphs 1.b or 1.c of the Settlement Agreement.  Pursuant to paragraph 1.d of the Settlement Agreement, if either party disputes the approval or denial of an expenditure, the parties will have seven days to submit a written statement outlining their respective position to the Special Master;

B.  To direct payment of any approved expenditures from the Escrow/Trust Account;

C.  To direct reimbursement to the United States of any funds remaining in the Escrow/Trust Account after thirteen months from the date of Plaintiff's vaginoplasty surgery, per paragraph 1.d of the Settlement Agreement; and

D.  To undertake any other duties upon agreement of the parties and the Special Master.

**3. Non-Reviewability of Special Master Decisions:**  In accordance with Rule 53(f) of the Federal Rules of Civil Procedure, decisions made by the Special Master under paragraph (2) above are not reviewable by this Court nor subject to appeal.

**4. Authority of the Special Master:** The Special Master shall have the rights, powers, and authority provided in Rule 53, and may adopt such procedures as are not inconsistent with that Rule and this Order of the Court setting forth the duties of the Special Master.  In particular, the Special Master has the authority to:

---

[1] The Escrow/Trust Account may be a trust account maintained by the Special Master.

    A.  Communicate and meet with counsel for the parties to discuss any issue relevant to the Special Master's duties as the need arises; and

    B.  Communicate *ex parte* with the Court at the Special Master's discretion, without providing notice to the parties, regarding topics relating to the duties of the Special Master under this Order such as (but not limited to) logistics; the nature of the Special Master's activities and progress; and other appropriate procedural matters.

    **5.  Nature of Materials Filed as Record of Master's Activities:** The Special Master shall maintain a record of any payments authorized to be made from the Escrow/Trust Account and shall provide such record to the parties within seven days upon request.  The record need not be filed unless ordered by the Court.

    **6.  Time Limits:** Unless otherwise ordered by the Court, the Special Master's appointment shall continue until all of the funds deposited by Defendants into the Escrow/Trust Account pursuant to paragraphs 1.b and 1.c of the Settlement Agreement have been spent or until any remaining funds have been returned to the United States pursuant to paragraph 1.d of the Settlement Agreement, whichever occurs first.

    **7.  Compensation of the Special Master:** The Special Master shall receive $500 per hour to accomplish the objectives set forth in this Order.  All reasonable expenses incurred by the Special Master in performing his duties shall be reimbursed.  The Special Master's fees and expenses shall be borne by Defendants, and shall under no circumstances be paid from the Escrow/Trust Account established under the Settlement Agreement.  The Special Master shall maintain normal billing records of his time, with reasonably detailed descriptions of the activities and matters worked upon.

    **IT IS SO ORDERED.**

    **DATED:**  July \_\_\_\_, 2022

4

                                                     _____
                                                     **NANCY J. ROSENSTENGEL**
                                                     **Chief U.S. District Judge**