UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRISTINA NICHOLE IGLESIAS (a.k.a. CRISTIAN NOEL IGLESIAS),<br><br>    Plaintiff,<br><br>    v.<br><br>IAN CONNORS, *et al.*,<br><br>    Defendants. | Case No. 19-cv-00415-NJR |

**JOINT STATUS REPORT**

The parties respectfully submit this Joint Status Report pursuant to paragraph 9 of the Court's May 31, 2022, Stipulated Order providing that the parties shall update the Court on significant developments related to the surgeries described in the Stipulated Order. Doc. 269.

**Ms. Iglesias's Return to Federal Custody**

As reported previously, Ms. Iglesias was scheduled for the first of two facial feminization surgeries on August 23, 2022, but that surgery was postponed after Ms. Iglesias left the Residential Reentry Center (RRC) without authorization and did not return. *See* Joint Status Rpt., ECF No. 293, at 1. At the time of the parties' last joint status report, Ms. Iglesias was being held in the custody of local authorities due to pending state criminal legal proceedings. *Id.*

According to the state court website, Ms. Iglesias's state charges were resolved on September 14, 2022.[1] In accordance with the detainer that had been lodged by United States Marshals Service (USMS), Ms. Iglesias was released by the state to USMS custody on September 21, 2022. *See* Decl. of Gregg Fearday ¶ 4. Currently, Ms. Iglesias is being temporarily housed at the Federal Detention Center

---

[1] Case information can be found at https://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx. The case number is 13-2022-CF-015268-0001-XX.

in Miami, Florida. *Id.* ¶ 5.

After being received back into federal custody, BOP updated Ms. Iglesias's sentence computation due to the pause in her sentence during her escape. *Id.* Her new projected release date is January 22, 2023, although that date is subject to change. *Id.* BOP is now in the process of designating Ms. Iglesias to a BOP facility for service of the remainder of her federal sentence. *Id.* The parties have conferred about where Ms. Iglesias will be housed, and BOP plans to transfer Ms. Iglesias to a facility near Chicago, Illinois, in an effort to facilitate an in-person consult and eventual surgery with Surgeon 2. *Id.* Plaintiff does not object to being relocated to a facility near Chicago.

**Surgeon 1**

BOP, through its contractor, has been in contact with Surgeon 1's office regarding rescheduling Plaintiff's surgeries. BOP reports that on September 7, 2022, in response to an earlier question from Surgeon 1's office about how likely it would be that Ms. Iglesias could proceed with facial feminization surgery in October 2022, BOP advised that at that time, Ms. Iglesias was in state custody, and it was unclear exactly when Ms. Iglesias would return to BOP custody. Fearday Decl. ¶ 6. It was therefore difficult to say with certainty if BOP would be able to send her for surgery with Surgeon 1 on the date proposed by Surgeon 1's office (October 7). *Id.* BOP advised that it would keep everyone updated and would do its best to cancel two weeks before the surgery date if necessary, as BOP understands and appreciates Surgeon 1 and her staff's time. *Id.* BOP requested that the October 7 appointment stay on the calendar at that time. *Id.*

On September 7, 2022, Surgeon 1's office advised that the October 7 date was already given to another patient and was no longer available. *Id.* ¶ 7. BOP was advised that Surgeon 1's staff would be meeting with Surgeon 1 that week to discuss the calendar for the rest of this year and would provide a new date for Ms. Iglesias, in November/December "hopefully if possible." *Id.* On September 8, BOP asked its contractor to schedule surgery, and the contractor responded to Surgeon 1's office,

2

"Thank you. We would like to get her back on the schedule to get the first surgery completed. We realize she will likely need another consult as well. Can you let me know what the availability looks like please?" *Id.*

Surgeon 1's office then responded on September 15, asking how soon Ms. Iglesias could proceed and if she was still in state custody. *Id.* ¶ 8. BOP responded on September 19, that Ms. Iglesias had not yet returned to BOP custody and that BOP was working to determine when Ms. Iglesias could proceed with Surgeon 1. *Id.* BOP advised that it would keep Surgeon 1's office updated and get back to them as soon as possible. *Id.* On September 20, BOP asked its contractor to confirm its understanding that the November/December dates would be for another consult and that any surgeries would not take place until next year. *Id.* BOP's contractor advised BOP that Surgeon 1's office did say another consult would be needed and that the surgeries are "booked out" for the remainder of 2022. *Id.*

### **Surgeon 2**

BOP, through its contractor, has been in contact with Surgeon 2's office to see if Surgeon 2 will move forward with Ms. Iglesias as a patient and schedule an in-person consult. Fearday Decl. ¶ 9. On September 15, 2022, BOP's contractor advised Surgeon 2's office that BOP would like to have something tentatively scheduled, and asked for dates for a face-to-face consult (or alternatively via telemedicine) and potential dates for the surgery as well. *Id.* ¶ 10. Surgeon 2's office responded the same day that until the patient is reviewed by Surgeon 2, the office is unable to provide a surgical date. *Id.* Surgeon 2's office advised they believed Surgeon 2 is booked until early next year for surgery but depending on the consult it could be sooner. *Id.* Surgeon 2's office then advised the next step for Ms. Iglesias is an in-person consult and asked whether either October 19 or October 26 would work as those are the next available options for scheduling. *Id.* On September 19, 2022, BOP, through its contractor responded that BOP would like to accept either of those appointments and that BOP will

3

continue to communicate as we move closer to the appointment dates, and will advise if any issues arise. *Id.* BOP later advised its preference would be for October 26 and was subsequently advised that the appointment is scheduled for that date. *Id.*

### Hair Removal

BOP reports that on September 29, 2022, for purposes of a treatment plan moving forward, BOP inquired with the dermatologist in Miami who had previously provided Ms. Iglesias with laser hair removal. Fearday Decl. ¶ 11. The dermatologist advised that Ms. Iglesias has completed four sessions; the first session was for one area of the body, and the last three sessions were for two areas. *Id.* The dermatologist recommends a series of six to eight sessions and then maintenance, the scheduling of which depends on how hormonal changes affect hair growth. *Id.* The dermatologist further advised that no laser hair removal is permanent, rather it is permanent reduction. *Id.* BOP is researching options for hair removal in Chicago.

Dated: September 30, 2022

RACHELLE AUD CROWE
United States Attorney

LAURA J. JONES
Assistant United States Attorney

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

/s/ Joshua Kolsky
JOSHUA M. KOLSKY
JOHN ROBINSON
Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: 202-616-8489
E-mail: john.j.robinson@usdoj.gov

*Attorneys for Defendants*


/s/ L. Nowlin-Sohl (with consent)
**James Esseks**
**Taylor Brown**
**L. Nowlin-Sohl**
AMERICAN CIVIL LIBERTIES UNION
125 Broad Street
New York, NY 10004
(212) 519-7887
jesseks@aclu.org
tbrown@aclu.org
lnowlin-sohl@aclu.org

**Frank Battaglia**
**Shannon Lemajeur**
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600
fbattaglia@winston.com
slemajeur@winston.com

**Angela M. Povolish**
FEIRICH MAGER GREEN RYAN
2001 West Main Street
P.O. Box 1570
Carbondale, IL 62903
(618) 529-3000
apovolish@fmgr.com

*Attorneys for Plaintiff Cristina Nichole Iglesias*